```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                         CHARLESTON DIVISION


UNITED STATES OF AMERICA        :
                                :
         vs.                    :
                                :
DYLANN STORM ROOF               :    2:15 - CR - 472


         Bar Meeting in the above matter held on Thursday,

    October 1, 2015, commencing at 10:09 a.m., before the

    Hon. Richard M. Gergel, in the United States Courthouse,

    Courtroom VI, 85 Broad St., Charleston, South Carolina,

    29401.



APPEARED ON BEHALF OF THE UNITED STATES:

    JAY N. RICHARDSON, ESQ., 1441 Main St., Columbia, SC.

    NATHAN WILLIAMS, ESQ., P.O. Box 978, Charleston, SC.


APPEARED ON BEHALF OF THE DEFENSE:

    DAVID I. BRUCK, ESQ., Washington & Lee School of Law,
    Lexington, VA.

    MICHAEL P. O'CONNELL, ESQ., 109 Wappoo Creek Dr.,
    Charleston, SC.




           REPORTED BY DEBRA L. POTOCKI, RMR, RDR, CRR
         Official Court Reporter for the U.S. District Court
                           P.O. Box 835
                       Charleston, SC  29402
                          843/723-2208
```

1          THE COURT:  Mr. Richardson, call your next case,
2     please, sir.
3          MR. RICHARDSON:  Thank you, Your Honor.  United
4     States versus Dylann Storm Roof, Criminal No. 2:15-472.  We're
5     here for the bar meeting, Your Honor.
6          THE COURT:  Very good.  Good morning, Mr. Bruck, good
7     to have you here before us.
8          MR. BRUCK:  Morning, Your Honor.
9          MR. O'CONNELL:  Good morning, Your Honor.
10         THE COURT:  Good to have all defense counsel here.
11      I have filings, Dockets No. 60 and 61, waiving appearance
12    at the bar meeting, Mr. Bruck.
13         MR. BRUCK:  Yes.
14         THE COURT:  And waiving your right to a speedy trial,
15    is that correct?
16         MR. BRUCK:  Yes.
17         THE COURT:  We'll address the specific issues in just
18    a minute about any continuance.  But I want to confirm those
19    are on the record, and that explains the defendant's absence,
20    correct?
21         MR. BRUCK:  Yes.
22         THE COURT:  Very good.  Let me first address some
23    matters to the Government, and then I'll address to you,
24    Mr. Bruck.
25       Mr. Richardson, give me a status report; where are we?

1               MR. RICHARDSON:  Your Honor, in this -- you know, the
2     current posture is we are continuing to work on the case, the
3     investigation is ongoing to some degree.  We've provided
4     extensive discovery to defense counsel July the 31st.  We
5     provided more than 15,000 pages of discovery, along with
6     electronic audio/video type evidence.  On September the 16th
7     we provided an additional round of discovery, which included
8     more electronic evidence, as well as thousands more pages of
9     documents.  That process is ongoing, although --
10              THE COURT:  I was about to say, so we can anticipate
11    there's more to come?
12              MR. RICHARDSON:  As in every case, Your Honor.  I can
13    tell you the investigation is ongoing, and by nature, that
14    means there's discovery continuing to be created.  I will also
15    say there is some material that has not yet been produced,
16    particularly of the electronic variety, that is just going
17    through that processing.  We would anticipate that that is not
18    long off from being produced, but it has not yet been
19    produced.  It's being worked on.
20              THE COURT:  What kind of timeline are we talking
21    about?
22              MR. RICHARDSON:  I think with respect to the
23    information that previously existed, again, not talking about
24    information that's --
25              THE COURT:  Can't produce what you don't yet have.

1           MR. RICHARDSON: I would anticipate that we'd be able
2    to do that in the next month. That's a little hard for me to
3    say, because some of it is a technical challenge, given the
4    volume of data and how we convey that, whether we're going to
5    have hard drives that are large enough to do that, whether we
6    need to make some of those, perhaps less critical pieces of
7    evidence available for viewing. That's a question that we're
8    trying to resolve. We're trying to provide it all, because
9    obviously that would be easier for defense counsel. There may
10   be some instances where that is difficult. But I would
11   anticipate that that would be something we'd be able to do, at
12   least substantially within the next month.
13          THE COURT: Well, obviously defense counsel have a
14   lot on them, they have a lot of work to do, and the sooner you
15   get them the information, the sooner we'll be ready for trial.
16   Correct? I mean --
17          MR. RICHARDSON: That's absolutely right. And I can
18   tell you that the core of the discovery, I mean, we're really
19   now talking about the things that are several steps removed,
20   and in many instances, I would argue are irrelevant. We're
21   going to provide them, don't get me wrong, but the core
22   information that's relevant to the case, has been provided.
23       There are additional matters. But I do want the Court to
24   be clear that we have provided the core of the case, the vast
25   majority.

