IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**AMENDED MOTION TO SEAL AND MEMORANDUM IN SUPPORT**

Comes now the defendant through his attorneys who asks this Court for leave to file a motion for a protective order and its five exhibits under seal in accordance with Local Crim. Rule 49.01(B) (D.S.C.). Defendant also asks that if the Court grants his motion to seal, the Court should require the government to file its response under seal.

Pursuant to Local Crim. Rule 49.01(B)(1)(a), the documents which the defendant wishes to file under seal are the motion for a protective order and its five exhibits which are: (1) a subpoena *duces tecum* issued at the request of the Assistant United States Attorney; (2) an unpublished order from the District of Idaho; (3) An unpublished order from the District of Colorado ; (4) a letter written by defendant's counsel dated October 8, 2015; (5) a letter dated October 19, 2015 in response to the October 8th letter.

Pursuant to Local Crim. Rule 49.01(B)(1)(b) the defendant seeks to file the motion for a protective order under seal because the motion itself reveals the existence of attorney work-product material, and public disclosure of the motion would itself lead to prejudicial disclosure of the very material that is the subject of the motion, thus rendering the motion moot.

1

Pursuant to Local Crim. Rule 49.01(B)(b)(1)(c) the defendant, in his counsel's letter dated October 8, 2015 (Ex. 4 to Motion for Protective Order) proposed a negotiated agreement which would have obviated the need for a protective order. This proposal was rejected in the letter to Defendant's counsel dated October 19, 2015 (Ex. 5 to Motion for a Protective Order).

Local Crim. Rule 40.01(B)(1)(d) requires Defendant's counsel to address the factors governing the sealing of documents reflected in controlling case law. The Fourth Circuit held in *Ashcraft v. Conoco,* 218 F.3d 288 (4th Cir. 1984) that

> before a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id* at 302. (interior cites omitted).

Public notice of the request to seal will occur when this motion is filed by means of the Court's ECF system. Defendant's counsel in his letter dated October 8, 2015 (Ex. 4 to the motion for protective order) attempted to achieve a less drastic means than filing a sealed motion for a protective order. If the demand in the October 8, 2015 letter had been agreed to by the recipient, no sealed motion would have been necessary. However, reflected in the letter dated October 19, 2015 (Ex. 5 to the motion for a protective order), the recipient would not agree to counsel's demand. Counsel's October 8, 2015 letter and the recipient's refusal to agree to the request in his October 19, 2015 letter satisfies the requirement that a less drastic means than sealing the motion for a protective order be considered.

As for the requirement that an order to seal be based upon specific reasons, the motion itself reveals the existence of privileged attorney work-product which would, if publicly filed, render moot the request for a protective order and unfairly prejudice the defendant. This circumstance justifies the sealing of the motion and attachments.

Pursuant to Local Crim. Rule 49.01(B)(2)(b), counsel hereby certify that they have complied with Local Crim. Rule 49.01(B).

Counsel is hand delivering to the Court's chambers pursuant to Local Crim. Rule 49.01(B)(3) "Confidential Information to be Submitted to Court in Connection with Motion to Seal".

            Respectfully Submitted,

October 20, 2015       s/ Michael P. O'Connell
              Stirling & O'Connell
              PO Box 828
              Mt. Pleasant, SC 29465
              Federal ID # 2950
              843-577-9890 telephone
              843-577-9826 facsimile
              moconnell@stirlingoconnell.com

              David I. Bruck
              Washington & Lee School of Law
              Lexington VA 24450
              Federal ID # 1536
              540-458-8188 telephone
              bruckd@wlu.edu