IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | No. 2:15-cr-00472 |
| vs. ) | |
| ) | |
| Dylann Storm Roof, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

This matter is before the Court on Defendant's motion for leave to file a motion for protective order under seal. (Dkt. No. 70). For the reasons stated below, the motion is GRANTED.

A trial court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). There is a presumption in favor of public access. *Id.*; *see also In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) (First Amendment right of access applies in criminal cases). Thus, before a district court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302.

Here, Defendant publically filed a motion to seal on ECF, providing notice of the request and allowing parties to object. The Government has filed an objection. (Dkt. No. 74). No other

objections have been filed. Defendant requests that the motion for protective order be sealed because (1) "the motion itself reveals the existence of attorney work-product material" and (2) "public disclosure of the motion would itself lead to prejudicial disclosure of the very material that is the subject of the motion." (Dkt. No. 70 at 1). The Court has reviewed the motion for protective order *in camera*. With regard to the first argument, the Court finds that the motion reveals some work product, but that such work product could be protected by a less drastic alternative, namely redacting the motion appropriately.[1]

However, with regard to Defendant's second argument, the Court finds there are no less drastic alternatives to sealing the motion. The Court agrees that filing the motion publically, before the Court has an opportunity to address it, could lead to the prejudicial disclosure of the very material that the motion seeks to protect. Here, the Defendant's right to have the Court address the motion for protective order, without having it mooted, outweighs the public's right of access. There is simply no way to avoid this potential problem other than by sealing the motion.[2] Therefore, the Court grants the motion.

For the reasons stated above, Defendant's motion for leave to file under seal (Dkt. No. 70) is **GRANTED**. Defendant may file his motion for protective order under seal. **IT IS**

---

[1] For example, redacting paragraph 10 of the motion and related statements.

[2] While the Defendant's interests currently outweigh the public's right to access, this may not always be the case. Once the Court has had an opportunity to address Defendant's motion and, if appropriate, issue a protective order, the balance of interests may be different. Similarly, once trial in this matter has been completed, the balance of interests may be different. Thus, this Order does not foreclose the possibility that a party could later move to unseal the motion for protective order.

**FURTHER ORDERED** that the Government must file its response to the motion for protective order under seal.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Judge

November 3, 2015
Charleston, South Carolina

-3-