IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

## DEFENDANT'S PROPOSED RULE 12.2 PROCEDURES

Pursuant to the Court's Order of June 7, 2016, Dkt. No 179 at 2, ¶ 5, the defendant Dylann Storm Roof, through counsel, hereby submits the following proposed procedures to govern notice and a possible government rebuttal mental health evaluation under Rule 12.2(b)(2) and -(c)(2), Fed. R. Crim. P. Counsel will brief the issues raised by the government's anticipated Rule 12.2 proposals on or before July 1, 2016, as the Court has directed. *Id.*

Counsel for the defendant and the government have conferred at length in an effort to reach agreement on the Rule 12.2 procedures to be followed, but have been unable to agree on a number of important issues. The defense therefore proposes that the Court adopt, with a few modifications, the procedures implemented by Judge Joseph Anderson in *United States v. Fulks & Basham*, Dkt. No. 284, 4:02-cr-00992 (Jan. 8, 2004). A copy of Judge Anderson's *Fulks* order is attached hereto as Exhibit 1.

1

Specifically, the defendant proposes that the Court's Rule 12.2 order provide as follows. These procedures are taken verbatim from *Fulks* except for additional text indicated by underlining.

### A. Timing and Content of the Defendant's Rule 12.2(b)(2) Notice

(1) Not later than July 11, 2016, see Dkt. No. 180, ¶ 2, the defense will file a notice stating its intent to present expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case. That notice will be accompanied by a sealed supplemental notice containing the kinds of mental health experts the defense presently intends to call, and the specific tests those experts have performed.

(2) The defense may move to supplement its sealed notice until and including September 12, 2016.[1]

---

[1] This provision reflects that the defense evaluation cannot be completed by the Rule 12.2 notice date of July 11. In permitting reasonable supplementation until just under 60 days before jury selection begins, this provision is similar to – although much more favorable to the government than – one ordered by the District Court for the Eastern District of Michigan in *United States v. O'Reilly*, Case 2:05-cr-80025-VAR-RSW, Dkt. No. 444 (Feb. 19, 2010) (attached hereto as Exhibit 2). The *O'Reilly* court set a Rule 12.2 notice date of March 8, 2010, *id.* at 4, ¶ 1, but allowed the defense to submit requests to supplement the notice until May 15, 2010, *id.* at 5, ¶ 3. The *O'Reilly* order reflects that jury selection was to begin on June 1, 2010, *id.* at 4, ¶ 1, meaning that the Rule 12.2 notice date was less than three months before trial, and that the court would consider defense requests to supplement the notice until 16 days before trial.

The *O'Reilly* order is a detailed treatment of the issues that frequently arise in capital proceedings under Rule 12.2, and resolves most of them in a manner that is substantially similar to Judge Anderson's order in *Fulks*.

**B. Conduct of Government Rebuttal Evaluation**

    (1)    *Type of Testing*.  Government experts must conduct comparable testing on the defendant.  Therefore, the government will not subject the defendant to testing of a different nature than the testing performed by defense experts.  The government's experts shall not identify more than one test for the purpose of measuring the same mental function.

    (2)    *Presence of Counsel*.  Defense counsel is entitled to be present during the Rule 12.2(c) mental examination, <u>and defense counsel may electronically record the government experts' examination.</u>[2]  However, the examiners have no duty to accommodate defense counsel's schedule.  The government is required to provide defense counsel three (3) days' notice prior to conducting any Rule 12.2 examination.

    (3)    *List of Tests*.  The government must provide defense counsel with a list of tests to be conducted on the defendant.  The defendant will have an opportunity to be heard prior to any mental health test being conducted, and the parties will

---

[2] <u>Standard 7-3.6(d), ABA CRIMINAL JUSTICE STANDARDS, *Procedures for conducting mental health examinations*: "All court-ordered evaluations of defendant initiated by the prosecution should be recorded on audiotape or, if possible, on videotape, and a copy of the recording should be provided promptly to the defense attorney. The defense may use the recording for any evidentiary purpose permitted by the jurisdiction. If the defense intends to use the recording at trial, it should notify the court. Upon receiving notice, the court should promptly provide to the prosecution a copy of the recording.  Upon defense motion, the court may enter a protective order redacting portions of the recording before it is forwarded to the prosecution." http://www.americanbar.org/publications/criminal_justice_section_archive/crimjust_standards_mentalhealth_blk.html#7-3.4.</u>

3

attempt to reach agreement to avoid test overlap and the so-called "practice effect."

(4) *Test Results.* The results and reports of any Rule 12.2 examination will be sealed and shall not be disclosed to any attorney (government or defense) unless and until the defendant is found guilty of one or more capital crimes. If and only if the defendant, after his conviction, confirms his intent to rely on mental health evidence during the penalty phase will the results and reports of any Rule 12.2 examination be disclosed. First, the results and reports of the government's examination will be disclosed to the defense. Shortly thereafter, if the defendant re-affirms his intent to rely on mental health evidence during the penalty phase, the results and reports of the defendant's examination about which he intends to introduce expert evidence and the results and reports of the government's examination will be disclosed to the government. Fed. R. Crim. P. 12.2(c)(2), -(c)(3).

(5) *Use of Test Results.* No result or report of the government's examination of the defendants made in the course of such examination shall be introduced or used by the government for any purpose except to rebut expert testimony offered by the defense during the sentencing phase of the trial on the issue of the defendant's mental condition.

(6) *Electronic Monitoring.* The government will not electronically record any examination of the defendant, whether by audiotape or videotape, except with the express written consent of defense counsel.

(7) *Withdrawal of Mental Health Defense*.   The defendant may elect, at any time prior to presenting mental health evidence, to withdraw his intent to rely on mental health evidence, at which point the government has no right to use its rebuttal evidence.  Failure of the defendant to provide notice or to participate in a court-ordered examination or to confirm his first notice <u>may</u> result in forfeiture of the right to present mental health testimony at the penalty phase of the trial.

(8) *Medical Records*.  The government is entitled to the defendant's medical records.  However, the defendant is not required to provide the government with any material supplied to defense experts other than defendant's medical records, unless and until the defendant is required to disclose the results and reports from his own experts' Rule 12.2 examination about which the defendant intends to introduce expert evidence.  No more than ten (10) days after the government's examination or examinations have been completed, the defendant's mental health experts shall provide the government's experts with all of the defendant's medical records which the defendant's experts relied upon for their reports.  These records shall be treated by the government's mental health experts in the same fashion as provided in paragraphs four (4) and five (5) of this order.  Additionally, the government shall not use in its case-in-chief during the penalty phase of this prosecution any document described herein that the government received from the defendant or the defendant's mental health experts.

(9)   *Other Mental Health Examinations*.  The government shall provide the defendant, within ten (10) days of this order, with all documents in its possession pertaining to any mental health examinations performed on the defendant prior to the date of this order.  The government shall provide the defendant with any such records that it obtains during the course of the prosecution of the case, up to and including the penalty phase, not later than five (5) days after the government receives such records.  The government's mental health experts shall treat these records in the same fashion as provided in paragraphs four (4) and five (5) above.  Additionally, the government shall not use in its case-in-chief during the penalty phase of this prosecution any document described herein that the government received <u>only</u> from the defendant or from any of his mental health experts.

Respectfully submitted,

s/ *David I. Bruck*
David I. Bruck
Washington & Lee School of Law
Lexington, VA 24450
540-458-8188
bruckd@wlu.edu

Michael P. O'Connell
PO Box 828
Mt. Pleasant, SC 29464
843-577-9890
moconnell@stirlingoconnell.com

Attorneys for Dylann S. Roof