IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )    | Crim. No. 2:CR:15-472 |
| v.                           ) | |
| )    | |
| DYLANN STORM ROOF            ) | |

**JOINT MOTION TO AMEND THE COURT'S SCHEDULING ORDER REGARDING PRETRIAL DISCLOSURE OF EXPERT WITNESSES, AND LISTS OF WTNESSES AND EXHIBITS**

The Court's June 7 scheduling order required the defense to submit on or before June 27, 2016, "a memorandum of law setting forth any objections to the disclosure of experts not governed by Rule 12.2 whom the defense intends to use during the sentencing phase of the trial." Dkt. No. 179, ¶ 7, and also "a memorandum of law setting forth any objections to the disclosure of the Defendant's witness list prior to jury selection." Dkt. No. 179, ¶ 8.

Counsel for the defense and the government have conferred with a view to resolving disagreements regarding their respective obligations to disclose expert witness summaries and lists of trial witnesses and exhibits. The parties have reached an agreement, subject to certain revisions to the Court's June 9, 2016 pretrial scheduling order. Dkt. No. 180. The parties now move jointly that the Court make these revisions, which, if accepted, would render moot the defense's objections to being required to provide Rule 16(b)(1)(C) expert witness disclosures for defense penalty phase witnesses, and also to providing defense witness and exhibit lists prior to jury selection.

1

**Rule 16 expert disclosures.**  The parties jointly propose that ¶ 4 of the Court's June 9 scheduling order be revised as follows:

> The parties are directed on or before ~~July 22,~~ **August 22**, 2016 to make disclosure of guilt **and sentencing** phase non-mental health expert summaries required by Fed. R. Crim. P. 16(a)(1)(G) for the Government and 16(b)(1)(C) for the Defendant. Parties are directed to file on or before ~~August 15~~, **September 9,** 2016, any summaries for experts identified in response to the opposing party's ~~July 22,~~ **August 22**, 2016 ~~guilt phase~~ expert summaries. Any challenge to the testimony of such experts must be filed by the opposing party on or before ~~September 6,~~ **September 21,** 2016. All responses to the filings made on ~~September 6,~~ **September 21,** 2016 shall be made on or before ~~September 26~~ **September 28**, 2016.

As the Court will observe, these changes would afford the parties one additional month (from July 22 to August 22) to make Rule 16 expert witness disclosures, but would delay by only two days (from September 26 to September 28) the date on which any Rule 16 expert witness challenges or disputes would be briefed and before the Court for decision. If given this additional time, the defense will not press its objection to being required to disclose its non-mental health sentencing-phase expert witnesses.

**Disclosure of witness lists and exhibit lists prior to jury selection.**  The defense and the government have agreed that each sides' witness list and exhibit list for both the trial and sentencing phases of the case should be disclosed prior to jury selection, and that these lists shall be amended no later than October 31, 2016, to include any additional witnesses and related exhibits deemed necessary to respond to witnesses and exhibits identified in the parties' initial lists.

The parties have not agreed upon the date by which their initial lists should be furnished.  The government proposes a mutual exchange of initial witness and exhibit

lists on October 13, 2016. The defense requests that it be required to furnish its initial witness and exhibit lists one week after the government's initial lists have been provided to the defense, meaning that if the government's lists are furnished on October 13, the defense lists would be due on October 20. The government requests that if non-simultaneous disclosure is allowed, the dates should be October 10, 2016 for the government's lists, and October 17 for the defense.

The parties further request that today's due date for filing the defendant's memoranda on Rule 16 expert disclosures and defense witness lists, see Dkt. No. 179, ¶¶ 7-8, be stayed until two business days following disposition of this joint motion, on the understanding that should the Court grant the motion, both issues will be deemed moot.

Respectfully submitted,

s/ *David I. Bruck*  
David I. Bruck (ID #1536)  
Washington & Lee School of Law  
Lexington VA 24450  
540-458-8188  
bruckd@wlu.edu  

Michael P. O'Connell  
PO Box 828  
Mt. Pleasant, SC 29464  
843-577-9890  
moconnell@stirlingoconnell.com  
Attorneys for Dylann S. Roof  

Beth Drake  
Acting United States Attorney  

BY: s/*Julius N. Richardson*  
     s/*Nathan Williams*  
Julius N. Richardson (ID #9823)  
Nathan Williams (ID# 10400)  
Assistant United States Attorney  
1441 Main Street, Suite 500  
Columbia, SC 29201  
(803) 929-3000  
Jay.N.Richardson@usdoj.gov  

3