| STATE | CODE SECTION | DESCRIPTION OF CODE |
|---|---|---|
| Alaska | Alaska Stat. § 11.76.110 (1978) (Interference with constitutional rights) | A person commits the crime of interference with constitutional rights if (1) the person injuries, oppresses, threatens, or intimidates another person with the intent to deprive that person of a right, privilege, or immunity in fact granted by the constitution or laws of this state; (2) the person intentionally injures, oppresses, threatens, or intimidates another person because that person has exercised or enjoyed a right, privilege, or immunity in fact granted by the constitution or laws of this state . . . . |
| California | Cal. Penal Code § 302 (1872) (Disturbing religious meetings) | Every person who intentionally disturbs or disquiets any assemblage of people met for religious worship at a tax-exempt place of worship . . . is guilty of a misdemeanor |
|  | Cal. Penal Code § 11412 (1984) (Threats obstructing exercise of religion) | Any person who, with intent to cause, attempts to cause or causes another to refrain from exercising his or her religion or from engaging in a religious service by means of a threat, directly communicated to such person, it inflict an unlawful injury upon any person or property, and it reasonably appears to the recipient of the threat that such threat could be carried out is guilty of a felony |
|  | Cal. Penal Code §422.6 (1987) (Interference with exercise of civil rights because of actual or perceived characteristics of victim) | (a) No person . . . shall by force or threat of force, willfully injure, intimidate, interfere with, oppress, or threaten any other person in the free exercise or enjoyment of any right [secured by the state or federal Constitution] in whole or in part because of one or more of the actual or perceived characteristics of the victim listed in § 422.55(a) [hate crime statute that includes religion]<br><br>(b) No person . . . shall knowingly deface, damage or destroy the real or personal property of any other person for the purpose of intimidating or interfering with the free exercise or enjoyment [of Constitutional rights] in whole or in part because of one or more of the actual or perceived characteristics of the victim |
| Connecticut | Conn. Gen. Stat. § 46A-58 (1949) (Deprivation of rights. Desecration of property. Placing of burning cross or noose on property) | It shall be a discriminatory practice in violation of this section for any person to subject any person to the deprivation of any rights, privileges or immunities secured by the state or federal Constitution on account of religion, etc.<br><br>[Also criminalizes desecrating] "any religious object, symbol or house of religious worship" |
| Delaware | Del. Code Ann. tit. 11, § 1304(a)(1) (2013) (Hate crimes) | Any person who commits, or attempts to commit, any crime as defined by the laws of this State, and who intentionally commits said crime for the purpose of interfering with the victim's free exercise or enjoyment of any right, privilege or immunity protected by the First Amendment, or commits said crime because the victim has exercised or enjoyed said rights; or selects victim because of victim's . . . religion . . . . |
|  | Del. Code Ann. tit. 11, § 4209(e)(1)(v) (2013) (Punishment, procedure for determining punishment, review of punishment and method of punishment for first-degree murder committed by adult offenders) | Listing as aggravating factor for death penalty the fact that "[t]he murder was committed for the purpose of interfering with the victim's free exercise or enjoyment of any right, privilege or immunity protected by the First Amendment to the US Constitution, or because the victim exercised or enjoyed said rights, or because of the victim's race, religion, color, disability, national origin or ancestry." |
| District of Columbia | D.C. Code § 22-1321(b) (1953) (Disorderly conduct) | It is unlawful for a person to engage in loud, threatening, or abusive language, or disruptive conduct, with the intent and effect of impeding or disrupting the orderly conduct of a lawful public gathering, or of a congregation of people engaged in any religious service or in worship, a funeral, or similar proceeding |
| Florida | Fla. Stat. § 871.01 (2006) (Disturbing schools and religious and other assemblies) | Whoever willfully interrupts or disturbs any school or any assembly of people met for the worship of God or for any lawful purpose commits a misdemeanor of the second degree |
| Idaho | Idaho Code Ann. § 18-8103 (1987) (Prohibited activities - Penalties) | Any person who:<br>(1) Conspires with one or more persons to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him [by the state or federal Constitution], by the use of violence against the person or property of such citizen or<br>(2) Goes on the highway, or on the premises of any citizen, with one or more other persons, with the intent by use of violence against such citizen or his property to prevent or hinder his free exercise or enjoyment of any right or privilege so secured; or<br>(3) Assembles with one or more persons for the purpose of training or instructing in the use of, or practicing with, any technique or means capable of causing property damage, bodily injury or death with the intent to employ such training, instruction or practice in the commission of a civil disorder, as defined herein; or<br>(4) Commits an act of terrorism as defined in this chapter; or<br>(5) Conspires with one or more persons to commit an act of terrorism . . . is guilty of a felony.<br><br>Terrorism defined as a violation of Idaho law involving acts dangerous to human life that are intended to (i) intimidate or coerce a civilian population; (ii) influence the policy of the government by intimidation or coercion; or (iii) affect the conduct of a government by the use of weapons of mass destruction |
