# EXHIBIT 1

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
            5/23/    20 11
Roberta D. Tabora, Clerk
BY B Tabora
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| United States of America | |
|---|---|
| v. | Criminal No. 3:06cr160 (JBA) |
| Azibo Aquart | |

**VERDICT FORM**

A. COUNT ONE (conspiracy to murder in aid of racketeering). We the Jury unanimously find the Defendant AZIBO AQUART:

  Not Guilty ☐        Guilty ☒

B. COUNT TWO (murder in aid of racketeering of Tina Johnson). We the Jury unanimously find the defendant AZIBO AQUART:

  Not Guilty ☐        Guilty ☒

C. COUNT THREE (murder in aid of racketeering of James Reid). We the Jury unanimously find the defendant AZIBO AQUART:

  Not Guilty ☐        Guilty ☒

D. COUNT FOUR (murder in aid of racketeering of Basil Williams). We the Jury unanimously find the defendant AZIBO AQUART:

  Not Guilty ☐        Guilty ☒

E.     COUNT EIGHT (conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base). We the Jury unanimously find the Defendant AZIBO AQUART:

        Not Guilty ☐         Guilty ☒

*If you answered "Guilty," proceed to "Drug Quantity Found."*

DRUG QUANTITY FOUND:

We the Jury unanimously find that the reasonable and foreseeable quantity of a mixture or substance containing cocaine base (crack cocaine) involved in Count Eight was:

    (a)     50 grams or more

        Yes ☒         No ☐

    (b)     280 grams or more

        Yes ☒         No ☐

F.     COUNT FIVE (intentional killing of Tina Johnson while engaging in the drug conspiracy charged in Count Eight). We the Jury unanimously find the defendant AZIBO AQUART:

        Not Guilty ☐         Guilty ☒

G.     COUNT SIX (intentional killing of James Reid while engaging in the drug conspiracy charged in Count Eight). We the Jury unanimously find the defendant AZIBO AQUART:

        Not Guilty ☐         Guilty ☒

H.  COUNT SEVEN (intentional killing of Basil Williams while engaging in the drug conspiracy charged in Count Eight).  We the Jury unanimously find the defendant AZIBO AQUART:

   Not Guilty ☐     Guilty ☑

Dated at New Haven, Connecticut this 23 day of May, 2011, at 11:46 a.m./p.m.

_____
SIGNATURE OF FOREPERSON


_____/s/_____
PRINTED NAME OF FOREPERSON

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X

UNITED STATES OF AMERICA

      -against-                                             No. 3:06 CR 160 (JBA)

AZIBO AQUART,                                        May 23, 2011

      Defendant.

------------------------------------------------------X

## NOTICE OF PROPOSED MITIGATING FACTORS

Without waiving his right to amend the above in light of the information developed in the penalty phase of this case, the defendant submits the following list of possible mitigating factors that will be asserted in this case:

1. John Taylor will not be sentenced to death for his role in the murders of Basil Williams, James Reid, and Tina Johnson.

2. Efrain Johnson will not be sentenced to death for his role in the murders of Basil Williams, James Reid, and Tina Johnson.

3. The favorable plea agreements offered to the cooperating witnesses weighs against the imposition of death for Azibo Aquart.

4. The victims' voluntarily chose to engage in a dangerous and illegal activity, a circumstance that contributed to their deaths.

5. If not sentenced to death, Azibo will be imprisoned for the rest of his life with no possibility of release.

6. Lifetime imprisonment is a severe punishment.

7. Azibo's execution would cause others to suffer grief and loss.

8. Azibo grew up in communities characterized by violence and crime.

9. Before age 16, Azibo lived in 19 different places.

10. Azibo attended 8 different schools in 9 years.

11. Throughout his childhood, Azibo lacked adequate parental supervision.

12. Azibo was exposed to the emotional and physical abuse of his mother.

13. Azibo's parents both sold illegal drugs.

14. Azibo's father, Richard Aquart, exposed Azibo and his brothers to violence, drug dealing and other criminal activity.

15. Richard Aquart stored illegal weapons in the home.

16. From the time Azibo was 5, Richard Aquart was a fugitive who used aliases.

17. When Azibo was 11, his father was sent to prison for 8 years and then deported to Jamaica.

18. Richard Aquart was a poor role model.

19. Azibo's parents and others around him taught him to distrust the police and the judicial system and to disregard the law.

20. Azibo grew up in an environment where illegal drug use was accepted.

21. The Aquart children were picked on and bullied because of their cultural differences.

22. When he was 12, Azibo's mother drowned.

23. From the time of his mother's death, Azibo had no meaningful adult supervision.

24. Following his mother's death, Azibo's life was characterized by exposure to drug dealing and to acts of violence.

25. When Azibo was 13, his brother, Azizi Aquart, was shot three times and nearly died.

26. For several months after his brother was shot, Azibo was left with no supervision whatsoever.

27. At age 17, Azizi Aquart, was ill-equipped to handle the responsibility of being the guardian of a 13-year-old.

28. Azibo's close relatives and family friends failed to properly care for him after his mother's death or his brother's shooting.

29. Although social service providers and juvenile court officials identified Azibo as an at risk child, no effective action was taken.

30. While incarcerated as a young adult, Azibo obtained his GED.

31. At the Enfield Correctional Center, Azibo was a certified literacy tutor who helped other inmates.

32. Azibo has encouraged people close to him to pursue their education.

33. While growing up, Azibo was exposed to many of the risk factors associated with later violent criminal activity.

34. If Azibo is sentenced to life imprisonment without the possibility of release, the Bureau of Prisons has the capability of safely and securely confining him.

35. Azibo's life has value.

Respectfully submitted,
DEFENDANT AZIBO AQUART

By_____/s/_____
Michael O. Sheehan
Sheehan & Reeve
139 Orange Street, Suite 301
New Haven, CT 06510
203) 787-9026 (phone)
(203) 787-9031 (fax)
msheehan@sheehanandreeve.com
Federal Bar No. ct05450

Justin T. Smith, Esq.

## CERTIFICATION OF SERVICE

    I hereby certify that the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing on May 23, 2011

_____/s/_____
Michael O. Sheehan

4