IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 2:15-CR-00472-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| **DYLANN STORM ROOF** | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

On July 5, 2016, the defendant sought a bill of particulars requiring the government to describe its evidence establishing the defendant's conduct as charged under Section 247 (Obstruction of Exercise of Religion) was "in or affecting interstate commerce." Docket Entry (DE) 234. The Government has provided extensive discovery in this case and agreed to provide witness and exhibit lists well in advance of the start of jury selection and trial. Any attempt, at this stage, to require a particularized accounting of the evidence supporting the interstate nexus element of Section 247 should be rejected.

**I.     A BILL OF PARTICULARS SHOULD BE GRANTED ONLY WHERE THE INDICTMENT FAILS TO ADEQUATELY INFORM THE DEFENDANT OF THE CHARGES**

"It is settled that the purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare *for trial*, minimize the danger of surprise *at trial*, and enable him to plead his acquittal or conviction in bar of *another prosecution* for the same offense." *United States v. Schembari*, 484 F.3d. 931, 934-35 (4th Cir. 1973) (emphasis added). Thus, a motion

1

for a bill of particulars should be denied unless the defendant makes a showing that he lacks adequate information to allow a defendant to avoid unfair surprise at trial and to plead a bar of further prosecution after trial. *See United States v. Am. Waste Fibers Co., Inc.*, 809 F.2d 1044, 1047 (4th Cir. 1987); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985); *see generally Wong Tai v. United States*, 273 U.S. 77, 82-83 (1927).

An analysis of whether a bill of particulars is appropriate is similar to the determination of the sufficiency of the indictment; both ask whether the indictment sufficiently apprises the defendant of the charges against him to permit trial preparation. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). As a general rule, an indictment tracking the statutory language and citing the charging statutes is sufficient to avoid the need for a bill of particulars. *United States v. Leahy*, 598 Fed. Appx 210, 212-13 (4th Cir. 2015). This Indictment properly tracks the statutory language of Section 247 and sufficiently alleges the offense was in and affecting interstate commerce. Nothing more should be required at this stage.

Despite the horrific consequences of Roof's actions and the ultimate punishment sought, the nature of these charges is straightforward: one criminal episode with a single defendant. Such a circumstance does not present concerns necessitating a bill of particulars. Any questions that do remain after the Indictment are addressed by the fulsome and early discovery provided by the government. Where a defendant is "sufficiently appraised through discovery of the facts and circumstances of the offense" a bill of particulars is unnecessary. *United States v. Cuong Fial Le*, 310 F.Supp.2d 763, 782

(E.D.Va. 2004). As the primary purpose of a bill of particulars is to avoid surprise at trial, the production of discovery to a defense team capable of reviewing and understanding the materials eliminates the need for the production of a bill of particulars. *See United States v. Adams*, 770 F.2d 399, 405 (4th Cir. 1985) (unpublished) (explaining that the information necessary to prepare a defense can be supplied "through the use of a bill of particulars or discovery"); *United States v. Society of Indep. Gasoline Marketers*, 624 F.2d 461, 466 (4th Cir. 1979) (no bill of particulars required where discovery included broad disclosure of documents and testimony).[1] As is the case here, "a defendant is not entitled 'to an unnecessary bill of particulars, where the underlying objectives of a Fed. R. Crim. P. 7 motion are fully satisfied by informal and formal discovery.'" *United States v. Tsoa*, No. 1:13CR137 JCC, 2013 WL 3242700, at *4 (E.D. Va. June 25, 2013) (quoting *United States v. Taylor*, No. 3:04CR227, 2005 WL 2298170, at *4 (E.D.Va. Sept. 21, 2005)).[2]

---

[1] *See also United States v. Blanchard*, 542 F.3d 1133, 1140-41 (7th Cir. 2008) ("Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information is available through some other satisfactory form, such as discovery."); *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005) ("Appellants had access through discovery to the documents and witness statements relied upon by the government in constructing its case, including trial evidence reflecting the dates of payments to Appellants and the approximate amounts of those payments. This access to discovery further weakens the case for a bill of particulars here."); *United States v. Esquival*, 755 F.Supp. 434, 436 (D.D.C. 1990) (If the "indictment adequately details the charges, or the information is otherwise available, then no bill of particulars is required."). In affirming a district court's denial of a request for a bill of particulars detailing the facts supporting the effect on interstate commerce, the Fifth Circuit relied upon the fact that the government had provided discovery and stipulations that apprised the defendant of the interstate commerce effects. *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982).

