IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL
REQUEST FOR DISTRICT-WIDE JURY VENIRE IF
<u>DEFENDANT REFUSES TO WAIVE VENUE CHALLENGE</u>**

Seizing upon the wording of the defendant's response to the Court's orders (Dkt. No. 179, 192) to declare whether he intended to move for a change of venue, the government now concedes that a district-wide jury pool is neither necessary nor preferable, Govt. Supplemental Request (Dkt. No. 231 at 1) ("The government continues to urge the Court to use a Charleston-area (*i.e.*, Area-C) jury venire …."),[1] but urges the Court to utilize one anyway so long as the defendant is "attempting to reserve a future venue challenge." *Id.* at 3. The government misunderstands the defendant's position.

In its Orders of June 7 and June 15, 2016, Dkt. No. 179, 192, the Court required the defendant to advise "whether he *presently intends* to move for a change of venue." Dkt. No 192 at 1 (emphasis added). The defense responded by answering the exact question posed by the Court: that "the defendant does not presently intend to move for a change of venue." Defense Position With Respect to Change of Venue (Dkt. No. 196).

---

[1] *See also* Dkt. No. 231 at 4 n.3 ("[T]he government does not believe a venue challenge would prevail at any time.")

1

Detecting some ambiguity in this answer, the government now urges the Court to draw the jury from a statewide pool, even though it believes that an impartial jury can and should be selected from Area C.

The defense position respecting the drawing of a jury from Area C is the same as the government's. We believe that a statewide jury is not necessary, and that an impartial jury can be selected from the eight-county Low Country region that comprises Area C. For this reason, we do not intend to move for a change of venue, and have allowed the Court's June 15, 2016 deadline for declaring such intent to pass. See Dkt. No. 179, ¶ 4.

That said, it would be irresponsible to declare an absolute and irrevocable determination that the defense will *never* move for a change of venue, no matter what unforeseeable new developments may occur in the future. For example, should voir dire examination disclose – contrary to the current expectations of both sides, and to all the available evidence -- that twelve impartial jurors and six impartial alternates simply cannot be found in Area C, the defense would be forced by these changed circumstances to reconsider its position respecting venue. We do not expect that to happen, and indeed are confident that it won't.[2] But presumably because nothing in human affairs can be predicted with absolute certainty, the Court asked whether the defendant "presently intends to move for a change of venue," Dkt. No. 192, ¶ 2, and the defense has responded

---

[2] Moreover, in the extremely unlikely event that the seating of an impartial jury drawn from Area C were to prove impossible, the government offers little reason to suppose that use of a district-wide jury pool would have averted the problem. As the government itself points out, Govt. Supp. Request at 2-3, the repercussions from the Emanuel AME Church shootings extend far past the Charleston area.

2

that he does not.  Any more irrevocable promise would have been illusory, and the defendant's inability to provide one affords no reason to resort to a district-wide jury in this case.

        Respectfully submitted,

        s/ *David I. Bruck*
        David I. Bruck
        Washington & Lee School of Law
        Lexington VA 24450
        540-458-8188
        bruckd@wlu.edu

        Michael P. O'Connell
        PO Box 828
        Mt. Pleasant, SC 29464
        843-577-9890
        moconnell@stirlingoconnell.com

        Sarah S. Gannett
        Assistant Federal Public Defender
        Federal Public Defender for the District of Arizona
        850 W. Adams St., Suite 201
        Phoenix, AZ 85007
        (602) 382-2862
        sarah_gannett@fd.org

        Attorneys for Dylann S. Roof