# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | Criminal No.: 2:15-472-RMG |
| v. ) | |
| ) | **ORDER** |
| Dylann Storm Roof. ) | |

Defendant has provided notice pursuant Rule 12.2(b) of the Federal Rules of Criminal Procedure of intent to introduce expert evidence relating to the mental condition of Defendant bearing on the issue of punishment in a capital case. (Dkt. No. 245.) The Government is entitled to move for an examination of Defendant under procedures ordered by the Court. Fed. R. Crim. P. 12.2(c)(1)(B). Upon consideration of the parties' written submissions regarding examination procedures (Dkt Nos. 208, 213, 230, 240), and after a hearing in open court (Dkt. No. 253), the Court orders that, in the event a Government motion for examination of Defendant is granted, the Defendant will be examined in accordance with the following procedures.

A. **Firewall Counsel**

1. The Court has reconsidered its previous decision to authorize the appointment of an Assistant U.S. Attorney from outside the District of South Carolina to act as firewall counsel. (*See* Dkt. No. 226 ¶ 5.) Because Defendant has not agreed to waive the sealing requirements of Rule 12.2(c)(2), the Court will not authorize the appointment of firewall counsel to receive the results of mental health examinations conducted pursuant to Rule 12.2 before trial.

B. **Conduct of Government Rebuttal Evaluation**

2. Government mental health experts may conduct examinations of Defendant necessary to rebut defense experts' anticipated mental health testimony. Government experts

1

will create an audiovisual recording of any such examination of Defendant. No attorney for the Government or defense may be present during the Government experts' examinations.

3. Defendant's mental health experts shall provide the Government's experts with all of Defendant's past medical records that were provided to Defendant's mental health experts.

4. The Government must provide notice to defense counsel five business days prior to conducting any Rule 12.2 examination. If defense counsel objects to any particular test or examination and the parties are unable to reach an agreement, defense counsel must file an objection with the Court at least three business days before the examination is scheduled to occur.

5. The Government's experts shall deliver to the Court two identical copies of (a) the results and recordings of any Rule 12.2 examination, (b) any medical records provided by Defendant pursuant to Paragraph 3 of this Order, and (c) their reports, in sealed envelopes. The Government's experts shall provide a declaration that the materials delivered to the Court are true, accurate, and complete copies. These materials shall not be disclosed to any attorney for the Government or the defense unless and until Defendant is found guilty of one or more capital crimes.

6. No result, report, or recording of the Government's examination of Defendant, or medical record provided by the defense pursuant to Paragraph 3 of this Order, shall be used by the Government for any purpose except to rebut expert testimony relating to Defendant's mental condition offered by the defense during sentencing proceedings.

7. If Defendant is found guilty of one or more capital crimes, Defendant shall, within 24 hours of the verdict, file notice confirming or withdrawing his intent to introduce expert evidence relating to mental condition during sentencing proceedings. If Defendant confirms his intent to introduce expert evidence relating to mental condition at sentencing, the reports of any examinations by Government experts shall be released to Defendant immediately. If Defendant withdraws his notice, the results of any examinations by Government experts shall not be released to Defendant or to the Government.

8. If Defendant confirms his intent to introduce expert evidence relating to mental health at sentencing, then immediately after release of the Government's reports to Defendant, Defendant shall provide to the Government any report of any examination on mental condition conducted by a defense expert about which the defendant intends to introduce expert evidence, and shall "give to the government a written summary of any [mental health expert witness] testimony that the defendant intends to use," Fed. R. Crim. P. Rule 16(b)(1)(C).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 1⁹, 2016
Charleston, South Carolina

3