IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENSE RESPONSE TO GOVERNMENT'S MOTION
FOR EXAMINATIONS OF THE DEFENDANT**

The defendant, through counsel, responds to the government's Motion for Examinations of the Defendant, Dkt. No. 258, filed on July 19, 2016. The defense requests that if the Court elects to order any government rebuttal examination, it order that examination to commence after September 12, 2016.

The defense acknowledges that under Federal Rule of Criminal Procedure 12.2(c)(1)(B), the Court may order the defendant to be examined under procedures determined by the Court. The Court's order of June 30, 2016, Dkt. No. 226, provides that the defendant "may move to supplement his sealed notice until and including September 12, 2016 for experts and tests first known to the defense after July 11, 2016." The September 12, 2016, date was selected specifically in order to permit sufficient time for the government rebuttal examinations to occur prior to the start of jury selection on November 7, 2016. We have understood this to mean that no government rebuttal examination will occur before September 12, when we anticipate the defense evaluation

1

will be complete. Any concurrent interviewing or testing risks interfering with the defense evaluation, which is ongoing.

Another reason the government's interviewing and testing should commence only after completion of the defense evaluation is that – as discussed in the Defendant's Response to Government's Proposed Rule 12.2 Procedures, Dkt. No. 240, at 16-18 – Rule 12.2 limits the government's rebuttal examinations to correspond with what the defense plans to offer in mitigation. *See United States v. Williams*, 731 F. Supp. 2d 1012, 1017, 1020, 1023-24 (D. Haw. 2010) (authorizing only "a similar examination" for the purpose of "rebutting" the defense); *United States v. Taylor*, 320 F. Supp. 2d 790, 794 (N.D. Ind. 2004) (limiting government to "parallel testing of substance abuse" and precluding personality testing). Until the defense evaluation is complete and the defense has apprised the government of all of the types of expert evidence and test results that it intends to offer, there will be challenges to delineating the proper scope of the government rebuttal examination.

In accord with the Court's order of July 19, 2016, Dkt. 260, the defense anticipates the government will provide at least five business days' notice of the specifics of any proposed rebuttal examination (*e.g.*, whether a clinical interview will be conducted,

2

which tests will be administered). The defense will file objections, if any, at least three business days prior to the scheduled examination.

Respectfully submitted,

s/ *Sarah S. Gannett*
Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Attorneys for Dylann S. Roof