# EXHIBIT 1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| BENJAMIN RAUF, | § |
| | § No. 39, 2016 |
| Defendant-Appellant, | § |
| | § Certification of Question of Law |
| v. | § from the Superior Court |
| | § of the State of Delaware |
| STATE OF DELAWARE, | § |
| | § Cr. ID No. 1509009858 |
| Plaintiff-Appellee. | § |

Submitted: January 25, 2016
Decided: January 28, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en Banc*.

## ORDER

This 28th day of January 2016, it appears to the Court that:

(1) The Superior Court has certified five questions of law to this Court in accordance with Article IV, Section 11(8) of the Delaware Constitution and Delaware Supreme Court Rule 41.

(2) The certified questions arise from the potential impact of the United States Supreme Court's recent decisions in *Hurst v. Florida*[1] and *Kansas v. Carr*[2] on the Delaware death penalty statute, 11 *Del. C.* § 4209. In *Hurst*, the United States Supreme Court held that the Florida capital sentencing scheme was unconstitutional because "[t]he Sixth Amendment requires a jury, not a judge, to

---

[1] __ U.S. __, 2016 WL 112683 (Jan. 12, 2016).
[2] __ U.S. __, 2016 WL 228342 (Jan. 12, 2016).

find each fact necessary to impose a sentence of death."[3] In *Carr*, the United States Supreme Court held that the Kansas Supreme Court erred in concluding that the Eighth Amendment requires a sentencing court to instruct the jury that mitigating circumstances need not be proven beyond a reasonable doubt and prohibits joint capital sentencing proceedings.[4]

(3) In this case, Benjamin Rauf has been indicted on charges that include Murder in the First Degree (Intentional Murder) and Murder in the First Degree (Felony Murder). The State has announced its intent to seek the death penalty for the murder counts. Rauf is currently awaiting trial. Over two dozen capital murder cases are currently pending in the Superior Court, with four of those cases scheduled to commence trial in less than 120 days.

(4) In light of the United States Supreme Court's recent decisions in *Hurst* and *Carr* and the pending capital murder cases, including this case, in the Superior Court, the Superior Court has certified the following questions to this Court in accordance with Rule 41:

> (1) Under the Sixth Amendment to the United States Constitution and/or Article I, Sections 4 and 7 of the Delaware Constitution, may a sentencing judge in a capital jury proceeding, independent of the jury, find the existence of "any aggravating circumstance," statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding?

---

[3] 2016 WL 112683, at *3.
[4] 2016 WL 228342, at *8-12.

2

(2) If the finding of the existence of "any aggravating circumstance," statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding must be made by a jury, must the jury make the finding unanimously and beyond a reasonable doubt to comport with federal and state constitutional standards?

(3) Do the Sixth Amendment to the United States Constitution and/or Article I, Sections 4 and 7 of the Delaware Constitution require a jury, not a sentencing judge, to find that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist because, under 11 *Del. C.* § 4209, this is the critical finding upon which the sentencing judge "shall impose a sentence of death"?

(4) If the finding that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist must be made by a jury, must the jury make that finding unanimously and beyond a reasonable doubt to comport with federal and state constitutional standards?

(5) If any procedure in 11 *Del. C.* § 4209's capital sentencing scheme does not comport with federal and state constitutional standards, can the provision for such be severed from the remainder of 11 *Del. C.* § 4209, and the Court proceed with instructions to the jury that comport with federal and state constitutional standards?

(5) After careful consideration, we conclude that there are important and urgent reasons for an immediate determination of the questions certified as they relate to the United States Constitution. Although the Superior Court recommended that we consider somewhat broader questions that would implicate the meaning of our State Constitution, we believe it is preferable to focus solely on federal law, and the implications of the United State Supreme Court's decision in *Hurst*, because the decision in *Hurst* is the major development that impelled the

3

Superior Court to recommend certification and is the reason for our acceptance of this appeal. Because we are aware of no state law developments that justify opining on the Delaware Constitution, we have therefore narrowed the questions.

(6) Therefore, in accordance with Article IV, Section 11(8) of the Delaware Constitution and Delaware Supreme Court Rule 41, the questions certified by the Superior Court, as revised below, should be accepted.

(1) Under the Sixth Amendment to the United States Constitution, may a sentencing judge in a capital jury proceeding, independent of the jury, find the existence of "any aggravating circumstance," statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding?

(2) If the finding of the existence of "any aggravating circumstance," statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding must be made by a jury, must the jury make the finding unanimously and beyond a reasonable doubt to comport with federal constitutional standards?

(3) Does the Sixth Amendment to the United States Constitution require a jury, not a sentencing judge, to find that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist because, under 11 *Del. C.* § 4209, this is the critical finding upon which the sentencing judge "shall impose a sentence of death"?

(4) If the finding that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist must be made by a jury, must the jury make that finding unanimously and beyond a reasonable doubt to comport with federal constitutional standards?

(5) If any procedure in 11 *Del. C.* § 4209's capital sentencing scheme does not comport with federal constitutional standards, can the

4

provision for such be severed from the remainder of 11 *Del. C.* § 4209, and the Court proceed with instructions to the jury that comport with federal constitutional standards?

(7) As recommended by the Superior Court, Rauf is designated the appellant and the State is designated the appellee for the purposes of the caption on any filings in this Court with respect to the certified questions.

NOW, THEREFORE, IT IS ORDERED that the questions certified by the Superior Court, as revised above, are ACCEPTED. The Clerk of the Court is directed to issue a briefing schedule to the parties.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

5