IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. |
| DYLANN STORM ROOF |

**GOVERNMENT'S NOTICE OF**
**SUPPLEMENTAL AUTHORITY**

The United States submits this notice advising the Court of three recent U.S. Court of Appeals decisions addressing one of the issues raised in Defendant's pending Motion to Dismiss Indictment (Docket Entry 233). *Cf.* Fed. R. App. Proc. 28(j). Two of these decisions relate to the definitions of the term crime of violence contained in 18 U.S.C. § 924(c)(3), and the third relates to the residual clause definition of crime of violence contained in 18 U.S.C. § 16(b).[1]

In *United States v. Hill*, No. 14-3872-cr, 2016 WL 4120667 (Aug. 3, 2016), the U.S. Court of Appeals for the Second Circuit rejected a challenge arguing that a Hobbs Act robbery is not a crime of violence under either the force clause or residual clause definitions contained in § 924(c)(3). With regard to the force clause challenge, the Second Circuit panel considered and rejected arguments that Hobbs Act robbery's "fear of injury" prong could be satisfied by non-forceful or indirect means and, therefore, did not require the use or threatened use of physical force. *Id.* at * 3-7. The Second Circuit also concluded that § 924(c)(3)'s residual clause is not unconstitutionally vague under *United States v. Johnson*, 135 S. Ct. 2551 (2015). *Hill*, 2016 WL 4120667, at * 7-12. Additionally, in *United*

---

[1] In his reply brief, Defendant cites two of these decisions. *See* (Docket Entry 295 at 17). Defendant, however, incorrectly cites *United States v. Hill* as a decision involving 18 U.S.C. § 16(b) rather than § 924(c)(3)'s residual clause and does not cite *United States v. Prickett*, which rejected a challenge to § 924(c)(3)(B).

*States v. Prickett*, No. 15-3486, 2016 WL 4010515 (July 27, 2016), the U.S. Court of Appeals for the Eighth Circuit also rejected a *Johnson*-based challenge to § 924(c)(3)(B).

Finally, in *United States v. Gonzalez-Longoria*, No. 15-40041, slip opinion (Aug. 5, 2016), the U.S. Court of Appeals for the Fifth Circuit, sitting en banc, held that the residual clause definition of crime of violence contained in 18 U.S.C. § 16(b), as incorporated into U.S. Sentencing Guidelines § 2L1.2(b)(1)(C), is not unconstitutionally vague on its face under *Johnson* or as applied to a defendant's prior conviction of a crime that required proof of intentionally, knowingly, or recklessly causing bodily injury to another.

With the issuance of these decisions, all three federal courts of appeal that have considered the constitutionality of § 924(c)(3)'s residual clause have held that it is not unconstitutionally vague under *Johnson. See also United States v. Taylor*, 814 F.3d 340, 375-78 (6th Cir. 2016). All three of these recent decisions support the United States' position that Defendant's civil rights offenses are crimes of violence under 18 U.S.C. § 924(c).

                                                 Respectfully submitted,

                                                 BETH DRAKE
                                                 ACTING UNITED STATES ATTORNEY

                                               VANITA GUPTA
                                               Principal Deputy Assistant Attorney General
                                               U.S. Department of Justice

|  |  |
|---|---|
|  | By  s/Stephen J. Curran |
| Julius N. Richardson | Stephen J. Curran |
| Nathan Williams | Special Litigation Counsel |
| Assistant United States Attorney | U.S. Department of Justice |
| 1441 Main Street, Suite 500 | Civil Rights Division |
| Columbia, SC 29201 | 601 D Street NW, Rm 5200 |
| (803) 929-3000 | Washington, DC 20579 |
|  | (202) 514-3204 |

August 8, 2016

1