# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             3:96CR66

DEAN ANTHONY BECKFORD,
CLAUDE GERALD DENNIS,
LEONEL ROMEO CAZACO,
RICHARD ANTHONY THOMAS,
LEWELLEN FERNANDO SMITH,

        Defendants.

Before:  HONORABLE ROBERT E. PAYNE,
United States District Judge

Jury Selection

June 10, 1997
Richmond, Virginia

GILBERT FRANK HALASZ, RMR
Official Court Reporter
U. S. Courthouse
Richmond, VA 23219
(804) 730-9626

1272

1   so far.

2   　　　　All right.

3   　　　　　　　　(Venireman withdrew)

4   　　　　　　　　(Venireman entered courtroom)

5   　　　　Come in.  Have a seat.

6   　　　　Thanks again for your patience and service here
7   today.

8   　　　　You heard me explain twice now what the basic
9   procedures are because this involves, this case involves the
10  possibilities of a death penalty.  Do you feel as if you
11  understand it, or would you like additional explanation?

12  　　　　VENIREMAN:  I am sorry?

13  　　　　THE COURT:  Do you feel like you understand the
14  procedures --

15  　　　　VENIREMAN:  Yes.

16  　　　　THE COURT:  -- that I explained, or would you like
17  additional explanation?

18  　　　　VENIREMAN:  No.  I understand.

19  　　　　THE COURT:  All right.

20  　　　　If you are selected to serve as a juror in the case
21  would you issue your verdict in the case based solely on the
22  evidence and on the law that is given to you by The Court in
23  both the first stage and the second stage, if there is one?

24  　　　　VENIREMAN:  I would do my very best, yes.

25  　　　　THE COURT:  Do you think you could do that?

2:15-cr-00472-RMG Date Filed 08/19/16 Entry Number 313-1 Page 4 of 11
Case 1:13-cr-10200-GAO Document 682-1 Filed 12/01/14 Page 3 of 10

1273

1   VENIREMAN: I think so.

2   THE COURT: All right.

3   Now, let's talk about now the feelings that you have,

4   if you have any, about the death penalty, either for or

5   against death. Do you have any feelings, either moral or

6   personal or religious or other side in favor of the death

7   penalty?

8   VENIREMAN: Yes, I do.

9   THE COURT: All right.

10  Are your feelings about the death penalty such,

11  whatever they may be, that you would always vote to impose

12  the death penalty on a defendant in a case in which the

13  defendant is convicted of a crime for which the death is a

14  possible penalty?

15  VENIREMAN: Sorry. Repeat it again.

16  THE COURT: All right.

17  Are your feelings about the death penalty of such a

18  nature that you would always vote to impose the death

19  penalty on the defendant if he were convicted of a crime for

20  which the death penalty was a possible punishment?

21  VENIREMAN: I support the death penalty. Okay.

22  THE COURT: Right.

23  VENIREMAN: I am not sure if I would impose it every

24  time, but I do support the death penalty.

25  THE COURT: All right.

2:15-cr-00472-RMG Date Filed 08/19/16 Entry Number 313-1 Page 5 of 11
Case 1:13-cr-10200-GAO Document 682-1 Filed 12/01/14 Page 4 of 10

1274

1    In that regard, would you be willing to consider in
2    deciding whether to impose the death penalty the nature of
3    the crime and aggravating factors and mitigating factors as
4    I explained them to you?
5        VENIREMAN:  I think I would have to consider them,
6    yes.
7        THE COURT:  All right.
8        Well, under the law you would be told that you have
9    to consider the aggravating factors as well as any
10   mitigating factors; do you understand that?
11       VENIREMAN:  Right.  Right.
12       THE COURT:  Could you follow that instruction?
13       VENIREMAN:  Yes.
14       THE COURT:  All right.
15       Are your feelings about the death penalty of such a
16   nature that they would either prevent or impair you in some
17   way from serving as a fair and impartial juror in the first
18   stage, that is, where the guilt or innocence is determined?
19       VENIREMAN:  I don't think so.  That is a really good
20   question, but I don't think it would impair me.
21       THE COURT:  All right.
22       Would you be able to make the decision?  Because you
23   will be told that you can not consider punishment in any way
24   in deciding on whether somebody is guilty or innocent.  You
25   will be told that that is the law.  Could you follow that

Case 1:13-cr-10200-GAO Document 682-1 Filed 12/01/14 Page 5 of 10
2:15-cr-00472-RMG Date Filed 08/19/16 Entry Number 313-1 Page 6 of 11

1275

1    instruction?

