**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
850 W. Adams, Suite 201
Phoenix, Arizona 85007

**JON M. SANDS**　　　　　　　　　　　　　　　　　　　　　　　　602-382-2700
**Federal Public Defender**　　　　　　　　　　　　　　　　(Fax) 602-382-2800
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1-800-758-7053

August 30, 2016

The Honorable Richard M. Gergel
United States District Court for the District of South Carolina
Charleston Division
J. Waties Waring Judicial Center
P. O. Box 835
Charleston, SC 29402

　　　　Re:　*United States v. Dylann Storm Roof*
　　　　　　　Docket No. 15-00472

Dear Judge Gergel:

　　　　We write in support of the Court's notice that it intends to seal the suppression hearing scheduled for September 1, 2016, to the public. Sealing of the hearing is consistent with the law, despite the First Amendment interests at stake, because it protects other important values and because no alternative to full sealing of the proceeding is feasible. The Court need only issue specific findings in support of its order. *See Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984).

　　　　The Supreme Court has recognized that "[p]ublicity concerning pretrial suppression hearings poses special risks of unfairness," because "[t]he whole purpose of such hearings is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979). While this does not mean that every suppression hearing need be sealed, this Court has correctly recognized that in a case involving significant pretrial publicity and sensitive pretrial litigation, prudence is warranted, *cf.* Dkt. 322.

　　　　At stake here, along with the First Amendment rights of the press, are the defendant's Sixth Amendment rights to a fair and impartial jury and to effective assistance of counsel (through the attorney-client privilege). Disclosure of the materials at issue in the suppression motion would result in widespread and prejudicial pretrial publicity that could not help but infect the venire at a time proximate to jury selection, which commences in a few weeks. Moreover, disclosure would implicate the defendant's communications with counsel, and his basis for confidence in the privacy of such communications, as the trial approaches. Counsel are aware of

The Honorable Richard M. Gergel
August 30, 2016
Page 2

no other case implicating both of these important rights.  In fact, *Knight Publishing*, cited by those objecting to sealing, involved a case in which the jury had already been selected.  *See In re Knight Pub. Co.*, 743 F.2d 231, 232 (1984).

Alternatives to full sealing of the hearing – such as partial sealing or redaction of the items at issue – are not feasible here.[1]  The facts requiring sealing are so intertwined with the required testimony and legal argument that it would be impossible to maintain boundaries around the prejudicial material.  Last week's events show just how difficult it is to maintain confidentiality of sealed information in this case, even in writing, and even in apparently unrelated filings.  In illustration, we will file as soon as practicable a sealed exhibit,[2] demonstrating the publicity that ensued from the government's breach of the Court's sealing order.[3]

Nor is voir dire the answer.  The issue here does not involve the generalized pretrial publicity that attends any high-profile federal case.  *Compare Skilling v. United States*, 561 U.S. 358, 384 (2010).  It involves specific, highly inflammatory evidence.  *Cf. Rideau v. State of La.*, 373 U.S. 723 (1963) (holding that under the Due Process Clause of the Fifth Amendment, voir dire was insufficient to cure pre-trial prejudice where law enforcement conducted a pre-arraignment interview of the defendant, the defendant confessed to murder and other charges, and a film of the confession was repeatedly broadcast to potential jury pool by a local television station).  No questioning of potential jurors would be adequate to address coverage of the scheduled hearing.[4]

---

[1] The Court has indicated that it may unseal certain documents following trial.  That alternative was approved in *Gannett Co.*, and may be workable here.  *See Gannett Co.*, 443 U.S. at 393.

[2] We are in the process of compiling relevant press, but we hope to be able to file the exhibit in advance of Wednesday's hearing.

[3] It is not only the identification of the items that are subject to the motion to suppress that we wish to protect, but also their content.  Thus, last week's events do not affect the need to seal the hearing.

[4] Indeed, opening the hearing risks requiring reconsideration of change of venue, a matter the parties had put to rest, and which would interrupt the proceedings.

The Honorable Richard M. Gergel
August 30, 2016
Page 3

      For these reasons, we respectfully request that the Court seal Thursday's suppression hearing.

                                          Respectfully submitted,

                                          s/ *Sarah S. Gannett*
                                          Sarah S. Gannett
                                          Assistant Federal Public Defender
                                          Federal Public Defender for the District of Arizona
                                          850 W. Adams Street, Suite 201
                                          Phoenix, AZ 85007
                                          602-382-2862
                                          sarah_gannett@fd.org

                                          David I. Bruck
                                          Washington & Lee School of Law
                                          Lexington VA 24450
                                          540-458-8188
                                          bruckd@wlu.edu

                                          Kimberly C. Stevens
                                          Capital Resource Counsel
                                          Assistant Federal Public Defender for the
                                          District of Oregon
                                          1070-1 Tunnel Road, Suite 10-215
                                          Asheville, NC 28805
                                          336-788-3779
                                          kim_stevens@fd.org

                                          Attorneys for Dylann S. Roof

cc:     Julius N. Richardson, Assistant United States Attorney