IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Crim. No. 2:15-cr-00472-RMG |
| ) | |
| **v.** ) | |
| ) | Government's Notice |
| **DYLANN STORM ROOF** ) | of Supplemental Objections to |
| ) | Court's Proposed Voir Dire |
| ) | |
| ) | **UNDER SEAL** |

The United States of America files this Notice of Objections as ordered by this Court in Docket Entry 392. Recognizing the limitation on re-litigation, the Government raises the following objection to Question 31B because that question had not previously been included on the questionnaire:

**Question 31B**: The Government requests that the Court not include this sub-question, which addresses the statutory aggravating factor of multiple killings, *see* 18 U.S.C. §3592(c)(16). As a juror may assign whatever weight it deems appropriate for any given aggravator – as it may with any given mitigator – it is not appropriate to ask a juror to pre-judge how they would weigh a case-specific aggravating factor. *See Oken v. Corcoran*, 220 F.3d 259, 266 n.4 (4th Cir. 2000) (rejecting defense attempts to require crime-specific voir dire questions: "We … reject the suggestion that the trial court was required to ask potential jurors whether they would automatically impose the death penalty in rape-murder cases because … *Morgan* does not require crime-specific voir dire questions."); *Richmond v. Polk*, 375 F.3d 309, 329-31 (4th Cir. 2004) (rejecting the defense's improper stakeout question about the effect an aggravating factor – defendant's prior murder conviction – would have on a juror's ability to consider mitigating circumstances: "*Morgan* does not require a capital defendant be allowed to determine at voir dire what a prospective juror's sentencing decision will be if presented with a specific state of evidence or circumstances"); *see also Hodges v. Colson*, 727 F.3d 517, 527-29 (6th Cir. 2013) (finding that defense counsel's request to ask about the specific aggravating or mitigating factors at issue

was an improper attempt to preview how prospective jurors will vote given the specific facts of the individual case). Instead of asking this question about a case-specific aggravating factor, the Government requests that the Court follow the Fourth Circuit's guidance on identifying those jurors that would always impose death for a capital-qualifying conviction: "the most direct way to get at the possibility that that a prospective juror would always impose death following conviction is to put that very 'reverse-*Witherspoon*' question directly to him," *i.e.*, to ask whether the person would be irrevocably committed to voting for the death penalty regardless of the facts and circumstances." *United States v. Caro*, 597 F.3d 608, 615 (4th Cir. 2010) (quoting and relying upon *United States v. Tipton*, 90 F.3d 861, 878 (4th Cir. 1996)).

        Respectfully submitted,

        BETH DRAKE
        ACTING UNITED STATES ATTORNEY

        By:   s/Jay N. Richardson
        Jay N. Richardson (#09823)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, SC 29401
        (843) 266-1671

September 19, 2016