IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. | | |
| DYLANN STORM ROOF | | CONDITIONALLY[1] FILED UNDER SEAL |

**GOVERNMENT'S MOTION OPPOSING CLOSING THE COURTROOM AND SEALING PROCEDURAL DISPUTES ABOUT THE COMPETENCY HEARING**

First, the Government asks that the competency hearing be open to the public based on the victims' rights and desire to be present for the hearing; the presumption in favor of open proceedings; the lack of an overriding interest; and the availability of voir dire to ensure that jurors followed the instructions already provided to the potential jurors regarding publicity, research and discussion. Second, the Government requests that the briefing addressing the proper procedures for the competency hearing – including Roof's "Proposed Procedures" briefing, DE578, and this Motion – be unsealed.[2]

---

[1] As the Court Order directing the parties to respond was filed under seal, DE 573, the Government has filed this Motion in Opposition to Sealing under seal out of an abundance of caution. *See also* DE 322. However, the Government hereby moves this Court to unseal this response. *See*, *infra*, Section II.

[2] The Government is currently working on a substantive response to Roof's Proposed Procedures and will file a separate response addressing the appropriate procedures.

1

## I. The Victims Should Not Be Held in the Dark About the Competency Hearing

The victims in this case have a right to know what is occurring in this case. *See* 18 U.S.C. §3771. The victims have the statutory right not only to be present and be heard at public court proceedings but also the right to accurate notice of court proceedings. *Id.* at §3771(a)(2) & (3). Just as importantly, the victims have a "reasonable right to confer with the attorney for the Government in the case." *Id* at §3771(a)(5). That right to confer is inhibited when the courtroom is closed and merely procedural matters are sealed. While the Defendant does have a right to a fair trial, so too do the victims have a right to a fair trial, one that affords them access to the information and proceedings that address their experience and loss as well as the person who caused it.

## II. A Strong Presumption Applies to Having an Open Courtroom

Any consideration for the closing of a court proceeding begins with the strong presumption in favor of open proceedings, and this extends to pre-trial, trial and post-trial matters in a criminal case. *In re Washington Post,* 807 F.2d 383, 390-91 (4th Cir. 1986). The right to an open and public trial extends not only to the defendant but to the public and to victims. *See Bell v. Jarvis*, 236 F.3d 149, 165 (4th Cir. 2000) (en banc). In *Waller v. Georgia*, 467 U.S. 39 (1984), the Supreme Court provided standards for courts to apply before excluding the public from any stage of a criminal trial:

1. the party seeking to close a public hearing must advance an overriding interest that is likely to be prejudiced;

2. the closure must be no broader than necessary to protect that interest;

3. the trial court must consider reasonable alternatives to closing the proceeding; and

4. the Court must make findings adequate to support the closure.

*Id.* at 48; *see also Presley v. Georgia*, 558 U.S. 209, 214 (2016). As set forth, the interest must be "overriding" and not merely significant or substantial. Circumstances are "rare" where closing the Courtroom is permitted. *Presley*, 558 U.S. at 413. Additionally, before criminal proceedings can be closed, the trial court must make "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 13-14.

### A. There is No Overriding Interest in Closing the Hearing

The public is already aware that a competency hearing has been ordered take place on November 16, 2016. *See* DE 564. Given the statutory structure in Sections 4241 and 4247, which govern the court's independent expert evaluation, report and resulting hearing, there is no sufficiently compelling interest in closing the hearing. Thus, the hearing should remain open. To the extent that the Defendant relies upon some unspecified and unsubstantiated threat to his right to a fair trial, such board concerns that would apply to any criminal matter with a competency hearing should be rejected. *See Presley*, 558 U.S. at 215 (dismissing the suggestion that "generic risk" "unsubstantiated by any specific threat or incident" reflecting "broad concerns" were sufficient to close the voir dire process).

3

### B.     Closing the Hearing is Not the Least Restrictive Means

Even if Roof were able to establish that there is some actually compelling interest in closing a portion of the hearing, the closing of the hearing – particularly in its entirety – is not the least restrictive means of protecting that interest. *See In re Time*, 182 F.3d at 271. The Supreme Court has been clear that "trial courts are required to consider alternatives to closure even when they are not offered by the parties … [and] are obligated to take every reasonable measure to accommodate public attendance at criminal trials." *Presley*, 558 U.S. at 214.

