## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No. 2:15-472-RMG |
| vs. ) | |
| ) | |
| Dylann Storm Roof, ) | **ORDER** |
| ) | |
| _____) | |

Shortly before the commencement of the individual voir dire stage of jury selection, defense counsel raised for the first time the issue of Defendant's competency to stand trial. (Dkt. Nos. 581-1 at 9, 583). Under controlling legal standards, which require the Court to presume the truthfulness of all evidence presented regarding the need to assess Defendant's competency, the Court found there was a reasonable basis to undertake a formal competency assessment. (Dkt. No. 559). The Court appointed an examiner to evaluate Defendant's competency and scheduled a formal hearing on competency to follow receipt of the examiner's report. Defendant moved to close the competency hearing, arguing that the public disclosure of competency-related evidence could prejudice his right to a fair trial and impartial jury. (Dkt. No. 578). The Government opposed the motion, arguing that the Court could cure any potential prejudice that might arise from the competency hearing through individual voir dire. (Dkt. No. 579).

The Court gave public notice regarding the possible closing of the competency hearing and invited any interested persons to object to closure by filing an objection by November 14, 2016. The Government, Evening Post Industries, Inc., National Public Radio, Inc., The Associated Press, The State Media Company, Inc., and WCSC TV Live 5 News have objected to

-1-

closure of the competency hearing. (Dkt. Nos. 579, 587, 592, 597, 604).

## I. Legal Standard

It is well settled that there is a strong presumption in favor of open court proceedings, grounded on the freedom of press clause of the First Amendment of the United States Constitution. *In re Washington Post*, 807 F. 2d 383, 390-91 (4th Cir. 1986). The First Amendment is not, however, absolute, and must be balanced against a defendant's right to a fair trial and impartial jury guaranteed by the Sixth Amendment. *In re S.C. Press Ass'n*, 946 F.2d 1037, 1041 (4th Cir. 1991). The closing of *any* court proceeding is a weighty decision that must be reluctantly undertaken only where there is a compelling state interest in closing the proceeding and the closure is narrowly tailored to serve that interest. *Globe Newspaper Co. v. Super. Ct. for Norfolk City*, 457 U. S. 596, 606-607 (1982).

Before closing any Court proceeding, the Court must carefully consider and specifically determine that each of the following factors are present: "(1) there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity; (2) there is a substantial probability that closure would prevent that prejudice; and (3) reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *In re State-Record Co., Inc.*, 917 F.2d 124, 127 (4th Cir. 1990); *see also Press-Enter. v. Super. Ct. of Cal.*, 478 U.S. 1, 13-14 (1986).

The Court's determination of a defendant's competency is not an examination of the innocence or guilt of the accused. Instead, the competency determination focuses on whether the defendant "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). Thus, the Court must ultimately determine whether Defendant has the "sufficient

present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

A court's decision to close a competency hearing is complicated by several factors regarding the nature of the competency evaluation and of the proceedings undertaken to determine competency. First, the competency examination is undertaken by a court-appointed examiner who speaks directly with the defendant. The defendant is not provided *Miranda* warnings before the court-appointed examiner questions him, and the defendant may disclose matters to the examiner in the course of the evaluation that would otherwise never be disclosed in a criminal trial because of his Fifth Amendment right to remain silent and not be a witness against himself. Second, the competency hearing provides the defendant a right to testify regarding his competency, without waiving his constitutional right to silence at his criminal trial. 18 U.S.C. § 4247(d). Third, because of the nature of the examiner's report on competency, the Supreme Court has held that, in some instances, the examiner's report may not be used against the defendant in his criminal trial and such use may be the basis to overturn a jury's decision in a capital case. *Estelle v. Smith*, 451 U.S. 454, 473 (1981); *see also, United States v. Curran*, 2006 WL 1159855 at *5 (D. Ariz. 2006) ("Premature disclosing information regarding Defendant's mental health to the public at large could taint potential jurors . . .").

## II. Discussion

The Court is now in receipt of the examiner's report on Defendant's competency to stand trial in this matter. The examiner's report relies extensively upon his interviews with Defendant. The Court anticipates that the examiner's findings and the factual bases of those findings will be

-3-

extensively discussed in the competency hearing. The admissibility of much of this evidence at Defendant's criminal trial has not been addressed by the Court. Under these circumstances, the Court finds it wholly impractical to conduct a proper competency hearing in this matter without running the substantial risk of disclosing information that would prejudice Defendant's right to a fair trial and an impartial jury.

Given the nature of the evidence that may be submitted during the hearing and the extensive media coverage of this case, the Court finds there is a substantial probability that Defendant's right to a fair trial and an impartial jury would be prejudiced by conducting the competency hearing in public. The Court also finds that there is a substantial probability that closure would prevent this prejudice.

Finally, the Court finds reasonable alternatives to closure cannot adequately protect Defendant's fair trial rights in this matter. The Government suggests that voir dire and the Court's instructions to potential jurors not to view media are sufficient alternatives. The potential prejudice in most cases can be addressed through voir dire, but it is recognized that "in particular cases the threat may be so overwhelming" that closure is the only available option. *In re Charlotte Observer*, 882 F.2d at 855. There are still hundreds of potential jurors in this case. While the Court is confident prospective jurors will obey this Court's instructions, given the extensive coverage at the local and national levels, the extensive public conversation about this case on social media, and innumerable private conversations about this case in our community, the Court finds there is still a substantial probability that prospective jurors may exposed inadvertently to information about this case. Voir dire may be sufficient to resolve issues regarding some such accidental exposure, but it may not be sufficient to cure all prejudice should

the competency hearing be made public. Therefore, the Court finds no reasonable alternative to closure.

The Court will carefully examine the transcript of the hearing to determine whether portions of it can be released. Furthermore, the Court intends to release a public order regarding Defendant's competency to stand trial. To the extent that the Court cannot write a full order addressing competency without referencing prejudicial, possibly inadmissible evidence, the Court will issue a redacted order to the public.

In reaching the decision to close the competency hearing in this case, the Court remains mindful of the strong interest of the press, the public and the victims' families in open and transparent court proceedings. The Court shares that commitment to an open courthouse and open court proceedings. But no one's interest is served by a violation Defendant's fair trial rights, and the Court will continue to weigh carefully and respectfully that delicate balance between two of the most sacred rights enshrined in the United States Constitution–the right to open court proceedings and an accused's right to a fair trial.

### III. Conclusion

For the foregoing reasons, the Court finds Defendant's Sixth Amendment rights to a fair trial, and a fair and impartial jury require closure of the competency hearing now scheduled on November 21, 2016. Any interested party wishing to object in person to the closing of the hearing may do so on November 17, 2016, at 1:00 p.m.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

November 16, 2016
Charleston, South Carolina