# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| vs. | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| Dylann Storm Roof, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

RECEIVED USDC CLERK, CHARLESTON, SC 2016 NOV 25 AM 8:53

This matter comes before the Court on the issue of Defendant's competency to stand trial. During a November 7, 2016 *ex parte* hearing, defense counsel moved for Defendant to undergo a competency evaluation pursuant to 18 U.S.C. § 4241. In addressing a motion to hold a competency hearing and to order a competency examination, the Court must consider "all evidence before it" and to "accept as true all evidence of possible incompetence." *United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995). In light of those standards and the information provided by defense counsel on November 7, 2016, the Court determined that it was necessary to appoint an examiner to assess Defendant's competency and to conduct thereafter a full competency hearing. Consequently, on November 7, 2016, the Court designated Dr. James C. Ballenger as the court-appointed examiner and advised the parties that Dr. Ballenger would commence his evaluation the following day.[1] Dr. Ballenger completed the examiner's report on

---

[1] Dr. Ballenger is one of the nation's most renowned and respected psychiatrists. He has practiced psychiatry for over forty five years and chaired the Department of Psychiatry and Behavior Sciences at the Medical University of South Carolina for seventeen years. He has authored or edited 16 books and contributed to over 350 articles in the field of psychiatry. The Court is grateful for Dr. Ballenger's timely and capable service to the Court in this matter.

November 15, 2016. The Court conducted a competency hearing on November 21-22, 2016, and received testimony and voluminous documents and other information related to the issue of competency. This included the live testimony of Dr. Ballenger and four other witnesses and the testimony by sworn affidavits of three additional persons.

A criminal defendant is not competent to stand trial only if the Court finds "that the defendant is presently suffering from a mental disease or defect" that renders him "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The test for competency is whether the defendant "has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 404, 402 (1960). A defendant must have the "capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). A defendant bears the burden of proving he is not competent by a preponderance of the evidence. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005).

After carefully considering the record before the Court, the relevant legal standards, and the arguments of counsel, the Court now finds and concludes that the Defendant is competent to stand trial. The Court is filing under seal Findings of Fact and Conclusions of Law regarding the issue of competency simultaneous with the issuance of this Order. The Findings of Fact and Conclusions of Law have been sealed based upon the Court's determination that the public disclosure of that document at this time would prejudice Defendant's rights under the Fifth and Sixth Amendment of the United States Constitution and place in jeopardy the Defendant's right

to select a fair and impartial jury and to a fair trial. Jury selection in this case will resume on Monday, November 28, 2016, with the conducting of individual voir dire.

    AND IT IS SO ORDERED.

                                                Richard Mark Gergel
                                                United States District Court

November 25, 2016
Charleston, South Carolina