IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. | ) ) |  |
| DYLANN STORM ROOF | ) ) | **PROVISIONALLY[1] UNDER SEAL** |

**GOVERNMENT'S MEMORANDUM OF LAW ON SELF-REPRESENTATION**

A criminal defendant has a constitutional right to self-representation. *Faretta v. California*, 422 U.S. 806 (1975); *United States v. Hilton*, 701 F.3d 959, 964-65 (4th Cir. 2012). As the Court explained in *Faretta*, "[t]o thrust counsel upon the accused, against his considered wish, thus violates the logic of the [Sixth] Amendment.... Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense." 422 U.S. at 820; *id.* at 817 ("[F]orcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so."). While the Government and the Court have an interest in having counsel remain to ensure the integrity and efficiency of the trial, that interest cannot trump the defendant's constitutional right.

To invoke that constitutional right, a defendant's assertion must be (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000). Neither the Supreme Court nor the Fourth Circuit has

---

[1] The Government files this brief under seal out of an abundance of caution. However, the Government moves that this Court unseal this brief and conduct any proceedings in open court for the reasons previously articulated for opposing closing the courtroom and sealing the briefing addressing the procedure to be used in the competency hearing.

1

"prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *Spates v. Clarke*, 547 Fed. Appx 289, 293 (4th Cir.2013). The defendant must only "be made aware of the dangers and disadvantages of self-representation" such that "he knows what he is doing and his choice is made with eyes open." *Indiana v. Edwards*, 554 U.S. 164, 183 (2008) (quoting *Faretta*); *United States v. Parker*, 576 Fed. Appx 157, 162 (4th Cir. 2014). Regardless, to establish that the waiver is clear and unequivocal, the Court should directly address the defendant in a *Faretta* hearing. *See Federal Judges Benchbook* § 1.02(c)

In the capital context, the Supreme Court addressed the issue of the ability of a defendant to waive counsel and assert the right to self-representation in *Godinez v. Moran*, 509 U.S. 389 (1993). There, the defendant was sentenced to death after the defendant discharged his attorneys and entered guilty pleas in order to "prevent the presentation of mitigation evidence at his sentencing." *Id.* at 392.[2] The trial court had found that the defendant had waived counsel and then sentenced him to death on all three counts, two of which were affirmed on appeal. *Id.* at 393. In federal habeas proceedings, the Ninth Circuit concluded that competency to waive constitutional rights requires a higher level of mental functioning than that required to stand trial. *Id.* at 394. The Supreme Court disagreed, rejecting "the notion that competence to plead guilty or to waive the right to counsel must be measured by a standard that is higher than (or even

---

[2] In *Schriro v. Landrigan*, 550 U.S. 465, 479 (2007), the Supreme Court relied upon the defendant's affirmative decision to not present any mitigation evidence to determine that there could be no prejudice under *Strickland* for an inadequate mitigation investigation because the defendant would have refused to permit the introduction of mitigation evidence in any event. This holding necessarily adopts the proposition that the defendant may choose not to present a mitigation defense. *Cf. People v. Brown*, 59 Cal. 4th 86, 112, 326 P.3d 188, 207 (2014) ("the decision whether to forego legally available objectives or methods because of non-legal factors is ultimately for the client....") (citations and internal quotation marks omitted). Without that necessary premise, the Court could not have found that the failure to investigate mitigation would necessarily lack prejudice. As such, the mere refusal to permit mitigation evidence that is inconsistent with the strategic aims of the defendant and the message he intends to stand by should not form the basis of a finding of incompetence to represent himself.

different from)" the trial competency standard. *Id.* at 398. Thus, the Court concluded, "the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." *Id.* at 399 (emphasis in original); *see also Godinez*, 509 U.S. at 400 ("a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation"); *United States v. Williams*, 629 Fed. Appx. 547, 551 (4th Cir. 2015).[3]

