IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

## RESPONSE REGARDING DEFENDANT'S AUTHORITY TO UTILIZE STAND-BY COUNSEL

The defendant, through stand-by counsel, files this response to the Court's inquiry regarding his authority to work with and through stand-by counsel on matters related to his case. The Supreme Court has directly addressed this question in *McKaskle v. Wiggins*, 465 U.S. 168 (1984), which held that a *pro se* defendant's Sixth Amendment right to conduct his own defense was not violated even by the unsolicited participation – over the defendant's objection – by stand-by counsel in court proceedings.[1] The defendant requests here merely that stand-by counsel be permitted to participate at the defendant's request and with his prior authorization. *Wiggins* clearly authorizes this: "*Faretta* rights are adequately vindicated in proceedings outside the presence of the jury if the *pro se* defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of

---

[1] For the Court's convenience, we attach a copy of *Wiggins* as Exhibit 1.

1

counsel." 465 U.S. at 179. Moreover, even "a categorical bar on participation of standby counsel in the presence of the jury is unnecessary," so long as the defendant invites the participation. *Id.* at 182.

## LEGAL ARGUMENT

To avoid future confusion about the limitations of stand-by counsel's participation, we review more fully the Supreme Court's discussion in *Wiggins*. The Court stated unequivocally that, under *Faretta v. California*, 422 U.S. 808 (1975), "no absolute bar on standby counsel's unsolicited participation is appropriate or was intended." 465 U.S. at 176. The court explained that, "[t]he right to appear pro se exists to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense. Both of these objectives can be achieved without categorically silencing standby counsel." *Id.* Thus, "[i]n determining whether a defendant's *Faretta* rights have been respected, the primary focus must be on whether the defendant had a fair chance to present his case in his own way." *Id.* at 176-77.

Although the Court was clear that "*Faretta* itself dealt with the defendant's affirmative right to participate, not with the limits on standby counsel's additional involvement," *id.* at 177, in order to avoid "a cacophony" of voices on behalf of the defense, "the *Faretta* right must impose some limits on the extent of standby counsel's *unsolicited* participation," *id.* But the Court then set only two limits in *Wiggins*:

(1) "The pro se defendant is entitled to preserve actual control over the case he chooses to present to the jury", and

> (2) "[P]articipation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself."

*Id.* at 178. As examples of when these limits may be violated, the Court cited standby counsel making or substantially interfering with significant tactical decisions, controlling the questioning with witnesses, or speaking instead of the defendant on matters of importance before the jury. *Id.* at 178-79.

As the Court noted, stand-by counsel's involvement outside the courtroom involves only the first limit, particularly since, "the trial judge, who in any event receives a defendant's original *Faretta* request and supervises the protection of the right throughout the trial, must be considered capable of differentiating the claims presented by a pro se defendant from those presented by standby counsel." *Id.* at 179 (citing cases). Here, the Court understands better than most judges what motivated the defendant's election to proceed *pro se*, and is well suited to ensure that his *Faretta* right is protected. This is particularly true, because, in accord with *Wiggins*, the defendant has demonstrated a willingness to discuss any problems in his relationship with counsel freely and openly with the Court. *Cf. id.* at 179 (discussing vindication of *Faretta* rights by colloquy between trial judge and defendant).

Participation by stand-by counsel in front of the jury potentially implicates both limits, but the Supreme Court has observed that "[a] defendant's invitation to counsel to participate in the trial obliterates any claim that the participation in question deprived the defendant of control over his own defense." *Id.* at 182. The defendant need only

"expressly and unambiguously renew his request that standby counsel be silenced" in order to reassert control. *Id.* at 183. Even in front of the jury, the Supreme Court made plain that *Faretta* rights are not infringed when stand-by counsel assists the defendant "in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony that the defendant has shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* 183.

In *Wiggins*, the Supreme Court reversed a Fifth Circuit ruling that sounds in the government's position here: that stand-by counsel should be seen and not heard. *See id.* at 173 ("We do not accept the Court of Appeals' rule [that appointed standby counsel is 'to be seen, but not heard']."). In doing so, it approved a proceeding in which standby counsel, among other things:

- participated in voir dire
- "frequently explained to the trial judge their views"
- "made motions [and] dictated proposed strategies into the record"
- "registered objections to the prosecution's testimony"
- "urged the summoning of additional witnesses"
- "suggest[ed] that the trial be postponed"
- "suggested questions the defendant should have asked of witnesses"
- requested jury instructions

4

*Id.* at 180.  The Court concluded that "Wiggins was given ample opportunity to present his own position to the court on every matter discussed.  He was given time to think matters over, to explain his problems and concerns informally, and to speak to the judge off the record.  Standby counsel participated actively, but for the most part in an orderly proceeding."  *Id.* at 181.  Any concern about the defendant's *Faretta* rights was resolved by the trial court's explanation that "all conflicts between Wiggins and his counsel were resolved in Wiggins' favor," and because "in no instance was counsel's position adopted over Wiggins' on a matter that would normally be left to the defense's discretion."  *Id.*

## PRACTICAL CONSIDERATIONS

The roles contemplated here for stand-by counsel – making and explaining occasional objections, communicating with the government, and drafting and filing motions, all at the defendants direction and with his approval – are entirely consistent both with *Wiggins* and with the defendant's right to self-representation.  *See id.* at 188 ("[C]ounsel need not be excluded altogether, especially when the participation is outside the presence of the jury or is with the defendant's express or tacit consent.").  Stand-by counsel agree, however, that the defendant should have the ability to exercise his right to self-representation as freely as possible.  In that regard, the defendant requests that the government serve pleadings in a manner that permits him time to review them with stand-

5

by counsel and conduct necessary research and/or investigation prior to related court proceedings.

Respectfully submitted,

DYLANN STORM ROOF

s/ *Sarah S. Gannett*
Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Emily C. Paavola
900 Elmwood Ave., Suite 200
Columbia, SC 29201
803-765-1044
Emily@justice360sc.org

Stand-by Counsel for Dylann S. Roof