IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**SURREPLY REGARDING DKT. NO. 692
(GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE REGARDING
DEFENDANT'S AUTHORITY TO UTILIZE STANDBY COUNSEL)**

The defendant, by and through standby counsel, files this brief in response to Dkt. No. 692 (Government's Reply to the Defendant's Response Regarding Defendant's Authority to Utilize Standby Counsel). The defendant notes his objection to unsealing the government's filing, Dkt. No. 692, without redaction, due to the sealed and sensitive information contained therein.

The government overstates the defendant's intent in requesting authority to utilize standby counsel to assist in court proceedings. Although *McKaskle v. Wiggins*, 456 U.S. 168 (1984), permits significant involvement of standby counsel without compromising the defendant's right to self-representation, at this time, the defendant seeks only limited assistance in the context of jury selection – the ability for counsel, with specific authorization of the defendant, to:

(1) communicate with the Court and government counsel about juror excusals and

1

(2) explain objections made by the defendant during voir dire.[1]

The intent of this request is not to complicate or prolong the proceedings, nor to provide the defendant "two bites at the apple." Rather, it is to ensure that the defendant is able to efficiently and effectively protect his interests in the very nuanced and complicated process of capital jury selection. We recognize that standby counsel's assistance during the start-up of jury selection helped the defendant to revisit a small number of prior rulings (once on November 28 and once on November 29). We regret the appearance of second-guessing that may have arisen from the defendant's delayed objections to certain jury questioning on these two occasions. But looking forward, it is obvious that allowing the defendant to invoke standby counsel's assistance *at the time he actually wants and needs it* should eliminate rather than facilitate delayed objections to rulings on the adequacy of voir dire questioning or to the qualification of jurors.

The government does not explain how these requests undermine the two limits expressed in *Wiggins* – preserving the defendant's control over his case and protecting the public perception that the defendant is representing himself. *See* 465 U.S. at 178. To the contrary, these requests are entirely consistent with those limits, and with the purpose

---

[1] The Court has already authorized standby counsel to communicate with the government on the defendant's behalf and to receive copies of pleadings and other electronic communications from government counsel and the Court, which were the defendant's other primary concerns at this time. *Cf. United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998) (noting appropriateness of district court's "responsiveness" to *pro se* defendant's requests regarding standby counsel as trial progressed).

2

of standby counsel to assist a pro se defendant in "complet[ing] specific tasks" and "compl[ying] with basic rules of courtroom protocol and procedure."

Our requests are a far cry from the "hybrid representation" described in the government's reply. As the Court has observed, thus far, standby counsel have been serving in a supportive role for the defendant, as contemplated in *Wiggins* and in the Fourth Circuit precedent cited by the government. Neither the defendant nor standby counsel propose to deviate from this. *See* Dkt. No. 679 at 5. Nor do we suggest that our requests should enable engaging in second-guessing the Court's rulings or in airing disagreements between the defendant and standby counsel that may arise. *Wiggins* is clear that standby counsel must not "confuse the message the defendant wishes to convey." 465 U.S. 168. That is discussed at length in the defendant's initial pleading on this subject. *See* Dkt. No. 679. Standby counsel understand that the defendant would discharge us, if we were to undermine his objectives.

The parties, standby counsel, and the Court share the objective of obtaining a fair and just result in this matter. Achieving that objective requires the involvement of standby counsel, at least to some degree. Particularly in a capital case, where the issues are so complex and the stakes are so high, the Court should not lightly dismiss the importance of the role of standby counsel in providing requested assistance to the defendant. Indeed, the Eighth Amendment requirement of heightened reliability in death penalty determinations and the Fifth Amendment requirement of due process may *require* the Court to authorize the defendant's requests. *See* Jonathan DeSantis, *David versus*

*Goliath: Prohibiting Capital Defendants from Proceeding Pro Se*, 49 No. 1 Crim. Law Bulletin Art. 5 (Winter 2013).

We note that none of the Fourth Circuit precedent cited by the government involves a death penalty prosecution.[2]  Nor does any of those cases question the Court's authority under *Wiggins* to authorize the requests made here.[3]  Indeed, at least one of the cases cited by the government was affirmed, despite the defendant's appeal complaining after the fact about standby counsel's expansive role.  *See United States v. Oreye*, 263 F.3d 669 (7th Cir. 2001).  This should provide reassurance to the government and the Court in the endeavor at hand.

---

[2] *United States v. Singleton*, which the Court asked the government to address, is inapposite.  It addresses whether the defendant has a constitutional right to standby counsel in a noncapital case.  *See* 107 F.3d 1091 1100-01 (4th Cir. 1997).

[3] *United States v. Beckton*, 740 F.3d 303 (4th Cir. 2014), in particular, emphasizes the trial Court's discretion.

4

## CONCLUSION

For these reasons, the defendant, by and through standby counsel, requests that the Court authorize standby counsel to assist in jury selection in the manner identified.

Respectfully submitted,

DYLANN STORM ROOF

s/ *Sarah S. Gannett*
Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Emily C. Paavola
900 Elmwood Ave., Suite 200
Columbia, SC 29201
803-765-1044
Emily@justice360sc.org

Stand-by Counsel for Dylann S. Roof

5