IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENDANT'S OBJECTION TO THE ELECTRONIC PUBLICATION
OF EXHIBITS ON THE COURT'S WEBSITE PENDING STATE TRIAL**

Pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the defendant, through counsel, respectfully requests that this Court reconsider the plan announced during the hearing on December 5, 2016, to publish exhibits on the Court's website after their admission into evidence.

As the Court is aware, the defendant has been charged in Charleston County, South Carolina, with murder and attempted murder charges arising from the same incident at the Emanuel A.M.E. Church that gives rise to the charges currently before this Court. The State of South Carolina gave notice of its intent to seek the death penalty well before the Department of Justice indicated that the United States would seek the death penalty. The State trial is currently scheduled to begin on January 17, 2017.

As part of counsel's ongoing duty in representing the defendant before this Court, counsel must, to the extent possible, ensure that his rights to a fair and impartial jury and to a fundamentally fair trial in state court are not compromised by the proceedings before this Court. Thus, counsel must object to the electronic publication of exhibits after

1

admission, which presumably would make the evidence broadly available, including to prospective jurors in the state trial. Making the evidence so easily accessible so close in time to the anticipated start of the state trial risks impairing the defendant's ability to obtain a fair and impartial jury in that proceeding. Just as this Court sought to and did maintain certain documents and evidence under seal here until this Court had an opportunity to qualify and seat a jury, the state court should be afforded the same opportunity to determine when and under what circumstances the evidence should be available.[1]

Counsel acknowledge that the evidence will be a matter of public record once admitted into evidence, but having that evidence available in the Clerk of Court's Office for viewing on weekdays during business hours is quite different from having the evidence electronically available.

If the Court is unwilling to reconsider the plan in full, we request that the Court at least refrain from making electronically available those exhibits that are admitted over defense objection.

                Respectfully submitted,

                s/ *Sarah S. Gannett*
                Sarah S. Gannett
                Assistant Federal Public Defender
                Federal Public Defender for the District of Arizona
                850 W. Adams Street, Suite 201
                Phoenix, AZ 85007
                602-382-2862
                sarah_gannett@fd.org

---

[1] In addition, the state court may make different admissibility rulings than this Court has, based on state law.

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Emily C. Paavola
900 Elmwood Ave., Suite 200
Columbia, SC 29201
803-765-1044
Emily@justice360sc.org

Attorneys for Dylann S. Roof