IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENDANT'S MOTION FOR COURTROOM ACCOMMODATIONS**

The defendant, through counsel, requests that the Court provide certain courtroom accommodations under the Fifth, Sixth and Eighth Amendments to the United States Constitution, to ensure his ability to effectively participate in the legal proceedings that are scheduled to commence on Wednesday, December 7, 2016. Given the Court's findings following the competency hearing, and the testimony by all of the experts, there is more than sufficient basis to conclude that accommodations are necessary. *See Jacobs v. North Carolina Administrative Office of the Courts*, 780 F.3d 562, 574 (2015) (finding that social anxiety disorder may be a disability within the meaning of Americans with Disabilities Act).[1] This need was observable in jury selection proceedings during the week of November 28, 2016. The accommodations requested here are modest, and they are necessary to ensure a fair trial for the defendant.

---

[1] Although most courts have held that the ADA does not apply in federal court, its principles support the due process, equal protection, fair trial, and heightened reliability claims made here.

1

In the context of the competency hearing, the Court credited Dr. Ballenger's evaluation that the defendant suffers from "Social Anxiety Disorder, a Mixed Substance Abuse Disorder, a Schizoid Personality Disorder, depression by history, and a possible Autistic Spectrum Disorder."  Dkt. No. 656 at 12.  Although the Court denied a defense request for an independent competency evaluation focused on autism, the defense offered evidence of an autism diagnosis by a highly-qualified autism expert at the hearing.[2]  *See* Tr. 11/22/16; Def. Ex. 12 (Declaration of Rachel Loftin, Ph.D.).  The Court also heard evidence at the hearing that the defendant's high IQ is compromised by a significant discrepancy between his ability to comprehend and to process information and a poor working memory.  *See* Tr. 11/22/16; Court Ex. 3 at 6.

These disabilities have had easily-observable effects, which we documented in Dkt. No. 745, but they also have effects that are more difficult for the public and the Court to see.  Counsel have documented those effects in our competency pleadings, especially Dkt. No. 562-1 and our affidavit to Dr. Ballenger.  Generally, they include:

- A detail-focused or "part-oriented" approach;
- Excessive focus on non-essential details, and lack of big-picture orientation;
- Difficulty processing multiple, simultaneous sources of information and shifting between subjects and activities;

---

[2] The Court also heard testimony from MUSC psychologist Laura Carpenter, an autism expert, who described some of the ways in which autism is disabling even in people with high IQ.

- Trouble retaining information when required to focus on more than one thing at a time;

- An extreme need for predictability and routine, including rules and scripts, where possible, to anticipate what will take place;

- Anxiety about things that cannot be predicted;

- Difficulty adjusting to unexpected events; and

- A tendency to become easily overwhelmed.

In addition to the obvious implications on the defendant's ability to focus and participate with counsel in the courtroom, these symptoms also rapidly drain the defendant's energy, because of the effort that he must exert in his efforts to manage them.

Without some accommodation, the defendant's disabilities will impair his ability to participate in his trial, in violation of his Fifth Amendment rights to due process and equal protection, his Sixth Amendment right to a fair trial, and his Eighth Amendment right to heightened reliability of the proceedings.  *Cf. United States v. Crandall*, 748 F.3d 476, 478 (2014) ("We hold that the Sixth Amendment requires reasonable accommodations for hearing impaired criminal defendants during judicial proceedings and that such accommodations must be commensurate with the severity of the hearing impairment.").  We have, from the beginning, sought assistance from our experts to guide our interactions with the defendant based on his disabilities.  Based on what we have learned, and what is in the record, we request that the Court provide the following accommodations:

3

- Provide short breaks between direct examination and cross-examination, and between each witness, so that we may consult with the defendant to explain what is occurring and to receive his input;

- Shorten the court day and/or sit a shorter week (choosing, for example, to begin later or end earlier, not to sit Wednesdays or Fridays, to sometimes sit half days, or to provide a longer lunch break to permit consultation and recovery);

- Require the government to, insofar as possible, provide two days' notice of the witnesses it plans to call so that counsel can discuss them with the defendant in advance;[3] and

- Permit the defense to request a break as-needed when the defendant is becoming overwhelmed by the volume of information.

Should the Court so desire, we are prepared to provide testimony in support of these requests. We believe, however, that the testimony and evidence received at the competency proceeding adequately supports them.

                Respectfully submitted,

                s/ *Sarah S. Gannett*
                Sarah S. Gannett
                Assistant Federal Public Defender
                Federal Public Defender for the District of Arizona
                850 W. Adams Street, Suite 201
                Phoenix, AZ 85007
                602-382-2862
                sarah_gannett@fd.org

---

[3] The government has agreed to provide notice the evening before the next day's testimony. We are concerned that this will not provide us sufficient time to discuss proposed witnesses with the defendant and to prepare with him for their testimony.

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Emily C. Paavola
900 Elmwood Ave., Suite 200
Columbia, SC 29201
803-765-1044
Emily@justice360sc.org

Attorneys for Dylann S. Roof

5