IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**MOTION FOR MISTRIAL, OR FOR CURATIVE AND PROSPECTIVE RELIEF**

The defendant, through counsel, moves for a mistrial because the government elicited testimony from its first witness in this capital trial that characterized the defendant as evil.[1] After the Court overruled defense counsel's objection to this testimony, the witness later continued on cross-examination, "He's evil. There's no place on earth for him except the pit of hell."[2] The strength and authenticity of the witness's emotion was both apparent and entirely understandable. But the law is well-established that such statements simply do not belong in a courtroom. The witness appears to have felt authorized to repeat her initial statements in even more prejudicial form it after the Court overruled the defense objection without taking any corrective action and without cautioning either the government or the witness. What resulted violated the Fifth, Sixth, and Eighth Amendments to the United States Constitution. The government should have

---

[1] Toward the very end of her highly charged testimony, the witness said about the defendant: "evil. Evil. Evil as can be."

[2] The reference to "hell" was repeated twice more.

1

instructed its witnesses, in keeping with precedent, that such testimony – no matter how heartfelt – has no place at any stage of a capital trial.

To begin with, such characterizations of the defendant are unquestionably improper in any case, capital or noncapital. *See, e.g., Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986) (prosecutor referring to defendant as an animal was "undoubtedly . . . improper"); *Wilson v. Sirmons*, 536 F. 3d. 1064, 1118 (10th Cir. 2008) ("As to the prosecutor's use of the terms 'animal' and 'unadulterated evil' to describe Mr. Wilson, we find the pejoratives unprofessional, inappropriate, and unworthy of an officer of the court.") *Fahy v. Horn*, 516 F.3d 169, 201 (3d Cir. 2008) ("We do not condone the characterization of [defendant] as demonic, nor consider it a proper form of argument."); *Bland v. Sirmons*, 459 F.3d 999, 1025 (10th Cir. 2006) (improper for prosecution to refer to defendant as "sniffling . . . coward," "heartless and vicious killer," and "violent and evil man"); *Byrd v. Collins*, 209 F.3d 486, 536 (6th Cir. 2000) (referring to defendant as "predator" was improper "gratuitous insult[]"); *Kellogg*, 176 F.3d at 451-52 (prosecutor's references to defendant as "monster," "sexual deviant," and "a liar" were improper and "had no place in the court room.") *Preston v. Delo*, 100 F.3d 596, 602 (8th Cir. 1996) ("strongly" disapproving of referring to defendant as "garbage"); *Miller v. Lockhart*, 65 F.3d 676, 684-85 (8th Cir. 1995) (prosecutor described defendant as a "mad dog," and argued that '[y]ou don't do but one thing with a mad dog. You put him to death.").[3]

---

[3] *See also*, *e.g.*, *Floyd v. Meachum*, 907 F.2d 347, 355 (2d Cir. 1990) (prosecutor's reference to the defendant as a liar was inflammatory and excessive); *Newlon v. Armontrout*, 885 F.2d 1328, 1337 (8th Cir. 1989) (cumulative impact of the prosecutor's misconduct, which included attempting to link petitioner with several well-known mass murderers such as Charles Manson,

2

More to the point, in a capital case, survivors and victim family members are not permitted to offer their opinions concerning the appropriate penalty for the defendant, as was the clear import of the witness' testimony. In *United States v. Lighty*, 616 F.3d 321, 361 (4th Cir. 2010), a prosecutor twice informed the jurors during penalty phase argument that the victim's family was asking for a sentence of death. The Fourth Circuit had "little doubt that the statements were improper," in part because such evidence would have been inadmissible under *Booth v. Maryland*, 482 U.S. 496 (1987), and *Payne v. Tennessee*, 501 U.S. 808 (1991). In *Payne*, the Supreme Court opinion permitting victim-impact testimony at the penalty phase, expressly declined to overrule existing law that "a victim's family members' characterizations and opinions about the crime" and about "the defendant . . . violates the Eighth Amendment." It also left intact the prohibition on characterizations and opinions about "the appropriate sentence." These limits were recently reaffirmed in *Bosse v. Oklahoma*, 501 U.S. --, 537 S. Ct. 1 (2016).

