# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| vs. ) | Criminal No. 2:15-472 |
| ) | |
| Dylann Storm Roof, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| ) | |

      Defendant was convicted on December 15, 2016, of all thirty-three counts contained in his indictment, eighteen of which carry a potential death sentence. As addressed in detail in the Court's order of December 5, 2016, the Court agreed, at Defendant's request, to allow him to be represented by counsel during the guilt phase of this proceeding and to self-represent during the sentencing phase. (Dkt. No. 741 at 16-18). Immediately following the jury's decision on December 15, 2016, the Court engaged in a colloquy with Defendant to confirm his previously asserted intention to self-represent in the sentencing phase of this trial. The Court urged Defendant to reconsider this decision because of the complexity of the legal issues in a capital case, the high stakes at issue, and the skill and experience of his counsel. I informed him that he had a constitutional right to counsel and a constitutional right to self-representation, but not a right to both. I reiterated to him my earlier rulings that standby counsel would be primarily consultative in nature and that he would be required to appear before the jury, question witnesses and represent himself in court if he elected to self-represent. I also explained that standby counsel would not be allowed to file anything on his behalf without him first requesting and

-1-

obtaining authorization from the Court and that he would be required to sign any pleadings or other filings.

Defendant advised the Court that he had received advice from his defense team and his family and had carefully weighed that advice. Nonetheless, Defendant reaffirmed his consistently stated intention to self-represent in the sentencing phase of this case and again waived his right to counsel. In light of the Defendant's assertion of his constitutional right to self- representation, I declared that from this point forward he was self-representing and his former defense team was appointed as standby counsel. The role of standby counsel is set forth in the Court's order of December 5, 2016. (Dkt. No. 741 at 14-16).[1]

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

December 16, 2016
Charleston, South Carolina

---

[1] The Court advised Defendant he could change his mind about self-representation until the opening of the sentencing phase of the trial on January 3, 2016. If the Defendant requests the right to be represented by counsel, he must first unequivocally waved his right to self-representation.