**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NOTICE OF OBJECTION TO CLOSED HEARING |
| VS.           ) | |
| ) | |
| DYLANN STORM ROOF    ) | CRIMINAL NO. 2:15-472RMG |

      The undersigned will appear before the court on January 2, 2017 to object to the closure of a competency hearing scheduled for the defendant in the above-referenced prosecution. The objections to closure will be presented on behalf of the following news organizations: *The State, The Post & Courier,* WCSC television, the Associated Press, WLTX television and National Public Radio.

**WITH THE JURY ADMONISHED NOT TO HAVE EXPOSURE TO EXTRAJUDICIAL INFORMATION ABOUT THIS CASE, CLOSURE SERVES NO PURPOSE**

      Closure of a competency hearing in advance of the penalty phase of defendant's trial will serve no compelling governmental interest sufficient to justify exclusion of the public and press from the courtroom. The interest asserted for closure of the previous competency hearing was protection of defendant's right to a fair trial in advance of a jury having been selected. While the United States Supreme Court has held that *voir dire* and not the closure of a courtroom is the favored measure to protect Sixth Amendment rights in the face of pervasive, prejudicial, pre-trial publicity, *Press-Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), that risk of prejudicial publicity to the defendant's rights does not exist in this instance as a jury has been empaneled, and having been admonished by the court to avoid exposure to extrajudicial information, is not likely to be exposed to any of the information revealed in the second competency hearing. Even if the jury were not thus sheltered from news

coverage of the competency hearing, closure of the hearing would not be justified unless other measures would be unavailable to protect defendant's rights in the penalty phase.  *See, United States v. Guerrero,* 693 F.3d 990, 40 Media L. Rep. 2352 (9th Cir. 2012).

## DEFENDANT HAS NO PRIVACY RIGHTS SUFFICIENT TO JUSTIFY EXCLUSION OF THE PUBLI AND PRESS FROM THE COMPETENCY HEARING

If defendant in the within prosecution were to assert a right of privacy to justify closure of the competency hearing, as the defendant did in *Guerrero, supra,* there are alternatives to closure that preclude closure while providing protection for private interests, if any exist.  Under South Carolina law, when one, whether voluntarily or not, becomes an actor in an event of public significance, a claim of privacy will be unavailing.  *Meetze v. Associated Press,* 230 S.C. 330, 95 S.E.2d 606 (1956).  And, the South Carolina Supreme Court has held that the commission of a violent crime is, as a matter of law, a matter of public significance.  *Doe v. Berkeley Publishers,* 329 S.C. 412, 496 S.E.2d 636 (1998), *certiorari* denied, 525 U.S. 963 (1998).  Clearly defendant in this prosecution has no privacy interest sufficient to justify closure of the competency hearing.

Columbia, South Carolina

December 30, 2016

s/Jay Bender
Jay Bender Fed. Id.  1294
BAKER, RAVENEL & BENDER, L.L.P.
3710 Landmark Dr., Suite 400
Post Office Box 8057
Columbia, SC 29202
803.799.9091 (telephone)
803.779.3423 (facsimile)
ATTORNEYS FOR OBJECTING PARTIES