# EXHIBIT B

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**FILED UNDER SEAL**

UNITED STATES OF AMERICA)
)
        v.)      CASE NO.: 2:15-CR-472
)
DYLANN STORM ROOF      )

### DEFENDANT'S MOTION REGARDING VICTIM TESTIMONY

The government says that it is going to call 38 family members and friends of the victims. It does not seem fair to allow that much testimony to be heard by the jury when I am not presenting any evidence – from my family or anyone else – in mitigation. Part of the reason why victim-impact testimony was allowed in the first place was to respond to defendants' mitigation testimony. *Payne v. Tennessee*, 501 U.S. 808, 825-827 (1991). But if I don't present any mitigation evidence, the victim-impact evidence will take over the whole sentencing trial and guarantee that I get the death penalty. I also think that victim-impact witnesses should include only relatives – not friends or co-workers -- of the victims. Allowing so much of this testimony violates due process and the Eighth Amendment, and should not be allowed. The prosecution can call more victim witnesses at my formal sentencing, once the jury has already decided on what sentence I should get, but in front of the jury, there should some limit on the number and types of victim witnesses who can testify to help the government get a death sentence

                        Respectfully submitted,

                        _____
                        Dylann S. Roof

December ___, 2016