IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | Criminal No. 2:15-472-RMG |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| Dylann Storm Roof. ) | |
| ) | |

This matter is before the Court on Standby Counsel's second motion for a determination of Defendant's competency to stand trial (Dkt. No. 832). The Court set a hearing on the motion for January 2, 2017, and gave public notice that it was considering closing that hearing to the public. The following day, objections to closure were filed on behalf of *The State*, *The Post & Courier*, WCSC television, the Associated Press, WLTX television, and National Public Radio (Dkt. No. 838). The Court heard oral argument on the objections on January 2, 2017, and, for the reasons set forth below, determined that it was necessary to close the competency hearing to the public. This Opinion memorializes the Court's reasons for that determination.

I.   **Legal Standard**

The public has a qualified First Amendment right of access to a competency hearing in a criminal matter. Mental competency hearings have historically been open to the public absent specific findings of fact to support closure, and "[a]llowing public access to a competency hearing permits the public to view and read about the criminal justice process and ensure that the proceedings are conducted in an open, objective, and fair manner." *See United States v. Guerrero*, 693 F.3d 990, 1001 (9th Cir. 2012); *United States v. Sablan*, No. 1:08-CR-00259-PMP, 2011 WL 5299439, at *1 (E.D. Cal. Nov. 2, 2011); *United States v. Curran*, No. CR-06-227-PHX-EHC, 2006 WL 1159855, at *2 (D. Ariz. May 2, 2006); *see also In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850, 852 (4th Cir. 1989) ("[T]he public's right to access to criminal trials and

pretrial proceedings is protected by the first amendment."). But the First Amendment right of access to court proceedings is a qualified right that yields to "higher interests" in certain circumstances. *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011); *In re S.C. Press Ass'n*, 946 F. 2d 1037, 1041 (4th Cir. 1991). Those "higher interests" include the Sixth Amendment right to a fair trial. *In re S.C. Press Ass'n*, 946 F.2d at 1043. Before closing a proceeding to protect a defendant's right to a fair trial, the Court must find that "(1) there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity; (2) there is a substantial probability that closure would prevent that prejudice; and (3) reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *See In re State-Record Co., Inc.*, 917 F.2d 124, 127 (4th Cir. 1990); *see also Press-Enter. v. Super. Ct. of Cal.*, 478 U.S. 1, 13-14 (1986).

## II. Discussion

This was an unusually challenging moment in this protracted legal proceeding. After the jury found Defendant guilty on December 15, 2016, the Court allowed the jury to go home for the holidays with an admonition to avoid all press coverage and social media access. Standby Counsel thereafter filed—five days before the jury was due to return—a second motion challenging Defendant's competency. Standby Counsel's motion was based in large part on their concerns regarding Defendant's intended trial strategy for the sentencing proceeding. The Court held a hearing to address this issue on January 2, 2017. Information not previously disclosed to the jury and which will never be disclosed to the jury was heard at the competency hearing. In particular, the Court heard information about the *pro se* Defendant's intended trial strategy. Holding a public hearing on the logic of a capital defendant's intended trial strategy the day before his sentencing proceedings were to commence potentially would have been grossly prejudicial to his Sixth Amendment right to a fair trial. It also would have been unprecedented.

Defendant has minimal privacy rights regarding disclosure of competency evidence, so most, if not all, information from the January 2, 2017 hearing will be publicly released. The only question was when. Deciding that question required difficult balancing of Defendant's fair trial rights, the public's First Amendment rights, and the need to protect jurors from unnecessary stress and disruption. Evidence presented at the competency hearing likely would have been be intensely covered and distributed in the local community. Coverage of the case in this District has been intense and it has been magnified by the new phenomenon of social media. This increases substantially the risk of inadvertent exposure from simply living and working in the community, even when the jury follows the Court's admonition to avoid the news coverage. So while the Court shared the media objectors' confidence that the jury would follow the Court's instructions to stay away from newspapers and other media (*see* Dkt. No. 839 at 1–2), there remained a substantial probability of inadvertent disclosure to the jury of information offered at the competency hearing. There was, therefore, a substantial probability that Defendant's fair trial rights would have been prejudiced by an open competency hearing—a probability greatly increased by the fact that Defendant's intended trial strategy was a subject of the hearing. *Cf. In re State-Record Co., Inc.*, 917 at 127 (closure is permissible if, *inter alia*, "there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity"). Closing the hearing will likely prevent disclosure and thus prevent that potential prejudice. *Cf. id.* (closure is permissible if, *inter alia*, there is a substantial probability that closure would prevent that prejudice).

The only alternative to a closed competency hearing was to delay the hearing until Tuesday, January 3, 2017 and to sequester the jury from Tuesday morning until the end of trial. Sequestration places extraordinary stresses on the jury. These jurors have already completed a lengthy questionnaire in this courthouse in September, participated in individual voir dire in mid-

December, served through the guilt phase of this case, and they will return for an undetermined time for the sentencing phase. The evidence in this case is difficult and highly stressful to consider. Adding sequestration would have additionally burdened jurors with the requirement that they abandon their responsibilities to their families during their service. Distracting the jurors with an avoidable disruption of their domestic affairs while simultaneously asking them to decide whether another person should live or die would not serve the ends of justice.

Under these circumstances, no reasonable alternative except closure of the hearing would have prevented prejudice to Defendant's fair trial rights at this extraordinary and sensitive moment. *Cf. id.* (closure is permissible if, *inter alia*, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights). Disclosure is not prohibited but only briefly delayed—a narrowly tailored restriction necessary to protect compelling fair trial rights, an option far superior to jury sequestration, and the only reasonable choice under these circumstances.

### III.  Conclusion

For the foregoing reasons, the Court ordered the competency hearing on January 2, 2017 to be closed to the public.

Richard Mark Gergel
United States District Court Judge

January 4, 2017
Charleston, South Carolina