IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

## **DEFENDANT'S SECOND MOTION REGARDING VICTIM TESTIMONY**

This is in response to the Court's request yesterday that I advise when the victim impact testimony became excessive. In addition to the objection in my previous motion that the witnesses are too numerous, I also object to the extent and depth of the testimony, which is excessive, and goes far beyond the "snapshot" that the prosecutor claimed to be providing in accord with *Payne v. Tennessee*, 501 U.S. 808, 825-827 (1991) (authorizing a "quick glimpse of the life" of victims). I note that in prior cases involving multiple victims, the testimony was far more moderate.

In the Oklahoma City bombing case, for example, Timothy McVeigh was convicted for killing 168 people, but just 38 victim impact witnesses – the same number identified here for nine victims – testified. *See United States v. McVeigh*, 153 F.3d 1156, 1216 (10th Cir. 1998). In *United States v. Tsarnaev*, my attorneys have informed me that thirteen victim family members and survivors testified on behalf of the three victims and 264 survivors, and that their entire testimony filled only 267 pages of transcript. Yesterday alone, for just four witnesses, close to that many pages of transcript must have already been produced. And, in *United States v. Moussaoui*, the press reported that the prosecutors kept victim impact testimony to just thirty minutes per witness, but that Judge Brinkema warned them nonetheless that they should avoid

overly prejudicial evidence. *See* Joel Roberts, "Moussaoui at Trial: 'Burn in the USA'", CBS News (Apr. 10, 2006), available at http://www.cbsnews.com/news/moussaoui-at-trial-burn-in-the-usa/.

Also, much of the testimony and evidence so far could have been summarized, rather than presented in so much detail. For example, a victim's talent as a preacher may be described without showing a video of a prayer. Anticipating evidence that may be offered through upcoming witnesses, a victim's ability as a singer may be remembered without playing a song, and another victim's aptitude for poetry without giving a reading. Examples such as these would be better shared at my formal sentencing than in my capital trial. The question is not whether every family member who wishes to be heard will speak, but only when. This part of the trial can be easily prejudiced by so much victim-impact evidence, and I think the limits of due process have already been passed.

It is not fair to require me to make standing objections during emotional witness testimony, when the law limits this type of testimony and evidence. These cases provide examples:

- *United States v. Henderson*, 485 F. Supp. 2d 831, 849-850 (S.D. Ohio 2007) (Court reviewed proposed victim-impact statements, redacted them, and had witnesses read them to jury without deviation. Government agreed to instruct witnesses to refrain from excessive emotion).

- *United States v. Glover*, 43 F. Supp. 2d 1217, 1221-22 (D. Kan. 1997) (Court agrees to strictly limit victim impact by requiring that: all testimony be reduced to writing, which court will review in advance; victim's family be informed by court that they may not testify if unable to contain emotions; and court will remind witnesses that they may not

present characterizations or opinions about the defendant, the crime, or the appropriate sentence. Court declines defendant's request that witnesses be permitted only to read their previously approved testimony).

- *United States v. Solomon*, 513 F. Supp. 2d 520, 535 (W.D. Pa. 2007) (Directing government to provide preview of victim-impact evidence it intended to offer at trial so court could carefully review it and exclude evidence that is more prejudicial than probative).

The Court has the ability to protect against unfair prejudice without creating more prejudice, as I would if I were constantly interrupting victim-witnesses on the stand with objections. I am asking that the Court do that.

Respectfully submitted,

*Dylann Roof*
Dylann S. Roof

January 5, 2017