IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENDANT'S MOTION REGARDING COURT SCHEDULE, DECORUM, AND VICTIM IMPACT TESTIMONY**

My standby counsel and I have noticed that everyone in the courtroom is struggling with the emotional nature of this testimony. Lots of people have been crying – jurors, courtroom personnel, audience members, even the Court and counsel for the government. The Court said during pretrial proceedings that it anticipated extra breaks would be needed due to the nature of the testimony, especially during the penalty phase. Out of consideration for all involved, especially the jurors, and for the integrity of the proceedings, I request that the Court consider adjusting the schedule of the trial to permit more breaks.

It is also inappropriate that counsel and advocates for the government are hugging the witnesses in the well of the courtroom, including, with the last witness, Bethane Middleton, the lead prosecutor continuing to question her until she was crumpled in her seat and sobbing loudly, then requesting a break, and both the prosecutor and advocate hugging her while she was still on the witness stand as the jury filed out within feet of her. I note that the Court's decorum order, Dkt. No. 842, does not permit this kind of personal contact between parties and witness (in addition, I note that the government should be behind the podium for questioning).

Finally, in addition my general objection that the victim impact evidence is excessive and prejudicial,[1] the Court should preview all video and audio evidence for prejudicial content – there are several more items of concern on the government's witness list. I request a standing objection to further testimony.

                                        Respectfully submitted,

                                        *Dylann Roof*
                                        Dylann S. Roof

January 5, 2017

---

[1] I note the following prejudicial material from this morning: Ms. Whidbee was wearing a sorority scarf, a badge of her affiliation with a victim; a video-taped sermon from a funeral by a victim; a video-taped song by a victim's son; and testimony suggesting premonitions of the victims' deaths.