IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. | ) ) |  |
| DYLANN STORM ROOF | ) ) |  |

**GOVERNMENT'S OBJECTIONS AND CLARIFICATIONS TO PROPOSED
PENALTY PHASE INSTRUCTIONS AND VERDICT FORM**

The Government hereby submits its objections and/or suggested clarifications to the proposed penalty phase instructions and verdict form.

I. <u>Penalty Phase Instructions</u>

Page 2, line 7[1]: delete "to" before "beyond a reasonable doubt."

Page 2, line 13: delete "to you unanimously and," which is duplicative of the opening of the next sentence, "This decision must be unanimous."

Page 3, line 16: make "standard" plural.

Page 8, line 11: add "and" between "friends" and "co-workers," and delete reference to "society" in order to match the language of the death penalty notice, which alleges victim impact only to "families, friends and co-workers."

Page 8, lines 13-15: these lines could be read as instructing the jury to disregard any testimony from crime victims, but several crime victims testified about their experiences which are relevant beyond just victim impact. Felicia Sanders, Polly Shepherd and Jennifer Pinckney all testified about aspects of the crime that relate to establishing intent factors and/or aggravating

---

[1] The Government's line-counting convention includes lines containing headings/captions.

factors in addition to their victim impact testimony. The Government proposes as an alternative to the final sentence of this section the following: "Evidence extending beyond that scope should not be considered by you in determining the whether the victim impact factor is established."

Page 11, first full paragraph: this paragraph is appropriate to the guilt phase of trial, in that it refers to burdens regarding guilt and innocence.[2] For the penalty phase, the Government proposes the following: in the fourth line of the paragraph, delete "his guilt" and substitute "the defendant's age and the alleged gateway intent and aggravating factors" beyond a reasonable doubt. The Government also suggests deleting the last sentence of this paragraph, which reads: "A defendant is never required to prove that he is innocent."

Page 15, line 8: add "and/or" at the end of paragraph (A).

Page 15, line 11: add "and/or" at the end of paragraph (B).

Page 15, line 13: change "and" (between taken and intending) to "or." This intent factor was pled in the conjunctive but can be proven in the disjunctive.

Page 16, line 4: after "sufficient," add "but you must be unanimous as to any intent factor you find established." The Government proposes this clarification to avoid any juror uncertainty as to whether the gateway intent finding can be satisfied so long as all 12 jurors agree that at least one intent factor is established, although they may not all agree as to which one.

Page 18, line 11: delete "the" between "one" and "gateway."

Page 20, first paragraph under "Vulnerable Victims": change "17" to "27," and delete references to each named victim's age. The Government must prove "old age" as an "element" of the vulnerable victims factor; but the victims' precise ages are simply evidence of that

---

[2] The Government inadvertently included this guilt phase instruction in its proposed penalty instructions submission.

"element."

Page 22, line 10: "then" is used twice: "then you must then consider."

Page 22, line 22: font on "for" appears to be bold.

Page 24, line 17: font on "a" appears to be bold.

The Court's proposed instructions define aggravating factors on page 24 and mitigating factors on page 25, but the Government notes the Court provided a more detailed definition of these concepts in its opening charge.  The Government's position is that the combination of the opening charge and the definitions included in the final instructions suffice to explain these terms, but brings the issue to the Court's attention in the event the Court prefers to reiterate the fuller definition in the final instructions.

Page 25, line 15: add "As I" before "also mentioned."

Page 26, line 4: delete the statutory cite, which is not used elsewhere in the instructions, and delete "no prior criminal record."  Although this mitigating factor is captioned with that language in the statute, the factor is more precisely described in the text as "the defendant did not have a significant prior history of other criminal conduct."  Deleting "no prior criminal record" avoids confusion, as the parties stipulated only that the defendant has no prior felony convictions, not that he has no prior "record."

Page 26, line 8: add "that is" before "June 17, 2015."

Page 26, lines 9 and 10: delete "and to be sentenced" and substitute "in exchange for a sentence of," in order to match the language of the stipulation and the Court's opening charge.

Page 26, line 19: add "a" between "of" and "mitigating."

Page 27, line 2: add "the" between "to" and "relevant."

Page 28, line 6: add "the" between "(3)" and "existence."

Page 30, line 16 and 17: delete "and (4) a determination that the jury is unable to reach a unanimous verdict." As briefed in Dkt. Nos. 515 and 834, the jury should not be instructed, before they even begin deliberating, about jury deadlock. Although the precise issue briefed in those pleadings related to instructing the jury on the *consequences* of deadlock, the same rationale applies to instructing them on the *option* of deadlock prior to deliberations beginning. Deadlock is not a verdict. It instead "speaks to what happens in the event that the jury is unable to fulfill its role—when deliberations break down and the jury is unable to produce a unanimous sentence recommendation." *Jones v. United States*, 527 U.S. 373, 380 (1999).

> [W]e have long been of the view that "[t]he very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Allen v. United States*, 164 U.S. 492, 501 (1896). We further have recognized that in a capital sentencing proceeding, the Government has "a strong interest in having the jury express the conscience of the community on the ultimate question of life or death." *Lowenfield v. Phelps,* 484 U.S. 231, 238 (1988) (citation and internal quotation marks omitted). We are of the view that a charge to the jury of the sort proposed by petitioner might well have the effect of undermining this strong governmental interest.

*Id*. at 382 (emphasis added).

Indeed, in the event the jury informs the Court of a possible deadlock, the Government would request an *Allen* charge. Informing the jury from the outset that they may simply choose lack of unanimity as their "verdict" denies any opportunity for such a charge.

## II.  Special Verdict Form

Page 2, line 21: add "of" between "*all*" and "the," to match the phrasing used elsewhere in the verdict form.

Page 3, line 5: change "*all*" to "any of the." Again, although the language used by the Court reflects the Government's proposed language, upon further consideration the Government concludes that this change adds clarity.

Page 6: similarly, change "*all*" to "any of the."

Page 8, section 2: change "and" between "killed" and "attempted" to "or," to match the language of the instructions.

Page 9: change "*all*" to "any of the."

Page 10: second bullet point under the General Directions heading: add a sentence between the first and second sentences reading as follows: "To find a non-statutory aggravating factor established, you must find that the evidence supports the facts alleged and that they are, in fact, aggravating." This additional sentence emphasizes the instruction provided on page 24 of the Court's proposed penalty instructions.

Section V: Mitigating Factors: the Government proposes deleting all the "yes" and "no" choices, as the "number of jurors who so found" option adequately captures the findings for mitigating factors and avoids potential confusion as to whether the jurors should check both "yes" and "no" for any split decisions on a factor.

Page 14, fourth bullet point under the General Directions heading: add a sentence at the end reading as follows: "To find a non-statutory mitigating factor established, you must find that the evidence supports the facts alleged and they are, in fact, mitigating." This additional sentence emphasizes the instruction provided on page 26 of the Court's proposed penalty instructions.

Page 14, section 1: add "that is, on or about" before "June 17, 2015."

Page 14, section 2: delete "had no prior criminal record" and substitute "did not have a significant prior history of other criminal conduct."

Page 15, section 7: add "in light of the defendant's youth" before "a sentence of life in prison …" in order to reflect the language of the proposed mitigating factor.

Page 18: delete "Section VI.D: Unable to reach a unanimous decision" for the reasons stated above.

Respectfully submitted,

BETH DRAKE
ACTING UNITED STATES ATTORNEY

s/ Richard E. Burns
Richard E. Burns
Deputy Chief, Capital Case Section
1331 F St., NW
Washington, DC 20530
(202) 353-1911