IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENDANT'S MOTION REGARDING CLOSING ARGUMENT**

This motion is in anticipation of closing argument, to prevent unfair and unconstitutional

comments by the government that may unfairly prejudice the jury. I have attached as Exhibit 1

to this motion a motion *in limine* containing twenty-seven objections to common improper

arguments, which could be made here. In addition, I object to any of the following comments (or

comments like them).

1. References to "evil". *See* Exhibit 1 at item 17, p. 64; item 24, p. 94.

2. Reference to the "pit of hell". *See id.*

3. Uses of the word "hate", and variations of the word (*e.g.*, "hateful", "heart of hate",

    etc.), other than in discussing the hate crime counts as predicates for the 924(j)

    counts. *See* Exhibit 1, item 24, p. 94.

4. References to particularly inflammatory terms relating to the views expressed in my

    writings. *Cf.* Dkt. No. 738 at 12-13; see also Exhibit 1, item 24, p. 94 & n.36

    (reference to Hitler).[1]

---

[1] Other examples might include "Holocaust" or "lynching."

5. References to the "particularly good" victims (a statement made by Mr. Richardson on January 5, 2017), and similar references, especially references that imply or directly suggest a comparison to the defendant. *See* Exhibit 1 at item 7, p. 27.

6. References to what "God" told the victims or witnesses, or what witnesses feel the victims "wanted" the jury to see, *see* Exhibit 1 at item 17, p. 64; item 19, p. 20.

7. References to my demeanor during the trial, *see* Exhibit 1 at item 22, p. 88; *see also* Court's Demeanor Instruction.

8. References to Reverend Simmons's firearm, and in particular, any argument or implication that jurors should do what he could not, by imposing the death penalty. *See* Exhibit 1, at item 4, p. 17; item 5, p. 20; item 11, p. 41.

9. Any argument suggesting that the jury should reject a life sentence because it is the "minimum" sentence available.

10. References to providing "closure", since the research is inconsistent on whether a life sentence or a death sentence provides better closure for victims' families. *See, e.g.,* Marilyn Peterson Armour, Ph.D. & Mark S. Umbreit, Ph.D., "The Ultimate Penal Sanction and 'Closure' for Survivors of Homicide Victims, 91 Marq. L. Rev. 381 (Fall 2007); *see also* http://www.deathpenaltyinfo.org/victim-resources#Studiesresources#Studies.

During closing argument, I request that the Court permit me – when the government makes an improper argument, simply to object and say that I refer to my motion. I also request that the Court instruct the government to be familiar with the legal principles in the Exhibit.

Respectfully submitted,

Dylann Roof

Dylann S. Roof

January 8, 2017