IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

## DEFENDANT'S MOTION TO BIFURCATE FORMAL SENTENCING PROCEEDING

I request that the Court hold a second sentencing hearing – in addition to the one scheduled for today, January 11, 2017 – under Federal Rule of Criminal Procedure 32 and the Fifth Amendment to the United States Constitution, to permit preparation of a presentence investigation report, to permit me a chance to offer meaningful allocution, and to allow me to coordinate with my state defense counsel. I received no notice of the Court's plans to conduct sentencing immediately following the jury's death verdict, and I am not prepared for my part of this proceeding. I do not object at all to the Court's plan to allow all victim-witnesses to speak today. But I ask that after everyone who wishes to speak today as had a chance to do so, the Court adjourn and reconvene my sentencing hearing following completion of a presentence investigation report, on the usual six-to-eight week schedule.

My standby counsel have informed me that Federal Rule of Criminal Procedure 32 requires preparation of a presentence investigation report in all non-capital sentencing proceedings. *See* Fed. R. Crim. P. 32(c)(1)(A) ("the probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence

….."). *See also United States v. Gallant*, F.3d 1202, 1246 (10th Cir. 2008) ("preparation of a PSR by the probation office is mandatory"). Counts 1-12 and 22-24 in my case are non-capital counts and require preparation of a presentence investigation report.

A presentence report will serve important practical purposes. My standby counsel have advised me that presentence reports are often prepared in capital cases because the Bureau of Prisons ("BOP") relies on them even for death-sentenced inmates: to designate prisoners between and within institutions that house death-sentenced prisoners, to control visitation and phone calls, for programming recommendations, and to identify medication and other health needs. In addition, were I ever to obtain relief from my death sentences, I understand that my presentence investigation report would be relevant to choosing the prison where I would be sent to serve my life sentence.

To the extent that Rule 32 does not contemplate a presentence report in capital proceedings, one is still required here because I did not present mitigating evidence. The Court does not have all of the information about me that a presentence report would contain, and which the BOP may need. I should have a chance to provide this necessary information, particularly as it may relate to the interaction between my federal and any potential state sentence(s).

Rule 32 also provides an opportunity for me to make a presentation to the Court. In addition to giving the victims and the government the right to be heard,[1] it states that *I* (and my counsel, if I am not representing myself) may speak:

---

[1] The government has a right to be heard, but only inasmuch as that right is provided to the defense. *See* Fed. R. Crim. P. 32(i)(4)(iii).

(4) Opportunity to Speak.

> (A) By a Party. Before imposing sentence, the court must:
>
> (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;
>
> (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence ....

*See* Fed. R. Crim. P. 32(a)(4).  Because my convictions under 18 U.S.C. § 249(a)(1)(B) do not *require* a life sentence, my right of allocution must be recognized. *See Green v. United States*, 365 U.S. 301, 304 (1961); *United States v. Cole*, 27 F.3d 996, 998-99 (4th Cir. 1994).

I understand the Court's wish to move forward and bring these proceedings to a close is understandable.  And I don't object to making the rest of the process as convenient as possible for family members and others who wish to be heard.  But I am asking the Court not to proceed to a conclusion so quickly, without notice to me, and without following proper procedures.

Respectfully submitted,

*Dylann Roof*

Dylann S. Roof

January 11, 2017

3