# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dylann Storm Roof. | ) | |
| | ) | |

The Court previously ordered the parties to state objections, if any, to the unsealing of certain documents in this matter (Dkt. No. 883 ¶ 2). The Court, having reviewed the objections submitted, **ORDERS** as follows:

1. The Court orders the following documents to be unsealed: 38, 39, 40, 42, 43, 44, 45, 48, 49, 51, 53, 54, 55, 56, 57, 58, 59, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 99, 106, 113, 175, 176, 266, 268, 300, 304, 312, 313, 314, 317, 324, 326, 333, 337, 339, 344, 346, 353, 359, 365, 366, 371, 372, 373, 375, 377, 378, 381, 382, 386, 388, 389, 390, 391, 392, 393, 402, 403, 405, 412, 413, 414, 415, 418, 419, 426, 427, 429, 430, 431, 432, 433, 435, 437, 440, 441, 443, 444, 445, 456, 458, 461, 466, 469, 470, 472, 473, 491, 497, 498, 499, 501, 502, 514, 515, 516, 523, 525, 530, 531, 534, 535, 536, 537, 541, 542, 544, 559, 566, 571, 573, 579, 583, 585, 610, 611, 612, 616, 627, 650, 651, 655, 661, 669, 670, 676, 679, 684, 689, 690, 692, 693, 695, 703, 722, 727, 730, 734, 738, 745, 746, 755, 757, 758, 760, 762, 768, 771, 790, 791, 792, 795, 796, 798, 801, 827, 833, 841, 850, and 851. The Court also orders exhibits to the aforementioned documents to be unsealed.

2. The Court directs the parties to submit briefs, under seal on or before March 27, 2017, on the issue of whether the following documents, identified by entry number, should be unsealed entirely, partially unsealed (redacted), or remain under seal: 478, 513, 543, 563, and 829.

3. The Court orders the Clerk of Court to redact documents 239, 241, and 243 to remove personally identifying information and to substitute the redacted documents for the originals, and orders the redacted substitutes to be unsealed.

4. The Court orders the Clerk of Court to substitute the Government-provided redacted copies of document number 298, exhibits 2, 3, 4, and 5, and document number 299, exhibits 4 and 8 (Dkt. Nos. 907-1, 907-2, 907-3, 907-4, 907-5, 907-6), for the originals, and orders the redacted substitutes to be unsealed together with documents 298 and 299 and with the other exhibits to those documents.

5. The Court orders the Clerk of Court to redact veniremen names from documents 486, 524, 533, 614, and 663 and their attachments, to substitute the redacted documents for the originals, and to unseal the redacted substitutes together with other documents associated with those document numbers.

6. The Government objects that document 479-2 should be kept under seal because it contains crime scene panorama created from photographs of the crime scene that were not admitted at trial. This document is an exhibit to Defendant's reply to the Government's response to Defendant's supplemental briefing on the admissibility of panoramic scans of the crime scene. Defendant objected to the use of the color red to illustrate the range of laser scans, and the only purpose of the exhibit was to show that the color yellow could accomplish the same purpose. The Court declines the Government's request to keep document under seal because the depiction of victims may be redacted while preserving all information relevant to the exhibit's purpose. The Court orders documents 479 and 479-1 to be unsealed. The Court orders Defendant to submit a copy of document 479-2, which has any photographic depiction

of victims redacted, on or before March 27, 2017, and orders the Clerk of Court to substitute the redacted document for the original to unseal the redacted substitute.

7.    Document 677-1 is an NCIC criminal history report of a person with the same name as a venireman. The Court orders document 677 to be unsealed; document 677-1, however, will remain sealed. The Court finds the NCIC report is not subject to a First Amendment right of access because criminal history reports of persons who happen to have the same name as a venireman historically have not been made available to the public. *See In re Wash. Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986). The Court further finds the public's common law right of access to the NCIC report is greatly outweighed by privacy interests because the "public has already had access to the information contained in the records"—*i.e.*, to the fact that the criminal history described in the report does not pertain to the venireman. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 3 1, 2017
Charleston, South Carolina

-3-