**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Case No. 2:15-CR-00472-RMG** |
| v. | ) | |
| | ) | |
| **DYLANN STORM ROOF,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**<u>REPLY TO GOVERNMENTS RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY</u>**

The plain language of Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, *or in accordance with the practices and principles of law.*" Rule 6 (emphasis added). The government's claim that "Defendant fails to cite a single case where any court has authorized the type of prefiling discovery he seeks here," ignores the actual language of Rule 6, and whether such discovery requests may square with that extremely broad language allowing discovery under any practice or principle of law that may apply to the case at hand.

The Advisory Committee Notes prove particularly useful in determining a district court's discretion under Rule 6. With regard to discovery under § 2255, the Notes state that "the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the 'usages and principles.'" Rules Governing Section 2254 Cases, R. 6

1

cmt. (1976) (amended 2004).[1] The Notes explain, "[Rule 6] contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding, or how, once made available, these discovery procedures should be administered." *Id.* Rather than providing specificity, "[t]he purpose of this rule is to get some experience in how discovery would work in actual practice by letting district court judges fashion their own rules in the context of individual cases" in order to allow for "more specific codification" in the future. *Id.* Thus, under the Rules, district courts retain "substantial discretion in the conduct of [§§ 2254 and 2255 cases]." *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996).

The government's response mainly focuses on two aspects of why they believe discovery is not warranted at this time: 1) "Individuals in a prelitigation posture have no avenue for discovery under any other Federal Rule of Procedure [beyond the Rules Governing Section 2255 Proceedings and any determination of whether a § 2255 motion has *already been* filed]"; and, 2) "good cause" has not been shown to allow for discovery. However, by failing to analyze whether other "practices and principles of law" may allow such discovery beyond the Federal Rules, the government fails to demonstrate sufficient support for its argument that this Court should deny discovery in the instant matter.

> **A. Other "practices and principles of law," beyond prelitigation discovery as allowed under the Federal Rules of Criminal or Civil Procedure, support granting discovery prior to the filing of Mr. Roof's 2255 motion.**

In fact, there are other "practices and principles of law" that do apply in the instant matter beyond prelitigation discovery allowed under the Federal Rules. Here, the government failed to process Mr. Roof's records requests for the information sought in good faith, specifically

---

[1] The Advisory Committee's Notes discussion of § 2254 discovery rules are "fully applicable to discovery under ... § 2255 motions." Rules Governing Section 2255 Proceedings R. 6 cmt. (1976) (amended 2004).

showing persistent delays in processing the requests. Additionally, the government failed to undertake any search whatsoever for sought records, stating an Order from the Court is necessary before any search is even undertaken. Last, FBI records should have been turned over to Mr. Roof well before now consistent with the government's discovery obligations prior to trial.

The government primarily relies on an Eleventh Circuit case, *United States v. Cuya*, 964 F.3d 969 (11th Cir. 2020), to support their contention that the defense should not be allowed discovery prior to filing a § 2255 motion. Dkt. No. 1047 at 8. *Cuya,* however, hinges its findings solely on the interplay of prelitigation discovery for a § 2255 motion consistent with the Federal Rules, and never addresses the much broader possibility that other "practices and principles of law" may also support authorization of discovery at this stage.

Under a federal FOIA request, for instance, an agency must disclose records on request unless they fall within one of nine exemptions: "These exemptions are 'explicitly made exclusive' and must be 'narrowly construed.' " *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). A court may grant discovery in FOIA actions if the plaintiff raises a sufficient question regarding the agency's good faith in processing the FOIA request or if there are persistent and unexplained delays in processing the requests. While discovery is generally rare in FOIA cases, it is typically denied only if the agency's declarations that no such information exists are reasonably detailed, submitted in good faith, and the court is satisfied that no factual dispute remains. *See Bernegger v. Executive Office for U.S. Att'ys*, 334 F. Supp. 3d 74 (D.D.C. 2018).

