UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-CR-00472-RMG |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | MOTION FOR RECUSAL |
| v. | ) | |
| | ) | |
| DYLANN STORM ROOF | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

## MOTION FOR JUDGE GERGEL TO RECUSE FROM § 2255 PROCEEDINGS

Petitioner, Dylann Storm Roof, by and through appointed counsel Jill E.M. HaLevi and Angela S. Elleman, respectfully submits this motion for United States District Court Judge Richard Gergel of the United States Court for the District of South Carolina to recuse himself from § 2255 proceedings in this case or, at minimum, for Judge Gergel to authorize additional proceedings to determine whether he must recuse.

Undersigned counsel has recently learned that, in 2015, when the Department of Justice initiated a case against Mr. Roof, Judge Gergel made known among judges that that he wanted to preside over the case.[1] According to Judge David Norton's contemporaneous account to attorney Michael O'Connor, who has only recently shared this information, Judge Gergel indicated that he "really wants to" preside over Mr. Roof's case. Ex. 1 (O'Connell Dec.) ¶ 6. Because of Judge Gergel's strong desire to preside over Mr. Roof's case, Judge Norton "let him have" the case. Ex. 1 (O'Connell Dec.) ¶ 6.

---

[1] Michael O'Connell provided this information to undersigned counsel within the last few weeks and signed a declaration attesting to his conversation with Judge Norton on March 20, 2025. *See* Ex. 1 (O'Connell Dec.).

It should go without saying that a judge expressing that he "really wants to do" a case, and thus being given the case, is not a typical procedure for case assignment. Nor is it a fair or impartial one. Federal courts have procedures in place to ensure unbiased case assignments: "By statute, the chief judge of each district court has the responsibility to enforce the court's rules and orders on case assignments. Each court has a written plan or system for assigning cases. The majority of courts use some variation of a random drawing."[2] Nothing could be further from following written procedures for randomly assigning cases than assigning a judge a high-profile case because he "really wants to do it" and makes this desire known to the other judges. Ex. 1 (O'Connell Dec.) ¶ 6.

Judge Gergel becoming the judge in Mr. Roof's case by letting other judges know he wanted the case raises serious and disturbing questions about Judge Gergel's ability to remain impartial and unbiased. And of course, depending on Judge Gergel's reasons for wanting the case, the improper assignment may be an indication of even deeper problems with the trial. The incident raises serious Due Process concerns.

These Due Process problems must be explored in § 2255 proceedings. Judge Gergel cannot preside over § 2255 proceedings in which his behind-the-scenes actions and his motivations are a key question. Consequently, Judge Gergel must recuse himself from Mr. Roof's § 2255 proceedings.

Mr. Roof—like any party appearing before a United States District Court—had at trial and has now the right to an impartial judge. Nowhere is the judge's impartiality more important than in a criminal case where the government is seeking the death penalty. "The selection of a

---

[2] United States Courts, *FAQs: Filing a Case*, https://www.uscourts.gov/faqs-filing-a-case#:~:text=The%20majority%20of%20courts%20use,related%20cases%2C%20or%20prisoner%20cases.

judge to preside at a criminal trial is a matter of considerable significance to the criminal defendant." *Cruz v. Abbate*, 812 F.2d 571, 573 (9th Cir. 1987); *see also Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). Thus, "[w]hile a defendant has no right to any particular procedure for the selection of the judge . . . he is entitled to have that decision made in a manner free from bias or the desire to influence the outcome of the proceedings." *Cruz*, 812 F.3d at 574.[3] Assigning a case to a particular judge "for an impermissible reason" is unequivocally prohibited. *Cruz*, 812 F.2d at 574. Such improper manipulation of case assignments "raises not only constitutional issues, but also significant questions regarding the fair administration of justice." *United States v. Pearson*, 203 F.3d 1243, 1255 (10th Cir. 2000).

To ensure judicial proceedings free from bias—or even the possibility or appearance of bias—"[a]ny justice, judge, or magistrate judge of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

In light of Judge Gergel's unexplained desire to preside over Mr. Roof's trial, his impartiality at trial could reasonably be questioned. Certainly, no judge could be impartial in § 2255 proceedings involving the legal issue of his own impartiality at trial. Therefore, Judge

---

[3] Assignment procedures appropriately allow courts to reassign cases to address practical problems, such as judges falling ill or to balance caseloads. *See, e.g.*, *Sinito v. United States*, 750 F.2d 512, 514 n.3 (6th Cir. 1984) (judges may trade cases so cases are heard in the most geographically convenient courthouse); *State v. Simpson*, 551 So.2d 1303, 1305 n.6 (La. 1989) (courts may reassign cases when a judge falls ill or is incapacitated); Federal Judicial Center, *Ten Steps to Better Case Management* 1 (2d ed. 2014) (noting that assignments for multidistrict litigation (MDL)—complex cases that consume enormous resources—are decided on by an MDL panel and require the consent of the assigned judge).

Gergel must recuse himself from the § 2255 proceedings. At the very least, Judge Gergel should refer this matter to another, disinterested judge to determine whether Judge Gergel can preside over Mr. Roof's § 2255 case. If the matter is referred, the disinterested judge should allow further briefing, development of evidence, and an evidentiary hearing on the matter.

Dated: March 25, 2025

Respectfully submitted,

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

*/s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org