# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| Dylann Storm Roof, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

This matter comes before the Court on a motion to recuse on the basis that the undersigned allegedly "made known among judges that he wanted to preside" over the above captioned case and that a colleague, Judge David Norton, steered the case to the undersigned. (Dkt. No. 1049 at 1). For reasons set forth below, the motion to recuse is denied.

**Factual Background**

Defendant Dylann Storm Roof was indicted by a federal grand jury on July 22, 2015. (Dkt. No. 2). One day later, on July 23, 2015, the undersigned was assigned the case. (Dkt. No. 10). Under standard assignment procedures for criminal cases in the District of South Carolina, then Chief Judge Terry Wooten made the assignment. (Dkt. No. 1051). According to a statement submitted by Judge Wooten, the case of *United States v. Roof* (hereafter "the *Roof* case") was "routinely assigned" by him and that "at no time did Judge Gergel request of me that Roof's case be assigned to him." (*Id*.) Judge Wooten further stated that Judge Gergel had "no role in the assignment of the Roof case" and "[n]o other judge had any role in the assignment of the Roof case." (*Id*.) Additionally, Judge Wooten stated that "[a]ny assertion that Judge Gergel sought

1

assignment of the Dylann Roof case to himself is not accurate nor a credible assertion. No information has been provided to me to support that contention." (*Id*.)

Judge Norton submitted a statement in response to Defendant's allegation that "[b]ecause of Judge Gergel's strong desire to preside over Mr. Roof's case, Judge Norton 'let him have' the case." (Dkt. No. 1052). Judge Norton stated that this allegation is "simply untrue. I never had *United States v. Roof* assigned to me. I played no role in the assignment of the case to Judge Gergel. I am unaware of any effort by Judge Gergel to have the case assigned to him." (*Id*.) Judge Norton further explained that Defendant's motion to recuse is based on "an erroneous premise that individual district judges participate in the assignment of criminal cases within the District of South Carolina." (*Id*.). In fact, the "assignment of criminal cases is made under the direction and supervision of the Chief Judge," who was at the time Judge Terry Wooten. Judge Norton stated that "I was not involved in any way in the assignment of the *Roof* case to Judge Gergel. I did not communicate with Chief Judge Wooten or Judge Gergel prior to the assignment of the case and am aware of no facts indicating that this assignment was not handled routinely by Judge Wooten." (*Id*.) Additionally, Judge Norton stated that "[a]nyone who reached the conclusion that I played a role in the assignment of the *Roof* case to Judge Gergel based on a conversation with me misunderstood our discussion." (*Id*.).

## Legal Standard

28 U.S.C. § 455 provides that a judge should disqualify himself in any proceeding in which "his impartiality might reasonably be questioned." This is an objective standard based on a reasonable person fully informed of all of the "surrounding facts and circumstances." *Microsoft v. United States*, 530 U.S. 1301, 1302 (Rhenquist, CJ).

**Discussion**

Nearly ten years after the undersigned was appointed to preside over this case and after the case was tried to verdict, affirmed on appeal, and denied certiorari before the United States Supreme Court, Defendant moves to disqualify the presiding judge on the basis that he allegedly sought the assignment and had his colleague, Judge David Norton, steer the case to him. The record before the Court establishes that no reasonable person could question the impartiality of the undersigned when fully informed of all surrounding facts and circumstances.

The record demonstrates that on July 22, 2015, the Defendant was indicted by a federal grand jury. (Dkt. No. 2). Within 24 hours, the case was assigned to the undersigned. (Dkt. No. 10). Under established procedures within the District of South Carolina for the assignment of criminal cases, Chief Judge Terry Wooten assigned the case to the undersigned. Judge Wooten stated in his declaration unequivocally that he, and he alone, made the assignment decision. No one—not the undersigned, not Judge Norton, and not any other judge, made a request to Judge Wooten that the undersigned be assigned the case. (Dkt. No. 1051). Judge Wooten stated that he handled the assignment routinely, based on well established District of South Carolina practices. Judge Wooten also noted that in his six years as Chief Judge, "no district judge sought to have a particular case assigned to him or her." (*Id*.).

Judge Norton, who was alleged in Defendant's motion to recuse to have steered the assignment of the *Roof* case to the undersigned, stated that this allegation is "simply untrue . . . . I played no role, in the assignment of the case to Judge Gergel. I am unaware of any effort by Judge Gergel to have the case assigned to him." (Dkt. No. 1052). Judge Norton stated in his declaration that the Defendant's motion is based on an "erroneous premise" that individual district judges can steer a case to a particular judge. He explained that within the District of South Carolina, the Chief

3

Judge makes the assignment of criminal cases. Judge Norton stated that he did not communicate with Judge Wooten or the undersigned prior to the assignment of the *Roof* case and he was aware of no information which indicated that "the assignment was not routinely handled by Chief Judge Wooten." (*Id*.). Judge Norton further stated that anyone who reached the conclusion that he had steered the case to the undersigned from a discussion with him "misunderstood our discussion." (*Id*.).

In sum, the person who actually made the assignment of the *Roof* case, Judge Wooten, and the person who the Defendant alleged steered the *Roof* case assignment to the undersigned, Judge Norton, both plainly and unambiguously state there is no truth to this allegation. No reasonable person fully aware of all facts and circumstances surrounding this matter could conclude that the undersigned's impartiality could "reasonably be questioned." 28 U.S.C. § 455. The motion to recuse (Dkt. No. 1049) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 4, 2025
Charleston, South Carolina

4