UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-CR-00472-RMG |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | RENEWED MOTION FOR RECUSAL |
| v. | ) | |
| | ) | |
| DYLANN STORM ROOF | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

**MOTION FOR RECONSIDERATION AND SECOND MOTION FOR JUDGE GERGEL
TO RECUSE FROM § 2255 PROCEEDINGS**

Petitioner, Dylann Storm Roof, by and through appointed counsel Jill E.M. HaLevi and
Angela S. Elleman, respectfully submits this Motion for Reconsideration of his Motion to
Recuse and a Second Motion for Recusal. In the alternative, counsel requests that the Court
authorize additional proceedings before a disinterested judge to determine whether recusal is
warranted. Following counsel's filing of the initial motion to recuse, and before the government
had the opportunity to respond, two statements from judicial colleagues of Judge Gergel were
docketed, apparently by Judge Gergel's judicial assistant, directly disputing the facts set forth in
the motion to recuse. Dkt. 1051, 1052. Less than one-half hour later, Judge Gergel denied the
motion to recuse, quoting extensively from these just-docketed statements. These new facts form
the basis for this motion for reconsideration and give further rise to the need for either recusal of
Judge Gergel or the designation of an out-of-district judge to conduct an impartial factfinding
proceeding.

1

**FACTUAL STATEMENT**

As set forth in the initial motion to recuse, undersigned counsel recently received credible information that suggested alarming irregularities in the assignment of the District Judge in this high-profile capital case. Dkt. 1049. Specifically, counsel learned that in 2015—prior to the assignment of Mr. Roof's case to any District Judge—Judge Gergel made known in the Charleston division of the District of South Carolina that he wanted to preside over this case.[1] Because of Judge Gergel's desire to preside over Mr. Roof's case, Judge Norton "let him have" the case. Dkt. 1049, Ex. 1.

Based on this information, counsel sought to determine how cases are assigned in the District of South Carolina. Upon request, the Clerk for the District of South Carolina has been unable to provide a written case assignment plan for the District.

These facts were presented in a Motion to Recuse filed in this Court on March 26, 2025 that relied on 28 U.S.C. § 455 and relevant case law to argue that Judge Gergel should recuse from this case because there appear to be Due Process violations with this assignment that must be explored in § 2255 proceedings. Dkt. 1049. In the alternative, counsel asked for the assignment of another judge to determine the underlying merits of these factual allegations. Before the government filed its response to the motion to recuse, on April 4, 2025, two statements—from the other two judges said to have been involved in the assignment of this case to Judge Gergel—appeared on the public docket. Dkt. 1051, 1052. The first statement, from then-Chief Judge and now-Senior United States District Judge Terry L. Wooten was dated April

---

[1] Michael O'Connell, Esq., provided this information to undersigned counsel and signed a declaration attesting to his conversation with Judge Norton on March 20, 2025. *See* Dkt. 1049, Ex. 1 (O'Connell Dec.).

1, 2025, and directly controverted the facts alleged in the defendant's Motion to Recuse, stating that Judge Wooten had assigned the case to Judge Gergel without any consideration of who "wanted" the case. Dkt. 1051. Ex. 1 (ECF notification of Dkt. 1051). The second statement, docketed one minute later, was from United Stated District Court Judge David C. Norton, dated April 3, 2025. Dkt. 1052. Ex. 2 (ECF notification of Dkt. 1052). Judge Norton's statement denied any conversation between himself and Judge Gergel concerning the assignment of this case. *Id.* Both of these docket entries appear to have been caused to be filed on the docket by a staff member with the initials "(ltap)". Dkt 1051, 1052. Judge Gergel's judicial assistant is named Lena Tapscott. *See* https://www.scd.uscourts.gov/mdl-2873/contact.asp. Twenty-three minutes later, Judge Gergel denied the Motion to Recuse in a four-page order that cited extensively to the two statements just docketed. Dkt. 1053. Ex. 3 (ECF notification of Dkt. 1053).

## ARGUMENT

### A. This Court Should Reconsider Its Denial Of The Motion To Recuse, Given The New Facts Surrounding The Factfinding Process To Date

The new factual information that has emerged since the filing of the initial motion to recuse supports reconsideration. *See, e.g.*, *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (using Federal Rule of Civil Procedure 59(e) as guidance for motion to reconsider in criminal case); *United States v. Fuentes-Morales*, No. 14-cr-556, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017) (same). Reconsideration is appropriate where the Court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *United States v. Smithfield Foods*, 969 F. Supp. 975, 977 (E.D. Va. 1997) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS

3

68827 (D.S.C.) (citing *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 126 F. Supp. 3d 611 (D.S.C. 2015)). Here the Court has made a "decision outside the adversarial issues presented to the Court by the parties" and thus reconsideration is proper. *See PCS Nitrogen, Inc.* at 632.

