**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 2:15-CR-00472-RMG** |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DYLANN STORM ROOF** | ) | |
| | ) | |
| **Defendant-Petitioner.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO FILE PORTIONS OF § 2255 MOTION AND EXHIBITS UNDER SEAL**

Dylann Storm Roof, through counsel, has filed a motion for portions of his § 2255 Motion and Exhibits to be maintained under seal. Pursuant to Local Rule 49.01(B)(1), Mr. Roof provides the following information:

(a) Mr. Roof requests that certain portions of his § 2255 Motion be maintained under seal. These are the sections of his motion that detail allegations of jury misconduct. Mr. Roof additionally requests that selected Exhibits that contain details about jurors and selected jurors be maintained under seal.

(b) Sealing these portions of the § 2255 Motion and Exhibits is necessary for two reasons. First, to protect the privacy the jurors who Mr. Roof alleges committed misconduct. Some of Mr. Roof's allegations involve information that is private and sensitive in nature. Although Mr. Roof does seek to have these allegations of misconduct fully vetted, as the misconduct undermines the integrity of his capital trial and death sentence, he does not wish to publicly embarrass these jurors. Second, because fully vetting these allegations will require sworn statements from witnesses and testimony, prematurely publicizing Mr. Roof's allegations may taint the witnesses.

(c) There is no less drastic alternative that would afford adequate protection because Mr. Roof has redacted information about jurors that is private and sensitive or that may taint witnesses. He has not sought to redact or withhold any additional information. And he has proposed only redacting claims that reveal juror identities and their private details; and only sealing exhibits that would reveal private information. Mr. Roof does not intend to keep the entire document confidential. Consequently, the remedy Mr. Roof seeks is the least drastic alternative.

(d) The Fourth Circuit has held that "before a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). As to factor (1), this motion provides notice of Mr. Roof's request to seal, and Mr. Roof has no objection to the Court providing public notice pursuant to Rule 49.01(B)(4). As to factors (2) and (3), Mr. Roof is proposing the least drastic means of keeping this information out of the public eye. This information must be kept out of the public eye, at least preliminarily, because some of Mr. Roof's allegations of juror misconduct and exhibits in support thereof involve information that is private and sensitive in nature. Although Mr. Roof does seek to have these allegations of misconduct fully vetted, as the misconduct undermines the integrity of his capital trial and death sentence, he does not wish to publicly embarrass these jurors. Second, because fully vetting these allegations will require sworn statements from witnesses and testimony, prematurely publicizing Mr. Roof's allegations may taint the witnesses.

As his *Nonconfidential Descriptive Index*, Mr. Roof describes the documents sought to be maintained under seal as follows: Allegations of juror misconduct, naming specific jurors who engaged in misconduct and describing potentially sensitive information about those jurors, as well as exhibits related to private juror information, including juror questionnaires. This information is redacted from the publicly filed version of Mr. Roof's § 2255 Motion only.

As his *Confidential Information to be Submitted to Court in Connection with Motion to Seal*, Mr. Roof is submitting an unredacted version of his § 2255 Motion along with a complete set of exhibits.

Pursuant to 49.01(B)(2)(b), undersigned counsel certifies compliance with Local Rule 49.01(B).

For the foregoing reasons, Mr. Roof respectfully requests that the Court grant an order authorizing him to file portions of his § 2255 motion under seal.

Dated April 13, 2025                                      Respectfully submitted,

                                                        */s/ Jill E.M. HaLevi*
                                                        Jill E.M. HaLevi
                                                        Mediation and Legal Services
                                                        102 Broad Street, Suite C
                                                        Charleston, SC 29401
                                                        843-819-0557
                                                        E-Mail: jill@charlestonmediator.com

                                                        */s/ Angela S. Elleman*
                                                        Angela S. Elleman
                                                        Chief, § 2255 Unit
                                                        Indiana Federal Community Defenders
                                                        111 Monument Circle, Suite 3200
                                                        Indianapolis, IN 46204
                                                        Phone: 317-383-3520
                                                        E-Mail: angie_elleman@fd.org