**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| Dylann Storm Roof, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

Defendant has moved for permission to file a corrected § 2255 motion on or before July 21, 2025, based upon an agreement reached with an Assistant United Attorney on January 10, 2025 to extend the statute of limitation expiration date until July 21, 2025 from the previously extended date of April 18, 2025. Defense counsel reports in their motion that 17 days after the agreement to extend the filing of Defendant's § 2225 petition until July 21, 2025, the Government reversed its position and insisted upon maintaining the previously granted extension date of April 18, 2025. (Dkt. No. 1056-1). Defense counsel reports that they intend to file Defendant's § 2255 petition by April 18, 2025 but seek authorization to file a supplemental petition on or before July 21, 2025 because the Government's change of position has allegedly prevented defense counsel from obtaining expert reports and witness declarations in support of the § 2255 petition.[1]

In order to properly address this motion, the Court directs as follows:

---

[1] Defendant's original deadline for filing his § 2255 petition was October 10, 2023, one year following the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The Government subsequently agreed to the extension of the statute of limitations to April 24, 2024 and later to April 18, 2025. (Dkt. Nos. 1029-1 and 1034-1). The present motion addresses the Government's agreement to extend the statute of limitations from January 10, 2025 until July 21, 2025 and decision on January 27, 2025 to rescind this agreement and to insist on the previously agreed upon statute of limitations expiration date of April 18, 2025.

1

1.  The Government is directed to file a response to Defendant's motion for leave to file a corrected § 2255 (Dkt. No. 1056) on or before April 24, 2025, explaining the basis of its change of position between January 10, 2025 and January 27, 2025.

2.  The Government is directed to identify any prejudice it would suffer if the Court equitably tolled the statute of limitations for 17 days after the April 18, 2025 statute of limitations expiration date.

3.  Defense counsel asserts in the memorandum in support of the motion for leave to file an extension that certain unidentified expert reports and witness declarations could not be obtained due to the decision of the Government to maintain the previously agreed upon date of April 18, 2025 for the expiration of the statute of limitations. (Dkt. No. 1056 at 3, 4).  Defense counsel may file with the Court on or before April 24, 2025 sworn statements from any such witnesses and experts to explain in detail why the maintenance of the April 18, 2025 deadline prevented them from timely submitting their expert reports and witness declarations or impaired their ability to properly prepare their expert reports and/or witness declarations.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 18, 2025
Charleston, South Carolina

2