IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 2:15-cr-00472-RMG |
| v. | **GOVERNMENT'S SUBMISSION REGARDING PROPOSED SCHEDULING ORDER** |
| DYLANN STORM ROOF, | |

On April 17, 2025, Defendant Dylann Storm Roof filed a motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. No. 1063) along with 171 supporting Exhibits (Dkt. Nos. 1057 & 1058). On April 18, 2025, this Court directed the parties to meet and confer regarding a proposed scheduling order addressing the deadlines for the Government's response and the Defendant's reply.

The parties have conferred but were not able to reach agreement on a proposed scheduling order. Accordingly, the Government respectfully proposes the following deadlines to the Court.

- The Government's Response shall be due on or before July 24, 2025.[1]

- The Defendant's Reply shall be due on or before September 8, 2025, i.e., 45 days after the Government's response.

The parties discussed but were not able to reach agreement on the issue of discovery. As this Court explained in its order denying Defendant's motion for discovery, "the § 2255 Rules anticipate a process where discovery may be authorized by a district court only after the § 2255

---

[1] This proposal assumes that Defendant will not be permitted to significantly amend his petition between now and the proposed deadline for the Government's response.

motion has been filed, the § 2255 petition has survived a motion to dismiss, and good cause for discovery has been demonstrated." (Dkt. No. 1050 at 1 – 2). The Government agrees that this is the appropriate procedure. At this point, the Government believes that the Defendant's motion can be resolved based on the record that is already before this Court and does not anticipate that discovery will be required.  The Government respectfully submits that if the Defendant requests discovery, such discovery should not be authorized until after the Government has responded to the § 2255 motion, the Defendant has filed his reply, and the Court has had the opportunity to consider the Government's arguments for dismissal or judgment on the record already before the Court.

A proposed scheduling order reflecting the deadlines suggested above is being submitted to chambers with a copy to opposing counsel.

Respectfully submitted,

BENJAMIN N. GARNER
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

By: *s/Christopher B. Schoen*
Christopher B. Schoen
Assistant U.S. Attorney
D.C. Bar No. 11421
55 Beattie Place, Suite 700
Greenville, SC 29601
(864) 282-2100

Mary J. Hahn
Trial Attorney
U.S. Department of Justice
Civil Rights Division
150 M Street NE/7.1108
Washington, DC 20002
(202) 532-8176

Aaron J. Stewart
Trial Attorney
U.S. Department of Justice
Capital Case Section
1331 F Street NW
Washington, DC 20530
(202) 353-4385

April 24, 2025

3