1           THE COURT: And you are diligently working towards
2    completing that.
3           MR. RICHARDSON: Absolutely. We have a team of
4    people that are working on completing that. We've done, I
5    think, the vast majority of that. As in every case, there are
6    clean-up matters and then the technical issues with some of
7    the electronic information. But I would anticipate that
8    that's going to be, you know, wrapped up relatively soon. And
9    then, you know, we'll obviously have a role in discovery that
10   continues on.
11          THE COURT: Well, the Government's given notice of
12   the potential for this being a capital case, but has not yet
13   made a decision. I know there's a process within the
14   Department of Justice on that. Where are we on that?
15          MR. RICHARDSON: Your Honor, with respect to the
16   notice, I don't think the Government's provided any notice
17   particularly, but the grand jury returned an indictment --
18          THE COURT: That's what I mean, the grand jury
19   indictment.
20          MR. RICHARDSON: That process is ongoing. Without
21   going into the details of that deliberative process, what I
22   can tell you is we are working diligently on that. It is a
23   process that does take some time, it's a thoughtful process
24   that requires input from an array of sources, as well as
25   consideration by a number of people. And we are diligently

1    pursuing that as well.  I don't have an estimate for Your
2    Honor as to when that would be completed, or when that process
3    would be at a point where I could tell the Court when it is
4    completed.  As the Court is aware, that decision is ultimately
5    made by the Attorney General, and her schedule and timing and
6    information she wants, obviously, will dictate that at the end
7    of the day.
8              THE COURT:  There are a lot of reasons, obviously, we
9    want it done as quickly as can reasonably be accomplished.
10   I'm in the midst of preparing to approve a tentative budget
11   for this matter.  And to the extent it's not a capital case,
12   that's a highly relevant matter, and it is not inexpensive.
13   And I never like wasted effort.  And to the extent -- This is
14   one of those things where time matters.  And Mr. Bruck and Mr.
15   O'Connell, they're very experienced at this, and they're going
16   forward with the reasonable assumption this is a capital case.
17      Mr. Bruck, you've got do that, right?  You don't have a
18   choice.
19             MR. BRUCK:  Until we hear otherwise.
20             THE COURT:  Until you hear otherwise, you don't have
21   a choice, y'all just got to do what you got to do.  And that's
22   my concern, is it's y'all's decision to make, but the longer
23   it lingers, you know, it leaves a lot in doubt in this case.
24   So if you would just communicate to those up the line who will
25   make it, and I understand, Mr. Richardson, you're not the one

1     to make it and you don't set the schedule for the Attorney
2     General.  But if you would communicate the Court's urging that
3     the process proceed as -- you know, I want it to be
4     deliberative and all that, I'm not trying to rush a decision,
5     but I want it to be done as soon as can reasonably be
6     accomplished.  I want it to be a priority in the Department,
7     because there are a lot of wheels that move based upon that
8     decision.
9              MR. RICHARDSON:  I will certainly convey that, Your
10    Honor.  I can tell Your Honor, in my dealings with the
11    Department of Justice on this, all the way to the highest
12    level, that this is an absolute priority for the Department,
13    and it is something that is not sitting on the back burner by
14    any stretch of the imagination.
15             THE COURT:  We just had a case I'm getting ready to
16    try this next trial term, which was a potential capital case,
17    and we had to go through the process, and ultimately a
18    decision was made not to make it a capital case.  And it did
19    affect, you know, my defense counsel's efforts and strategies.
20    It was a difficult case no matter what, and we're proceeding
21    with it, but it took awhile.  I mean, I'm aware in a case that
22    perhaps wasn't as high a profile as this one, that the
23    Department takes its responsibilities very seriously, as it
24    should.
25          So just encourage them to move it along.  And I understand

1    that a lot of, you know, that the Court -- if you'll just
2    indicate the Court is concerned about this.
3             MR. RICHARDSON:  I will absolutely do that, Your
4    Honor.
5             THE COURT:  Any matter you think you need to bring to
6    my attention now, that you would like me -- you think I might
7    need to address?
8             MR. RICHARDSON:  Your Honor, the only issue the
9    Government has for today is the context of the continuance of
10   the case and the need, as the Court is well aware, to create a
11   fulsome record under 3161(h)(7), of the reasons why the ends
12   of justice justify a continuance in this case.
13      We do want to address that, just to make sure that that
14   record is clear.  But beyond that, that's the only issue that
15   the Government has.
16            THE COURT:  Well, Mr. Richardson, because you're in
17   Columbia, you don't get the daily -- you know, every two-month
18   roster meeting with me, and I wear everybody out by making
19   full findings under the Speedy Trial Act, to the extent that
20   my court reporters sometimes roll their eyes as I begin
21   explaining on each one which parts of the Speedy Trial Act
22   basis of my decision.  So don't worry about that, we will do
23   that.  And if there's more needs to be done, I'm sure you'll
24   raise it with me.
25      Anything further?