| Illinois | 730 Ill. Comp. Stat. 5/5-5-3.2(a)(11) (2016) (Factors in aggravation and extended-term sentencing), formerly IL St CH 38 ¶ 1005-5-3.2 (1978) | The following factors shall be accorded weight in favor of imposing a term of imprisonment or may be considered by the court as reasons to impose a more severe sentence . . .<br>(a)(11) the offense took place in a place of worship or on the grounds of a place of worship, immediately prior to, during or immediately following worship services. |
|  | 720 Ill. Comp. Stat. 5/8-2.1 (2003) (Conspiracy against civil rights) | A person commits conspiracy against civil rights when, without legal justification, he or she, with the intent to interfere with the free exercise of any right or privilege secured by the [state or federal Constitution], agrees with another to inflict physical harm on any other person or the threat of physical harm on any other person and either the accused or a co-conspirator has committed any act in furtherance of that agreement. |
| Indiana | Ind. Code Ann. § 35-50-2-9(18)(A) & (B) (1977), amended by 2016 Ind. Legis. Serv. P.L. 25-2016 (S.E.A. 141) (Death sentence; life imprisonment without parole) | Allowing for a death sentence if the murder is committed in a building that is primarily used for religious worship; and at a time when persons are present for religious worship or education. |

| STATE | CODE SECTION | DESCRIPTION OF CODE |
|---|---|---|
| Iowa | Iowa Code Ann. § 729.5 (2013) (Violation of individual rights - penalty) | A person who acts alone, or who conspires with another person or persons, to injure, oppress, threaten, or intimidate or interfere with any citizen in the free exercise or enjoyment of any right or privilege secured [by the state or federal Constitution], and assembles with one or more persons for the purpose of teaching or being instructed in any technique or means capable of causing property damage, bodily injury or death when the person or persons intend to employ those techniques or means in furtherance of the conspiracy, is on conviction, guilty of a class D felony. |
| Maine | Me. Rev. Stat. tit. 17, § 2931 (1987) (Prohibition) | A person may not, by force or threat of force, intentionally injure, intimidate or interfere with, or intentionally attempt to injure, intimidate or interfere with or intentionally oppress or threaten any other person in the free exercise or enjoyment of any right or privilege, secured [by the state or federal Constitution]. |
| Maryland | Md. Code Ann., Crim. Law § 10-303 (2002) (Obstructing exercise of religious belief) | A person may not, by force or threat of force, obstruct or attempt to obstruct another in the free exercise of that person's religious beliefs. |
| Massachusetts | Mass. Gen. Laws Ann. ch. 265, § 37 (1979) (Violations of constitutional rights; punishment) | No person, whether or not acting under the color of law, shall by force or threat of force, willfully injure, intimidate or interfere with, or attempt to injure, intimidate or interfere with, or oppress or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him [by the state or federal Constitution]. |
| | Mass. Gen. Laws Ann. ch. 272, § 38 (1970) (Disturbance of assembly for worship) | Whoever willfully interrupts or disturbs any assembly of people met for worship of God shall be punished by imprisonment for not more than one year or by a fine of not more than one thousand dollars. |
| Michigan | Mich. Comp. Laws § 752.525 (Disturbance of religious meetings) | No person shall willfully disturb, interrupt, or disquiet any assembly of people met for religious worship, by profane discourse, by rude and indecent behavior, or by making a noise either within the place of worship, or so near it as to disturb the order and solemnity of the meeting . . . |
| | Mich. Comp. Laws § 750.169 (2012) (Disruption or prevention of meetings in pursuit of free exercise of religion) | A person shall not . . . Enter or attempt to enter any private property where the person knows people are meeting or are intending to meet in the pursuit of their free exercise of religion with the intent to disrupt that meeting. |
| Minnesota | Minn. Stat. Ann. § 609.28 (1963) (Interfering with religious observance) | Whoever, by threats or violence, intentionally prevents another person from performing any lawful act enjoined upon or recommended to the person by the religion which the person professes is guilty of a misdemeanor.<br><br>A person is guilty of a gross misdemeanor who intentionally and physically obstructs any individual's access to or egress from a religious establishment. |