[2] In addition to the discovery, the Government has agreed to provide a witness and exhibit list well in advance of trial. This disclosure, in addition to the discovery, ensures that Roof will fairly be aware of the evidence that will be presented at trial.

The defendant fails to demonstrate either how the charges necessitate a bill of particulars or how the discovery is insufficient to meet the purposes of bill of particulars. Indeed, while ultimately meritless, at this stage the defendant's motion making an as-applied challenge to the interstate nexus element of the Section 247 charges illustrates that the charges here are sufficient to avoid unfair surprise at trial. His motion cites a portion of the extensive body of caselaw that provides the defendant with an understanding of how "in or affecting interstate commerce" is satisfied (*e.g.*, channels and instrumentalities of commerce as well as activities that substantially affected commerce). The motion also includes facts related to the interstate nexus that the defense was able to obtain from the Indictment, DE 233 at 12 (discussing the internet, the murder weapon, and ammunition), and other facts that fall within the caselaw's explanation of "in or affecting interstate commerce" are apparent in the discovery. Any attempt to challenge the sufficiency of the evidence satisfying this element should await the full development of the facts at trial. *See United States v. Vanderhorst*, 2 F. Supp. 3d 792, 804 (D.S.C. 2014) ("Without such a record, and the benefit of the evidence to be presented and the facts to be decided at the upcoming trial, Defendant's as-applied challenge [to the interstate commerce element of an offense] is premature.").

## II.   A BILL OF PARTICULARS SHOULD NOT REQUIRE THE GOVERNMENT TO DETAIL ITS EVIDENCE OR LEGAL THEORY

Instead of using a bill of particulars for its proper purpose, the defense's motion is an attempt to require the government to provide, months ahead of trial, a detailed outline of its arguments and related evidence establishing the commerce element. *See* DE 233 at

4

14 (discussing the request for a bill of particulars to describe the evidence for an attempted as-applied challenge to Section 247); DE 234 at 1-2. Such an attempt should be rejected.

Requests for a bill of particulars should be denied where the request seeks disclosure of the Government's theory of the case, its witnesses, or a detailed description of the manner and means by which the crime was committed. *United States v. Anderson*, 481 F.2d 685, 691 (4th Cir. 1973) (affirming a district court's decision not to order particularity of "the entire range of evidence on which the [g]overnment relied"); *United States v. Tejada*, 108 F.Supp.2d 137, 139 (N.D.N.Y. 1999 ) ("The purpose of a bill of particulars is not to provide "evidentiary detail," nor is it to allow a defendant access to the government's legal theory." ); *see also United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978). Thus, a bill of particulars is not appropriate to seek to discover the theory or the means by which the government will prove the charge. *United States v. Remire*, 400 F.Supp.2d 627, 633 (S.D.N.Y. 2005) ("The function [of a bill of particulars] is not to force the government to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed."). Similarly, the government is not required to reveal the details of its evidence or the precise manner in which the prosecution will attempt to prove the charges alleged. *See United States v. Gabriel*, 715 F .2d 1447, 1449 (10th Cir. 1983); *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982); *United States v. Andrews*, 381 F.2d 377 (2d Cir. 1967). Nor should a bill of particulars be used to compel the government to provide a script for the evidence

5

in advance of trial, thereby unnecessarily confining the government's evidence at trial. *See United States v. Leonelli*, 428 F. Supp. 880, 882-883. (S.D.N.Y. 1977).

In essence, a court "must not direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars." *Cuong Gia Le*, 310 F.Supp.2d at 781. While a defendant may wish to require the Government to submit its opening statement in advance of trial in the form of a bill of particulars and thereby be limited in its presentation of evidence, such a request is well beyond the appropriate scope of Rule 7(f).

\* \* \*

Given the sufficiency of the Indictment, the nature of the charges, and the fulsome and early discovery, the government respectfully requests that the Court deny the defendant's motion for a bill of particulars.

          Respectfully submitted,

          BETH DRAKE
          ACTING UNITED STATES ATTORNEY

By:   s/ Nathan Williams
       JULIUS N. RICHARDSON (ID #9823)
       NATHAN WILLIAMS (ID #10400)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, SC 29201
       (803) 929-3000

July 11, 2016