2         VENIREMAN:  I can follow instructions, yes.

3         THE COURT:  All right.  Can you follow that one?

4         VENIREMAN:  Yes.

5         THE COURT:  All right.

6         Would your feelings about the death penalty in any
7    way prevent you or substantially impair you from performing
8    your duties as a juror under your oath and under my
9    instructions in either phase of the case?

10        VENIREMAN:  No.

11        THE COURT:  Would your feelings, just so -- I want to
12   make sure, would your feelings about the death penalty
13   either prevent or make it very hard for you to consider all
14   mitigating evidence and all the aggravating evidence before
15   deciding whether to impose the death penalty?

16        VENIREMAN:  Sorry.  You lost me there.
17        Repeat again.

18        THE COURT:  Would you consider all of the mitigating
19   evidence and all of the aggravating evidence before you
20   decided to impose the death penalty or not?

21        VENIREMAN:  Certainly.

22        THE COURT:  All right.

23   BY MR. NOVAK:

24   Q.   Good evening.  If I could ask you.

25        If we were in a situation where the guilt phase is

2:15-cr-00472-RMG 0200 Date Filed 08/19/16 682-1 Entry Number 313-1 Page 7 of 11
Case 1:13-cr-10200-GAO Document 682-1 Filed 12/01/14 Page 6 of 10

1276

1    concluded and one or more of the defendants have been found
2    guilty of murder in furtherance of the drug trafficking
3    offense, and therefore that necessitated the second phase,
4    penalty phase, where, as the Judge told you, the government
5    would have an opportunity to present to you evidence as
6    aggravating factors, basically why it is the government
7    believes the defendant should receive the death penalty, of
8    course then the defendants, they have the opportunity, if
9    they chose to do so, to introduce their own evidence in
10   mitigation, reasons why they believe the death penalty
11   should not be imposed. Would you consider the testimony
12   introduced by the government and the defense prior to
13   deciding whether the death penalty is appropriate in that
14   case, or would you automatically find in favor of the death
15   penalty without regard to the aggravating mitigating
16   evidence?
17           VENIREMAN: I would consider both options, both
18   sides.
19   Q.     Before you made final decision?
20           VENIREMAN: Before final decision was made.
21   Q.     Thank you.
22           THE COURT: Any questions?
23   BY MR. MILLER:
24           MR. ZERKIN:
25   Q.     Yes, Your Honor.

1277

1    Good afternoon, ma'am.

2    I notice on the questionnaire you were born in Clay
3    County, Mississippi. Is that where you were raised?

4    VENIREMAN: Raised in Monroe, the next county over,
5    right.

6    Q.   The specific crime capital crime that four of the
7    defendants are charged with is a knowing, intentional,
8    unlawful murder in furtherance of a conspiracy to distribute
9    crack cocaine. If you found one or more of the defendants
10   guilty of that specific charge, do you believe that
11   regardless of the aggravating or mitigating circumstances
12   that for that crime the only appropriate punishment would be
13   death?

14   VENIREMAN: Read the crime.

15   Q.   The crime?

16   VENIREMAN: The charge.

17   THE COURT: Read the whole question again.

18   Q.   I will do that.

19   If the jury found one of the defendants, one or more
20   of them, guilty of the following crime: A knowing,
21   intentional, and unlawful murder in furtherance of a
22   conspiracy to distribute crack cocaine -- that is the
23   crime -- would you then, regardless of the aggravating or
24   mitigating circumstances, believe that the death penalty was
25   the only appropriate punishment for that crime?