As this Court is aware, trial courts have been directed to carefully consider whether the potential prejudice may be curable through careful voir dire of potential jurors. Even high profile cases, voir dire can address any publicity concerns and serves as the "preferred safeguard" against the potential prejudice of pretrial publicity. *In re Charlotte Observer*, 882 F.2d 850, 855 (4th Cir. 1989). This Court has instructed the remaining potential jurors both orally – during the hearings held during the week of September 25 – and in writing – on the case-specific questionnaire – to avoid all media coverage and refrain from internet research or discussions about the case with anyone.[3] The Court can more narrowly address any interest in protecting the ability to draw a fair jury by asking prospective jurors during individual voir dire if they followed the Court's previous instructions to avoid all media accounts, internet research or discussions related

---

[3] In contrast, the Court had not yet been able to provide such an instruction when this Court decided to close a suppression hearing. DE 347 (relying heavily upon the fact that the "Court has not yet had an opportunity to instruct prospective jurors to avoid media reports on this case" in deciding voir dire was insufficient to maintain an open courtroom).

to the case (with a follow up addressing whether the juror heard anything, inadvertently or not, about the reason for the delay in jury selection).

### III. The Public Has a Right to Access to Disputes about the Competency Hearing

The public has a First Amendment right, though not an unlimited one, of access to criminal pre-trial motions and their attachments. *In re Time*, 182 F.3d 270, 271 (4th Cir. 1999) (holding that the First Amendment applies to a defendant's pre-trial motions). In light of this right, the Court must determine whether the sealing of the motion and exhibits both serves a compelling interest and is narrowly tailored to that interest. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Globe Newspaper Co. v. Superior Court for Norfolk Cnty*, 457 U.S. 596, 607 (1982). In making that determination, this Court must follow four procedural steps: "That is, the court must (1) provide public notice that the sealing of documents may be ordered, (2) provide interested persons an opportunity to object before sealing is ordered, (3) state the reasons, supported with specific findings, for its decision if it decides to seal documents, and (4) state why it rejected alternatives to sealing." *In re Time*, 182 F.3d at 271; *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir. 1989). Steps 1 and 2 provide interested parties with an opportunity to oppose the request to seal. Step 3 ensures that the Court find the requisite "compelling interest" to be supported by specific findings. Step 4 confirms that the scope of any sealing is "narrowly tailored" to the specific compelling interest.

5

### A. Roof Fails to Establish a Compelling Interest in Sealing the Defendant's "Proposed Procedures for Competency Proceedings"

Roof's claimed interests – the proposed procedures are "sensitive," DE578 at n.1, and threaten the right to a fair trial, *id.* at 9 – are not sufficiently compelling to justify sealing procedural disputes about how the competency hearing will be handled under Section 4241 and 4247. The only reference in the Defendant's motion that might raise sufficient concerns to necessitate redaction is the "other than" clause in bullet three on page 5. *See* DE578 at 5; *cf.* DE 322. Otherwise, the Defendant's motion and this Motion address merely procedural issues for which no compelling interest in sealing has been articulated. *See Presley*, 558 U.S. at 215 (dismissing suggestion that "generic risk" "unsubstantiated by any specific threat or incident" reflecting "broad concerns" were sufficient to establish an overriding interest to shield information from the public). Thus, the parties briefing addressing these procedural issues should be unsealed.

### B. Roof Fails to Show that Sealing the Motion and Exhibits is the Least Restrictive Means

Even if Roof were able to establish that there is some actually compelling interest in sealing a portion of the motion, sealing the entirety of the briefing is the least restrictive means of protecting that interest. *See In re Time*, 182 F.3d at 271. As discussed above, any potential effect on a fair trial is curable through careful voir dire of potential jurors. *In re Charlotte Observer*, 882 F.2d at 855. Given this Court's instructions to the potential jurors about avoiding media coverage and refraining from internet research or

discussions about the case, the Court can narrowly address any fair trial interest by asking prospective jurors during individual voir dire if they followed the Court's previous instructions.

\* \* \*

The Government thus requests that the competency hearing scheduled for November 16 remain open to the victims as well as the public. Particularly in light of the strong interests of the victims to be present for the hearing, there is no overriding interest in closing the hearing. Moreover, even if such an overriding interest did exist, options such as voir dire that are far more narrowly tailored than closing the hearing are available. For similar reasons, the Government also requests that the Court unseal the parties' briefing addressing the appropriate procedures to be followed under Section 4241 and 4247.

Respectfully submitted,

BETH DRAKE
ACTING UNITED STATES ATTORNEY

s/ Julius N. Richardson
Julius N. Richardson
Nathan Williams
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000

Stephen J. Curran
Special Litigation Counsel
Mary J. Hahn
Trial Attorney

7

Civil Rights Division
U.S. Department of Justice

Richard E. Burns
Deputy Chief
Capital Case Section
U.S. Department of Justice