As the Fourth Circuit has instructed, the Supreme Court's decision in "*Edwards* did not alter that result [in *Godinez*]." *United States v. Bernard*, 708 F.3d 583, 589 (4th Cir. 2013). In *Edwards*, the court found that a state *could* constitutionally choose to deny the right to self-representation to those "competent enough to stand trial … but who still suffer from *severe mental illness* to the point where they are not competent to conduct trial proceedings." *Id.* at 178 (emphasis added). Thus, "after *Edwards*, at least one relevant consideration for a district court in determining whether or not to force counsel on a mentally ill defendant is whether a defendant who is otherwise able to satisfy the competence standard may nevertheless be "*unable* to carry out the basic tasks needed to present his own defense without the help of counsel." *Bernard*, 708 F.3d at 590 (quoting *Edwards*, 544 U.S. at 175–76) (emphasis added). In this context, *Edwards* refers – as does *Dusky* – to the defendant's "mental capacities," not the willingness or wisdom of the manner in which the defendant chooses to use his capabilities. 554 U.S. at 177-78. Even so, a defendant's lack of competence in legal affairs has no bearing on his ability to knowingly and intelligently waive the right to counsel. *Faretta*, 422 U.S. at 835 (The "defendant need not

---

[3] *Faretta* imposes no requirement that the court conduct a specific and searching assessment of the defendant's education or background. *Spates v. Clarke*, 547 Fed. Appx. 289, 296 (4th Cir. 2013).

himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation.").[4]

At the heart of the defendant's Sixth Amendment right to represent himself is the right to conduct his defense as he sees fit, to present "his case in his own way." *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984). Accordingly, "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." *Id.* at 178; *see United States v. Davis*, 285 F.3d 378, 381 (5th Cir. 2002) (defendant's motion to proceed *pro se* improperly denied because waiver of right to counsel was knowing and intelligent and denial of motion would strip defendant of right to preserve control of trial). "[A]lthough [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law." *Faretta*, 422 U.S. at 834. If the defendant engages in deliberate obstructionist or unruly behavior may the defendant be deemed to have waived his right to self-representation. *See Faretta*, 422 U.S. at 834-35, n. 46 (noting that the right to self-representation does not include the right to "engage in serious and obstructionist misconduct," to "abuse the dignity of the courtroom," or to fail to comply with the "relevant rules of procedural and substantive law"); *United States v. Bush*, 404 F.3d 263, 272 (4th Cir. 2005) (defendant's motion to proceed *pro s*e properly denied because defendant's request was effort to delay and manipulate trial proceedings).

A district court may not deny a defendant his right to self-representation based on conclusion that the choice of self-representation is foolish. *Imani v. Pollard*, 826 F.3d 939, 945 & n.1 (7th Cir. 2016) ("Nothing in *Faretta* or its progeny allows the judge to require the

---

[4] *See also*, *e.g.*, *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005) (right to counsel may be knowingly and intelligently waived though defendant has history of mental illness and lacks legal knowledge); *United States v. Hall*, 610 F.3d 727, 735 (D.C. Cir. 2010) (right to counsel may be knowingly and intelligently waived regardless of defendant's lawyering skills and experience).

4

defendant to prove he is making the choice for a reason the judge finds satisfactory. … A court may not deny a defendant his right to represent himself because the choice is rash, hasty, or foolish. In the end, the choice is the defendant's, no matter how foolish it is."); *United States v. Reed*, 668 F.3d 978, 985-86 (8th Cir. 2012) (finding the defendants "had the right to represent themselves and go down in flames if they wished, a right the district court was required to respect").