The Court's decision overruling the defense objection to the testimony was therefore incorrect. After the Court ruled, the government complained that the objection was not contemporaneous. What the record may not reflect, however, that the victim was

---

violated petitioner's due process rights); *United States v. Steinkoetter*, 633 F.2d 719, 720-21 (6th Cir.1980) (prosecutor's comparison of defendant to Pontius Pilate and Judas Iscariot mandates reversal); *People v. Johnson*, 803 N.E.2d 403, 421 (Ill. 2004) ("It is improper to characterize a defendant as 'evil' or to cast the decision of the jury as a choice between 'good and evil.'"); *Furnish v. Commonwealth*, 267 S.W.3d 656, (Ky. 2007) ("In closing argument, the Commonwealth called Appellant 'evil,' an 'animal' and a 'wolf.' We reiterate our previous condemnation of such improper attacks. There is no place in a courtroom for such personal vilification of a defendant, no matter how vile the charges against him."); *State v. Cauthern*, 967 S.W.2d 726, 737 (Tenn. 1998) (frequent references to the defendant as "the evil one" and urging jury to "combat and destroy" the "evil one" improper).

with emotion at the time of her testimony, making a strictly contemporaneous objection effectively impossible because it would have appeared insensitive to her obvious and understandable distress. Indeed, the witness was crying so hard that the government was compelled to request a recess at that moment. Many spectators and even court personnel – including members of the prosecution and defense – were crying with her.[4] To avoid adding to her pain, the defense elected to object at the first opportunity following the break. This was appropriate under the circumstances and provided adequate opportunity for the Court and the parties to address the issue promptly. *See* Fed. R. Evid. 103.[5] Indeed, we note that in some circumstances – perhaps in circumstances like these – it may be incumbent upon a court to intervene *sua sponte*. *Cf. Government of the Virgin Islands v. Mills*, 821 F.3d 448, 56 (3d Cir. 2016).

Should the Court determine not to grant a mistrial, it should provide the following alternative relief, although we do not concede that such relief would be adequate:

1. Order the government to instruct its witnesses for both the guilt and penalty phases on the proper limits of their testimony.
2. Instruct the jury that a survivor or victim family member's opinion regarding the appropriate punishment is not a proper consideration at any stage of a trial, and

---

[4] Highlighting the emotional nature of the proceedings, the media noted that following the opening statements, the defendant's mother required emergency medical attention. She was admitted to the hospital with a heart attack.

[5] When the witness made further objectionable statements on cross-examination, the defense did not object. No objection was required, given the Court's prior ruling. *See Osborne v. Ohio*, 495 U.S. 103, 124 (1990).

should not be given any weight in deciding between life imprisonment without the possibility of release and the death penalty for the defendant.

3. Preclude the government from referring to the witness' statements about "evil," the defendant's "place on this earth," or "the pit of hell" – whether by reference or direct quotation – in closing argument at the guilt or penalty phase.

>Respectfully submitted,
>
>s/ *Sarah S. Gannett*
>Sarah S. Gannett
>Assistant Federal Public Defender
>Federal Public Defender for the District of Arizona
>850 W. Adams Street, Suite 201
>Phoenix, AZ 85007
>602-382-2862
>sarah_gannett@fd.org
>
>David I. Bruck
>Washington & Lee School of Law
>Lexington VA 24450
>540-458-8188
>bruckd@wlu.edu
>
>Kimberly C. Stevens
>Capital Resource Counsel
>Assistant Federal Public Defender for the
>District of Oregon
>1070-1 Tunnel Road, Suite 10-215
>Asheville, NC 28805
>336-788-3779
>kim_stevens@fd.org
>
>Emily C. Paavola
>900 Elmwood Ave., Suite 200
>Columbia, SC 29201
>803-765-1044
>Emily@justice360sc.org
>
>Attorneys for Dylann S. Roof