Certainly, federal FOIA law does not apply to state and local government records, but South Carolina has codified its own FOIA legislation applicable to public records requests. *See* S.C. Code Ann. §§ 30-4-10 et seq. South Carolina's FOIA applies to public bodies, which are broadly defined. *See Davis v. S.C. Educ. Credit for Exceptional Needs Children Fund*, 893

3

S.E.2d 330 (S.C. App. 2023). Although certain records are exempt from disclosure under FOIA, exemptions are narrowly construed, fact specific, and the government has the burden of proving that an exemption applies. *See Evening Post Pub. Co. v. City of North Charleston*, 611 S.E.2d 496 (S.C. 2005). There are approximately nineteen delineated codified exemptions (although numerous subparts within the statute create a broader umbrella than the nineteen specific exemptions). *See* S.C. Code Ann. §§ 30-4-40(a)((1)-(19)).

Generally, FOIA is triggered by a written request, S.C. Code Ann. § 30-4-30(C), but there are a number of categories of records that do not require any formal written request in order to be reviewed. *See* S.C. Code Ann. § 30-4-30(D). Under the act, the government must provide the requestor with a copy or the opportunity to inspect the record no later than 35 calendar days from the date of the determination. *See* S.C. Code Ann. § 30-4-30(C). There are a number of other codified provisions that include fees the agency may charge for copies, and provisions where a public body may file for a hearing for a court's determination if the sought records are exempt from disclosure or any request is overly burdensome. *See* S.C. Code Ann. § 30-4-110(A).

Here, Mr. Roof has waited almost two years for the Lexington County Sheriff's Department to process relatively simple open records requests, with no official declaration from the agency whatsoever and only informal communication on why the records cannot be produced. Certainly, there has been no claim that Mr. Roof's records request falls under one of the nineteen delineated exemptions, nor has any hearing been requested to determine any reason the records should not be released. Instead, delay after delay has produced nothing, despite the fact the records clearly exist and despite offers from post-conviction counsel to pay for an outside vendor to copy the records. Dkt. No. 1044-1 at 5. Only in the last few weeks has the department communicated that they are "working" on the requests. *Id.* It is clear a factual dispute

4

remains as that record request remains outstanding, and based on the practices and principles underpinning FOIA requests, discovery is warranted on that basis alone.

A court may also grant discovery in FOIA actions if there are persistent and unexplained delays in processing the requests. The D.C. Circuit has noted "persistent and unexplained delays in processing FOIA requests may 'raise a sufficient question of bad faith on the part of the government ... to warrant further exploration through discovery.'" *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 92 (D.D.C. 2018) (quoting *Citizens for Responsibility & Ethics in Wash. v. DOJ*, No. 05-2078, 2006 WL 1518964, at *2–3 (D.D.C. June 1, 2006) (permitting limited discovery when "even after a full round of briefing and a motions hearing, there still remain[ed] unanswered questions regarding the government's position that what occurred ... [was] ordinary and normal [FOIA] processing").

The Lexington County Sheriff's Department records sought here were sought approximately *two years ago,* on March 17, 2023. It is difficult to describe two years of delays as anything other than "persistent delays" that properly raise questions of bad faith to warrant further explanation through discovery. Although the Department claims a broken microfiche machine is the source of delay, there has been no explanation why post-conviction counsel's offer to expedite the retrieval of these records by paying for an outside company to assist was rebuffed. Given that unanswered questions remain about when, or if, the records will actually be produced, this Court should authorize discovery to proceed as the extremely broad umbrella of Rule 6 does allow other "practices and principles of law" to be incorporated by the language of the rule itself.

Next, limited discovery may also be appropriate when it appears that an agency has not undertaken an adequate search for responsive documents or when there is evidence of

government wrongdoing or bad faith. *See Gawker Media, LLC v. United States Department of State*, 266 F. Supp. 3d 152 (2017); *see also Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353 (4th Cir. 2009) (outlining the obligation to conduct an adequate search in response to FOIA requests). While the audio recordings from pretrial and trial proceedings cannot be requested through open records request or via FOIA, the Clerk of Court has refused to even undertake a search of whether the Court is in possession of the same. This is troubling, as requesting these tapes, even outside of official FOIA methods, is entirely consistent with the principle the Freedom of Information Act is premised upon: the vital importance of an "informed citizenry," and a "general philosophy of full agency disclosure." *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 494 (1994) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 360 (1976)).

The audio recordings sought by Mr. Roof have been confirmed to exist by, at the very least, an agent of the court. The Clerk of Court will not search for these same recordings. This should compel this Court to authorize discovery regarding these recordings.