Specifically, rather than permitting the adversarial process to occur, or requesting the assignment of a neutral District Judge to fact-find, it appears that the District Court took it upon itself to defend what happened here. To put it bluntly, the District Judge whose recusal is at issue appears to have sought and obtained declarations from his judicial colleagues to rebut a declaration submitted by the defense that called into question Judge Gergel's ability to preside over the Section 2255 proceedings. Then the District Judge quickly relied on those statements to deny recusal, prior to even permitting the parties the opportunity to respond to, let alone confront, those statements.

This lack of an adversarial process for fact-finding violates Mr. Roof's Due Process rights under the Fifth Amendment and provides a sufficient basis for reconsideration of the denial of the motion to recuse.

### B. Mr. Roof Now Asserts An Additional Basis For Recusal Under 28 U.S.C. § 455, As Judge Gergel's Recent Actions Further Call Into Question His Impartiality

Recusal motions are always sensitive to file and to decide. Here, rather than acting with the transparency and respect for the adversarial process required in such situations, the assigned District Judge appears to have undertaken an investigation and fact-gathering mission of his own to counter the factual allegations raised in the recusal motion. *McNeil v. Wisconsin*, 501 U.S. 171, 181, n.2 (1991) ("What makes a system adversarial rather than inquisitorial is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties.").

28 U.S.C. § 455 (a) states that "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The question under § 455(a) is simply "whether another, not knowing whether the judge is actually impartial, might reasonably question his impartiality on the basis of all of the circumstances." *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir. 1978). The Fifth Amendment requires not just actual impartiality but also the appearance of impartiality. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986). Indeed, "the Due Process Clause 'may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way, justice must satisfy the appearance of justice." *Id.* (quoting *In re Murchison*, 349 U.S. 133, 136 (1955).

The Eighth Amendment requires particular rigor in capital cases. *See, e.g., Rippo v. Baker*, 580 U.S. 285, 287 (2017) (per curiam) (in capital cases, "the Due Process Clause may sometimes demand recusal even when a judge 'has no actual bias'" (quoting *Aetna*, 475 U.S. at 825)).

Because of the highly irregular investigation and evidence-gathering in this case, Mr. Roof requests that Judge Gergel recuse himself on this basis. In the alternative, Mr. Roof requests that an impartial judge be appointed to conduct an adversarial process by which this dispute regarding recusal may be properly resolved.

### C. Mr. Roof Moves for Recusal Under 28 U.S.C. § 455 (b)(1), As Judge Gergel Has Personal Knowledge Of The Disputed Evidentiary Facts.

Judge Gergel should recuse from this case based on his personal knowledge of the factual dispute at issue. 28 U.S.C. § 455(b)(1) states that a judge "shall also disqualify himself in the following circumstances: (1) [w]here he has a personal bias or prejudice concerning a party, or *personal knowledge of disputed evidentiary facts* concerning the proceeding." (emphasis added).

5

Such knowledge must stem from "a source outside the judicial proceeding at hand" in order to disqualify a judge. *Liteky v. United States*, 510 U.S. 540, 545 (1994); *McClain v. Warden, Turbeville Corr. Inst.*, 805 Fed. Appx. 221 (4th Cir. 2020).

The assigned District Judge already had such extra-judicial knowledge with respect to the basis of the initial recusal motion—*i.e.,* how the assignment of the case came about (the core disputed fact). This personal knowledge, and thus, partiality, has only increased through his gathering of judicial declarations and *sub rosa* factfinding that led to the denial of the initial motion.

Attorney Michael O'Connell swore in a signed statement that Judge Norton said to him that Judge Gergel "really wants" the case and thus Judge Norton "let him have" it. Dkt. 1049, Ex. 1. Judge Gergel appears to have caused to be filed statements that dispute that Judge Gergel was granted this case based on any specific request for the case. Dkt. 1051, 1052. The assignment plan described by Judge Wooten contains significant ambiguity and possibility for abuse. Judge Wooten's statement indicates that while he was Chief Judge he assigned cases based on caseloads and related cases. Dkt. 1051. Judge Wooten does not describe the use of a wheel or a neutral system that cannot be manipulated either intentionally or with unintentional bias. And, of course, Judge Gergel would have personal knowledge of the factual dispute that exists among the sworn declaration of Michael O'Connell and the statements of Judges Wooten and Norton. Since Judge Gergel has personal knowledge of the facts underlying this dispute, he is required to recuse. See 28 U.S.C. § 455 (b)(1) ("he *shall* disqualify himself.").

**CONCLUSION**

For the foregoing reasons, Judge Gergel should recuse himself from Mr. Roof's case. In the alternative, an impartial, disinterested District Court Judge from outside the District of South Carolina[2] should be assigned to allow further briefing, development of evidence, and an evidentiary hearing on the matter.

Dated: April 8, 2025                          Respectfully submitted,

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

*/s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

---

[2] Due to the nature of the factual dispute at issue, a judge from outside the district is necessary.

7