1           MR. RICHARDSON:  Nothing, Your Honor.

2           THE COURT:  Mr. Bruck?  Obviously one purpose here is

3    issue of the Speedy Trial Act, and we'll get to that in a

4    moment.  Are there matters that need my attention, or that you

5    would like me to address today, or any matters you think I

6    should know about that you think I perhaps do not know?

7           MR. BRUCK:  No matters that require the Court's help

8    or action for today.  I wanted to only add one comment to

9    Mr. Richardson's description of the discovery process.  The

10   Government does appear to us to have been proceeding as

11   expeditiously as possible.  There's been an enormous amount of

12   discovery in this case.

13      I would like to make it clear on that, although the

14   initial discovery disclosures on July 31st were very very

15   voluminous, the real bulk, the substantive discovery, FBI

16   302s, the things that we really needed in the case, were all

17   contained in the second disclosure on September 16, which is

18   to say we've only had two weeks with the real bulk of the

19   discovery today.

20      And that's in no sense a criticism of the Government.

21   They are furnishing the material to us absolutely as soon as

22   they get it.  This case is being handled in Washington, we

23   understand that.  I just say that to make clear to the Court

24   that the real discovery was not two months ago.

25           THE COURT:  Right.  And no matter where this case

1     goes, what you're now getting, you have to -- you and

2     Mr. O'Connell have to get into, you have to dig into, you have

3     to respond to it, et cetera, right?  No matter where this case

4     goes.

5              MR. BRUCK:  Exactly.

6              THE COURT:  Okay.  Talk to me about -- obviously your

7     client has a right to have this case called for trial.  I take

8     it you don't wish me to do that.

9              MR. BRUCK:  No.  We understand and the client accepts

10    that it's going to take us enough time to get our arms around

11    the case and understand specific details of the allegations

12    and evidence in the case.  This is not a case that could

13    possibly be tried within the Speedy Trial Act limits, in our

14    view.

15             THE COURT:  I rarely will find one, Mr. Bruck.  I had

16    a surprising development in one case where the lawyer stood up

17    and announced he was ready for trial, and I said, you're on

18    for next week.  And I saw his associate sitting next to him

19    pulling on his jacket; and sure enough, within a day I had a

20    call for a continuance.  So I wasn't expecting that.

21       I don't want to drag you over here needlessly for -- I

22    have a roster meeting call every two months.  And to the

23    extent that it merely involves what I think is going to take

24    some time, I don't want to waste effort.  So tell me what type

25    of continuance the defense would like, and tell me the basis

1    of why you would need that continuance.

2            MR. BRUCK:  Well, Mr. Richardson and I discussed this

3    earlier, and we would be satisfied at this point simply to

4    carry the case over for the next term, and address where we

5    are then.  We may know --

6            THE COURT:  That's every two months.  And I don't

7    have any problem doing that, and I -- you know, what -- and I

8    don't mind doing just periodically doing these same kind of

9    hearings.

10       Let me just say, I think both of you know this, that we

11   don't need -- to the extent something arises that needs to be

12   addressed, we do not need to wait for the next roster meeting

13   to address it.  If you'll let me know about that, I'm pretty

14   prompt on responding to things.  But if it's helpful to have

15   this sort of set up every two months, I'm game, I mean, I'm

16   fine with that.

17           MR. BRUCK:  I don't know we need to commit to every

18   two months.  I think our sense is that in two months we will

19   have a better sense of the timing of this case going forward.

20   So if we were to hold the case open this one time, two months

21   from now we might be able to make a more informed assessment.

22           THE COURT:  So we're talking it's now October 1st,

23   early December.

24           MR. BRUCK:  Early December, correct.

25           THE COURT:  Mr. Richardson, does that make sense to

1    you?

2            MR. RICHARDSON: It does, Your Honor. Mr. Bruck is
3    exactly right. I think one term, whether -- I'm not sure,
4    maybe your terms are -- I can't remember exactly your --

5            THE COURT: Every two months. I have a rolling trial
6    term, I never quit.

7            MR. RICHARDSON: No, I totally understand that, but I
8    didn't know whether your next term was a November-December
9    term or an October-November term.