| Mississippi | Miss. Code Ann. § 97-35-17 (1998) (Disturbance of religious worship) | If any person shall willfully disturb any congregation of persons lawfully assembled for religious worship, he may be immediately arrested by any officer or private person, without warrant . . . . |
| Missouri | Mo. Ann. Stat. § 574.035 (2012) (House of worship protection act - disrupting a house of worship, violation, penalty), reversed in part by Survs. Net. of Those Abused by Priests, Inc. v. Joyce, 779 F.3d 785 (8th Cir. 2015) | Statute criminalizes:<br>(3) A person commits the crime of disrupting a house of worship if such person:<br>(1) Intentionally and unreasonably disturbs, interrupts, or disquiets a house of worship . . . .; or<br>(2) intentionally injures, intimidates, or interferes with, or attempts to injure, intimidate, and interfere with any person lawfully exercising the right of religious freedom in or outside of a house of worship or seeking access to a house of worship, whether by force, threat, or physical obstruction. |
| Montana | Mont. Code Ann. § 45-5-221 (1989) (Malicious intimidation or harassment relating to civil or human rights - penalty) | A person commits the offense of malicious intimidation or harassment when, because of another person's race, creed, religion . . . The person purposely or knowingly, with the intent to terrify, intimidate, threaten, harass, annoy, or offend:<br>(a) causes bodily injury to another; (b) causes reasonable apprehension of bodily injury in another; or (c) damages, destroys, or defaces any property of another or any public property. |
| Nevada | Nev. Rev. Stat. Ann. § 201.270 (1911) (Disturbing religious meetings; penalty) | Every person who shall willfully disturb, interrupt or disquiet any assemblage or congregation of people met for religious worship:<br>(1) By noisy, rude or indecent behavior, profane discourse, . . .<br>(2) By [racing animals, gaming, or engaging in noisy amusement];<br>(3) By disturbing . . . free passage along a highway . . .<br>(4) By menacing, threatening or assaulting any person therein,<br>shall be guilty of a misdemeanor |
| New Mexico | N.M. Stat. Ann. § 30-13-1 (1963) (Disturbing lawful assembly) | Disturbing lawful assembly consists of:<br>(A) disturbing any religious society or any member thereof when assembled or collected together in public worship; or<br>(B) disturbing any meeting of the people assembled for any legal object. |
| New York | N.Y. Penal Law §§ 240.70 & 240.71 (1999) (Criminal interference with health care services or religious worship, first and second degree) | § 240.70:  A person is guilty of criminal interference with . . . religious worship when by force or threat of force or by physical obstruction, he or she intentionally injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with, another person because such person was or is seeking to exercise the right of religious freedom at a place of religious worship.<br><br>§ 240.71: [Dividing the crime into two degrees with separate punishments.] |
| | N.Y. Penal Law § 240.31(A)(1) (1982) (Aggravated harassment in the first degree) | A person is guilty of aggravated harassment in the first degree when with intent to harass, annoy, threaten or alarm another person, because of a belief or perception regarding such a person's race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation, . . . he or she damages premises primarily used for religious purposes . . . . |
| North Carolina | N.C. Gen. Stat. Ann. § 14-288.4(7) (1969) (Disorderly conduct) | Disorderly conduct is a public disturbance intentionally caused by any person who does any of the following: . . .<br>(7) . . . disrupts, disturbs, or interferes with a religious service or assembly or engages in conduct which disturbs the peace or order at any religious service or assembly. |

| STATE | CODE SECTION | DESCRIPTION OF CODE |
|---|---|---|
| North Dakota | N.D. Cent. Code Ann. § 12.1-14.05 (1973) (Preventing exercise of civil rights -- Hindering or prevention of another third person to exercise civil rights) | A person is guilty of a class B misdemeanor if, . . . He, by force or threat of force or by economic coercion, intentionally:<br>(1) Injures, intimidates, or interferes with another because he is or is about to exercise his civil rights, or because he has exercised his civil rights.<br>(2) Intimidates or prevents another from aiding a third person to exercise his civil rights |
|  | N.D. Cent. Code Ann. § 12.1-14.04 (1973) (Discrimination in public places) | A person is guilty of a class B misdemeanor if, . . . He, by force, or threat of force or by economic coercion, intentionally:<br>(1) Injures, intimidates, or interferes with another person because of his sex, race, color, religion, or national origin and because he is or has been exercising or attempting to exercise his right to full and equal enjoyment of any facility open to the public.<br>(2) Injures, intimidates, or interferes with another because of his sex, race, color religion, or national origin in order to intimidate him or any other person from exercising or attempting to exercise his right to full and equal enjoyment of any facility open to the public |