2:15-cr-00472-RMG Date Filed 08/19/16 Entry Number 313-1 Page 9 of 11
Case 1:13-cr-10200-GAO Document 682-1 Filed 12/01/14 Page 8 of 10

1278

1   VENIREMAN: I think I would have to vote for the
2   death penalty if it was a knowing crime, based on my
3   religious beliefs, yes.
4   Q.   Okay. That is based on religious beliefs?
5   VENIREMAN: Right.
6   Q.   So that the crime that is at issue here you would
7   believe that that would be the only appropriate punishment,
8   am I correct?
9   VENIREMAN: Right.
10  Q.   Thank you.
11  THE COURT: Any questions?
12  MR. NOVAK: Could I ask another?
13  BY MR. NOVAK:
14  Q.   Ma'am, I think -- I want to understand, because I
15  think your answer to my question and answer --
16  VENIREMAN: He explained it to me I think a little
17  better. He read the whole thing there, and I understood
18  more about what the question was when he read it. I am
19  having a little problem with aggravating and mitigating
20  here, so I what he said, the whole crime, I can answer my
21  question from that,
22  Q.   That is fine. Let me ask you one question.
23  Again, aggravating factors are the evidence that the
24  government would put forward as to why the government
25  believes that death is the appropriate sentence for the

2:15-cr-00472-RMG Date Filed 08/19/16 Entry Number 313-1 Page 10 of 11
Case 1:15-cr-10200-GAO Document 682-1 Filed 12/01/14 Page 9 of 10

1279

1 defendant. Mitigating is evidence that the defendants may
2 elect if they want to introduce as to why they say it is not
3 appropriate, the death penalty. My question to you
4 originally was this: If the defendant is convicted of the
5 crime that Mr. Zerkin just described, that is, of an
6 intentional, knowingly, unlawfully killing someone in
7 furtherance of a drug punishment, they are convicted of that
8 then we get to the second phase where there is this issue
9 about the government putting on aggravating factors, and
10 defense, if they want to, can put on mitigating evidence.
11 My question to you is: Would you consider the aggravating
12 and mitigating factors before making your decision, or as I
13 understand what you said to Mr. Zerkin was, that you would
14 automatically sentence them to death without any regard to
15 the aggravating or mitigating evidence.
16     MR. BAUGH: Excuse me, Your Honor.
17     THE COURT: Yes, sir.
18     VENIREMAN: Based on my religious beliefs, if it was
19 a knowing crime, committed by someone who knew what they
20 were doing, I would vote for the death penalty.
21     MR. NOVAK: Thank you.
22     THE COURT: You may step outside for just a moment.
23     (Venireman withdrew)
24     MR. NOVAK: Move to strike.
25     THE COURT: You agree she should be?

1280

1   MR. ZERKIN: Yes.

2   THE COURT: Ask her to come. Back, please.

3   (Venireman entered courtroom)

4   I want to thank you for the time and service that you
5   have given today in the administration of justice in the
6   Eastern District of Virginia. You may be called for service
7   further on a jury during the rest of your term, which I
8   think expires at the end of the month. But it won't be
9   necessary for you to serve on this jury. Nonetheless, even
10  though you won't serve, I want you to know that we
11  appreciate the time and commitment that you have given
12  today, because we can't do this job without you and people
13  like you.

14  You are excused to go about your business, and you
15  need not come back Friday.

16  Thank you so much. Fine.

17  (Venireman withdrew)

18  (Venireman entered courtroom)

19  THE COURT: All right.

20  Thank you very much again for your patience. I have
21  a couple of things I want to ask you.

22  I believe that either Mr. Wagner or you or somebody
23  said that you might have had lunch, or might have met Mr.
24  Wagner and forget about it, earlier in the introduction. Do
25  you remember either having lunch with Mr. Wagner or meeting