Moreover, even if the Court disagrees with a defendant's strategic choices about how to present his case in the manner in which he chooses, that disagreement is not a basis on which to deny a defendant his constitutionally protected right to self-representation. *See Faretta*, 422 U.S. at 834 ("[A]lthough [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law."); *see also Silagy v. Peters*, 905 F.2d 986, 1007-08 (7th Cir. 1990) (holding that "we do not believe that the right which *Faretta* grants can or should be contingent on [the nature of the defense which the defendant wishes to present]"); *United States v. Davis*, No. 01-30656, 2001 WL 34712238, at *3 (5th Cir. July 17, 2001) (holding that district court erred in denying the defendant's right to represent himself based solely on his refusal to present traditional mitigation evidence during the penalty phase).

In *United States v. Davis*, for example, the Fifth Circuit twice issued writs of mandamus compelling the district court to permit a capital defendant to represent himself and make all strategic decisions during the penalty phase of trial, including the "risky" decision not to present any traditional mitigating evidence to the jury. *See Davis*, 285 F.3d at 384-85 (holding it was error for the district court to appoint independent counsel to present mitigating evidence to the jury, over the objection of the defendant); *id.*, 2001 WL 34712238, at *3-4 ("*Faretta* is clear. If

5

[the defendant] made a knowing and intelligent waiver of his right to counsel, he is entitled to represent himself."). In issuing the writs, the Fifth Circuit declared:

> Nothing in this opinion should be construed by [the defendant] as any indication that we think his defense strategy is a winning one. Indeed, it may be foolhardy. However, our task is not to cast judgment upon the wisdom of [the defendant's] strategy. Our task is simply to make sure that, as long as he has voluntarily and intelligently chosen to represent himself, he is given the opportunity to employ his own strategy, whatever it may be, without interference from an independent counsel acting at the behest of the judiciary.

Regardless of the perceived effectiveness of a capital defendant's putative decisions, capital defendants have the right to self-representation to control their own defense. For example, Courts have held that a defendant's right to self-representation encompasses the right to refuse to put on any mitigation evidence all together. *See, e.g.*, *Silagy*, 905 F.2d at 1007 (holding that *Faretta* applies even where "no evidence is presented in mitigation during the sentencing phase"); *cf. Blystone v. Pennsylvania*, 494 US. 299, 306 n.4 (1990) (upholding imposition of death penalty despite noting that the defendant, ignoring "repeated warnings" by the court and the advice of his counsel, refused to put forward any mitigating evidence for no reason other than "I don't want anybody else brought into it"); *Singleton v. Lockhart*, 962 F.2d 1315, 1321 (8th Cir. 1992) (holding that a capital defendant may knowingly and voluntarily waive the right to present mitigating evidence during the penalty phase); *State v. Arizona*, 377 P.3d 993, 996-97 (Az. 2016) (holding that as long as the defendant knowingly and intelligently waived his right to counsel, he may choose not to put on mitigation evidence during the penalty phase).

Finally, a request to act *pro se* is timely if made before the jury is selected and empaneled. *United States v. Lawrence*, 605 F.2d 1321, 1324 (4th Cir. 1979) (noting that timely assertion requires the right of self-representation be asserted at some time "before meaningful trial proceedings have commenced"; affirming denial of *pro se* representation as untimely when

6

made after jury selected); *see also Hilton*, 701 F.3d at 965 (defendant's request to proceed *pro se* during jury selection process properly denied as untimely and improperly motivated by a desire to delay proceedings); *United States v. Young*, 287 F.3d 1352 (11th Cir. 2002) (that defendant's request to proceed *pro se* was untimely where it was not made before the jury was empaneled). Even an untimely motion for self-representation may be granted within the Court's discretion. *Lawrence*, 605 F.2d at 1324.

* * *

The Government therefore respectfully requests that the Court hold a *Faretta* hearing to advise the defendant and carefully determine if the above-discussed standards are met.

    Respectfully submitted,

    BETH DRAKE
    ACTING UNITED STATES ATTORNEY

    s/ Julius N. Richardson
    Julius N. Richardson
    Assistant United States Attorney
    1441 Main Street, Suite 500
    Columbia, SC 29201
    (803) 929-3000