Last, the FBI records fit under a previous obligation to disclose prior to trial as information "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). While there may be a broader question of whether any of the sought information or materials might qualify as information not subject to disclosure as "discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500," Fed. R. Crim. P. 16 (a)(2), the government makes no such argument in its response. It instead only attempts to convince this Court that, despite elaborate rationale provided on why the material does, presumably, exist, *see* Dkt. No. 1044-1 at 2; fns. 3-5, trial counsel was not deficient in failing to seek the same information nor is it relevant to any claim of ineffective assistance. Dkt. No. 1044-1 at 19-22.

6

While the government may later argue—once the § 2255 motion is filed—whether the FBI records support an ineffective assistance claim, the Court, at this point, should remain focused on the broad language of Rule 6 allowing discovery when underpinned by other "practices and principles of law." As the FBI records sought are relevant to the instant matter, particularly under the forgiving *Bracy* standard of what might even be "quite speculative," *Bracy v. Gramley*, 520 U.S. 899, 905 (1997), this Court should authorize discovery of the FBI records.

**B. Despite Mr. Roof enumerating sufficient "good cause" for discovery in his original Motion for Discovery, the government's own inaction on the underlying requests for information show "good cause" in isolation.**

The government, in its opposition, attempts to create an overarching exception that *some* investigation must automatically qualify as *effective* investigation. This is not the standard for ineffective assistance of counsel.

Ineffective assistance of counsel requires that counsel performed deficiently and that such deficient performance resulted in prejudice. Dkt. No. 1047 at 10; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The standard suggested by the government would preclude any ineffective assistance claim being brought under a much lower standard that counsel functioned with *some* effectiveness, rather than a full factual analysis of whether the *Strickland* standard is met.

In any event, the discovery requests propounded by Mr. Roof arise now for two main reasons: 1) the present inaction of the government in turning over the sought information in the form of police records and court recordings pursuant to legitimate requests from Mr. Roof; and, 2) the previous failure of the government to turn over discovery in full in the form of all FBI information "material to preparing the defense" (or even if "quite speculative," information that should have been requested or demanded by trial counsel). The idea that "good cause" can only be shown if the government can ascertain the specific avenues sought by Mr. Roof's counsel in

7

investigating potential ineffective assistance is again misplaced, Dkt. No. 1047 at 16-17, as that is not the standard.

Good cause is established "where specific allegations . . . show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate" that he is entitled to relief. *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997). Discovery is appropriate even if the allegations are, as they were in *Bracy*, "quite speculative." 520 U.S. at 905; *see also Rippo v. Baker*, 580 U.S. 285 (2017).

As is often the case in discovery litigation—from trial to post-conviction—the government once again finds itself under the peculiar belief that it is able to direct what the defense strategy should or should not be or what it can and cannot be. In doing so, the government engages in the very thing they accuse the defense of doing: a fishing expedition into what the defense's motive may possibly be for seeking the requested materials—an unacceptable premise. Simply put, the government is not entitled to ascertain post-conviction counsel's intention or strategy. The only appropriate inquiry is whether there are specific enough reasons to believe, even if quite speculative, that relief *may* be appropriate. And the answer here is yes.

Likewise, the government's descriptions of trial counsel's performance, Dkt. No. 1047 at 11-12, asks this Court a question that is not yet ripe to be answered: whether there was ineffective assistance of counsel. The standard for "good cause" before this Court in this moment is whether there *may* be ineffective assistance of counsel if Mr. Roof is able to fully develop the facts in his § 2255 motion.

As sunlight is the best disinfectant, Mr. Roof's Motion for Discovery seeks information that his counsel believes qualifies as "good cause" discovery under the *Bracy* standard, and practices and principles of law. Dkt. No. 1044-1 at 3-6. Authorizing discovery for this

8

information, narrowly tailored in both the requests and the motion to the Court, may very well tend to move this case toward a final resolution more efficiently by giving Mr. Roof access to records his counsel believes are necessary sooner rather than later.

Authorizing discovery ensures Mr. Roof's ability to appeal his conviction and sentence, consistent with principles of transparency and full disclosure. To be clear, the government suffers no prejudice or detriment should this Court authorize the discovery now as sought by Mr. Roof prior to the anticipated filing of his § 2255 motion. The Court can and should use its substantial discretion to do so. *See Lonchar,* 517 U.S. at 326.

Respectfully submitted,

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

*/s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN  46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

Dated:  March 14, 2025