10           THE COURT: Next one is a November-December term, but
11   we have it in early December for January.

12           MR. RICHARDSON: I think that would be an appropriate
13   time to have that. I do think Mr. Bruck is correct in the
14   context I would not anticipate long term that we would need to
15   do that every two months. But I'm hopeful that there's some
16   benefit to having at least this next one and maybe there's one
17   more after that, where we have a little bit of time, we're
18   able to update the Court on any timing questions that you
19   might have, and address any small issues that come up.

20           THE COURT: I have, on some of my complex cases, we
21   have set up regular status conferences in civil cases, not
22   criminal. Criminal kind of take care of themselves with the
23   roster meetings. And in some times we've, you know, not had
24   them, and then other times we've done it earlier, because
25   issues have arisen. So even if we end up continuing beyond a

1     certain term, we may want to set up periodic times in front of
2     the Court, which we can cancel if there are not issues.
3          I just think that what I don't want to have here is have
4     issues which are slowing one of the parties down, not
5     resolved, and that kind of creates a logjam in the case.  I
6     don't want to be part of the problem, I want to be part of the
7     solution of getting these things ready.
8          So I am not -- I am, as they say, you have to trust
9     anybody from government who says this, I'm just a phone call
10    away, I'm here to help you, but I am.  I'm here to help y'all
11    resolve things you can't resolve among yourselves.  Obviously
12    this is very experienced counsel on both sides, y'all have
13    been around the track a few times, so a lot of this stuff
14    y'all will just work out among yourselves.  But if you can't
15    work it out, I am available on fairly short notice.  Okay?
16         So, Mr. Bruck, you are asking for a continuance for the
17    next term, which is a January 2016 term, is that correct?
18              MR. BRUCK:  Yes, Your Honor.
19              THE COURT:  And I take it that as a result of having
20    just received this case, that one of the factors that you
21    would like me to consider is to provide you adequate time to
22    prepare for trial, is that correct?
23              MR. BRUCK:  Yes, sir.
24              THE COURT:  And you would also -- you've also
25    identified this because of the volume of discovery, that this

1  is -- and other issues in the case, that it is a complex
2  matter, is that right?
3              MR. BRUCK:  Absolutely, yes, sir.
4              THE COURT:  Are there any other factors you would
5  like me to consider in terms of addressing the Speedy Trial
6  Act matter?
7              MR. BRUCK:  I think that those two cover it.
8        Excuse me.
9              THE COURT:  Got your real lawyer there, Mr. Bruck.
10         (Brief interruption in proceedings.)
11             MR. BRUCK:  I think under the statute, Mr. O'Connell
12 points out, there is also a concurrent state prosecution.
13 What effect that has is debatable.
14             THE COURT:  We're going to talk about that in just a
15 minute, by the way.
16        First of all, Mr. Richardson, any other matters you would
17 like the Court to address, other factors that might support
18 the defendant's request for a continuance?
19             MR. RICHARDSON:  No, Your Honor, I think you've
20 covered it.  The one thing I feel like I at least should
21 mention, the Court may want to consider in weighing that, is
22 the Crime Victim Rights Act.  The victims have a right to not
23 have proceedings with unreasonable delay.  Certainly we don't
24 think that applies here, but I at least note that for the
25 Court, so the Court is aware, in weighing that, that that is

1     something the Court may consider as part of that, in weighing
2     that determination.
3            THE COURT:  Are you aware of any victims who would
4     oppose a continuance to January?
5            MR. RICHARDSON:  None, Your Honor.  I mention that
6     more for the record than anything else.
7            THE COURT:  Well, I obviously do -- I would obviously
8     consider that.  It is a factor, particularly after awhile,
9     I've had victims in cases come and attend the roster meeting,
10    and the lawyers don't seem to appreciate it, but I think it's
11    just fine for them to come, myself.
12           MR. RICHARDSON:  I will tell the Court, we've
13    encouraged them to be here today.  One representative of one
14    of the victims is here with us today, and so they have been
15    notified, we've encouraged them and continued to encourage
16    them to show up to any and all hearings.
17           THE COURT:  Well, they have a right to have their
18    voices heard in this.  And the Court will certainly provide
19    that.  So I wish you would continue to give them that notice
20    at each of these meetings.  And to the extent that even if you
21    think a continuance is proper, but there's some disagreement,
22    I'm glad to hear from the family or representatives of the
23    family about that.  I mean, you'll let them know that.
24           MR. RICHARDSON:  We will do so, and I can assure the
25    Court that were we aware of any such thing, we would convey

1   that to the Court on their behalf.