| Oklahoma | Okl. Stat. Ann. tit. 21, § 914 (1910) (Preventing religious act) | Every person who willfully prevents, by threats or violence, another person from performing any lawful act enjoined upon or recommended to such person by the religion which he professes, is guilty of a misdemeanor. |
| Rhode Island | R.I. Gen. Laws Ann. § 11-11-1 (2007) (Disturbance of public assemblies generally) | Every person who shall willfully interrupt or disturb . . . Any assembly of people met for religious worship, . . . Shall be imprisoned not exceeding one year . . . . |
| South Carolina | S.C. Code Ann. § 16-17-520 (1962) (Disturbance of Religious Worship) | Any person who shall (a) willfully and maliciously disturb or interrupt an meeting, society, assembly or congregation convened for the purpose of religious worship, (b) enter such meeting while in a state of intoxication or (c) use or sell spirituous liquors, or use blasphemous, profane or obscene language at or near the place of meeting shall be guilty of a misdemeanor . . . . |
|  | S.C. Code Ann. § 16-5-10 (1962) (Conspiracy against civil rights) | It is unlawful for two or more persons to band or conspire together or go in disguise upon the public highway or upon the premises of another with the intent to injure, oppress, or violate the person or property of a citizen because of his political opinion or his expression or exercise of the same or attempt by any means, measures, or acts to hinder, prevent, or obstruct a citizen in the free exercise and enjoyment of any right or privilege secured to him by the Constitution and laws of the United States or by the Constitution and laws of this State.<br><br>A person who violates the provisions of this section is guilty of a felony and, upon conviction, must be fined not more than two thousand dollars or imprisoned not more than five years, or both. A person convicted under this section is ineligible to hold, and disabled from holding, any office of honor, trust, or profit in this State. |
| South Dakota | S.D. Codified Laws § 22-19B-4 (1939) (Preventing practice of religion - misdemeanor) | Any person who, by threats or violence, intentionally prevents another person from performing any lawful act enjoined upon or recommended by the religion which such person professes is guilty of a class 1 misdemeanor |
| Tennessee | Tenn. Code Ann. § 39-17-309 (1989) (Exercise of civil rights; intimidation; findings and intent) | A person commits the offense of intimidating others from exercising civil rights who:<br>(1) Injures or threatens to injure or coerces another person with the intent to unlawfully intimidate another from the free exercise or enjoyment of any right or privilege secured by [the state or federal Constitution];<br>(2) Injures or threatens to injure or coerces another person with the intent to unlawfully intimidate another because that other exercised any right or privilege secured by [the state or federal Constitution];<br>(3) Damages, destroys or defaces any real or personal property of another person with the intent to unlawfully intimidate another from the free exercise or enjoyment of any right or privilege secured by the [state or federal Constitution]<br>(4) Damages, destroys or defaces any real or personal property of another person with the intent to unlawfully intimidate another because that other exercised any right or privilege secured by the [state or federal Constitution]. |
| Virginia | Va. Code Ann. § 18.2-415 (1975) (Disorderly conduct in public places) | A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . .<br>(B) Willfully or being intoxicated, . . . disrupts . . . any . . . Place of religious worship, if the disruption (i) prevents or interferes with the orderly conduct of the . . . meeting or (ii) has a direct tendency to cause acts of violence by the person or persons at whom, individually, the disruption is directed . . . . |
| West Virginia | W. Va. Code Ann. § 61-6-13 (1849) (Disturbance of Religious Worship) | If any person willfully interrupt, molest or disturb any assembly of people met for the worship of God, he shall be guilty of a misdemeanor, and, upon conviction, shall be confined in jail not more than six months and fined not less than twenty-five nor more than one hundred dollars.  Any officer may put such offender under restraint during religious worship, and the court trying the case may require bond or recognizance of him for not more than one year to be of good behavior. |
|  | W. Va. Code Ann. § 61-6-21 (1987) (Prohibiting violations of an individual's civil rights) | . . . If any person does by force or threat of force, willfully injure, intimidate or interfere with, or attempt to injure, intimidate or interfere with, or oppress or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him or her by the [state or federal Constitution], because of such other person's race, color, religion, ancestry, national origin, political affiliation or sex, he or she shall be guilty of a felony, and upon conviction, shall be fined not more than five thousand dollars or imprisoned not more than then years, or both. |