2          THE COURT: I do find on the matters that have been
3   presented to me and the record presented to me, that the ends
4   of justice are served by a continuance, and outweigh the best
5   interests of the public and the defendant in a speedy trial.
6   And specifically, the recent production of the voluminous
7   discovery, some of the most material discovery, the complexity
8   of the case and the need of defense counsel to be adequately
9   prepared, all support the finding of the Court. And the Court
10  thus grants the defendant's motion for a continuance into the
11  January 2016 term.

12     Now, let's talk about what's going on with the State,
13  because obviously this is not a common feature of having
14  parallel proceedings. And as they will say, I know when I
15  read in the newspapers that there is a schedule of a July 2016
16  State trial? Anybody know anything about that?

17          MR. RICHARDSON: There is a scheduled July 2016 trial
18  date.

19          THE COURT: You know as much as I do. You probably
20  know more than I do.

21          MR. RICHARDSON: Your Honor, I think the information,
22  I think your information is good on that score. I think
23  that's about all the information.

24     We have been working closely with the Solicitor's office
25  on a variety of different levels, and have continued to do so.

1     But I don't think that I have any update on that beyond -- I
2     think there is a July 2016 trial schedule.
3               THE COURT:  And is there any discussion going on
4     about sort of who goes first?
5               MR. RICHARDSON:  I would say there's some discussion,
6     yes, Your Honor.
7               THE COURT:  And I take it from that response, there's
8     no resolution of that discussion.
9               MR. RICHARDSON:  I don't have any updates, Your
10    Honor.
11              THE COURT:  Okay.  Mr. Bruck, do you have any
12    thoughts or anything to contribute to this?
13              MR. BRUCK:  Well, I would point out that the State,
14    as the Court is aware, has announced its intention to seek the
15    death penalty.  For that reason, I think any initial -- that
16    always extends the life of the case a lot.
17         The July trial setting, I think, is the initial one, and
18    we all know that those --
19              THE COURT:  In your experience, do those things get
20    changed?
21              MR. BRUCK:  In my experience, those things get
22    changed.
23              THE COURT:  You're not in this case.
24              MR. BRUCK:  I'm not speaking from inside knowledge,
25    I'm just saying what we all know.

1      On the federal side, the only reason this case is complex,
2   and the only reason we are moving for a continuance, is the
3   possibility of the death penalty. But for that, it would not
4   be complex, and the case would be over almost immediately, for
5   reasons which we announced at the --
6            THE COURT: I spoke to my magistrate about that.
7            MR. BRUCK: Yes. So there are unknowns on both
8   sides, I guess, is what I'm saying.
9            THE COURT: Welcome to life, right?
10           MR. BRUCK: Amen.
11           THE COURT: Okay. Folks, I do think that I'm going
12  to be asking at every meeting we have, issues, if there's a
13  desire for continuance, why we need that, and about this
14  parallel proceeding. Again, I just don't like to waste
15  effort, okay? And I'm going to -- this comes as a surprise to
16  no one. That to the extent there is -- the Government seeks
17  death, I'm going to provide every resource reasonably
18  necessary to provide an adequate defense. You know, reaching
19  out of state to bring Mr. Bruck here, who I've known for 30
20  years, I have immense respect for him and Mr. O'Connell. I
21  have also great respect for Mr. Richardson. We're going to
22  make sure the defendant has his rights protected. And it's an
23  expensive enterprise to do it. And to the extent we're not on
24  that track, we need to know it sooner, not later, right? I
25  mean, that's just what we need to know.

1      And to the extent there is a resolution that one of the
2  state or federal agencies is going to go first, I'd like to
3  know that soon.  Okay?  That's a relevant feature in this.
4      And so, Mr. Richardson, you all come armed at each
5  meeting, if you've had discussions either or both of those,
6  that you're going to share those with the Court in a way that
7  you're able to do that.
8           MR. RICHARDSON:  I'll certainly do so, Your Honor.
9           THE COURT:  Mr. Bruck, anything that needs my
10 attention?
11          MR. BRUCK:  No, Your Honor.
12          THE COURT:  Very good.  Okay.  Well, I've got a
13 feeling we'll see each other again soon.
14     So with that, the hearing is adjourned.  Thank you very
15 much.
16
17     (Court adjourned at 10:28 a.m.)
18
19
20
21
22
23
24
25

REPORTER'S CERTIFICATION

I, Debra L. Potocki, RMR, RDR, CRR, Official Court Reporter for the United States District Court for the District of South Carolina, hereby certify that the foregoing is a true and correct transcript of the stenographically recorded above proceedings.

S/Debra L. Potocki
_____
Debra L. Potocki, RMR, RDR, CRR