UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-CR-00472-RMG |
| | ) | Civil Case No. 2:25-cv-03298-RMG |
| Plaintiff-Respondent, | ) | |
| | ) | Judge Richard M. Gergel |
| v. | ) | |
| | ) | |
| | ) | |
| DYLANN STORM ROOF | ) | |
| | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

## **DEFENDANT'S PROPOSED SCHEDULING ORDER**

Pursuant to this Court's Order (Dkt. No. 1061), the parties met and conferred on April 23, 2025 by telephone to discuss a possible joint proposed scheduling order. The parties were unable to agree on a joint proposed scheduling order. Thus, consistent with this Court's order, Mr. Roof submits this proposed scheduling order.[1] Mr. Roof is no less entitled to due process of law and the fair administration of justice in his case than any other litigant before the Court. Difficult cases, like this one, create opportunities to lean into our constitutional principles of equity, fairness, and due process. Because this is Mr. Roof's one and only opportunity to litigate the significant claims of unfairness and ineffective assistance of counsel he has raised, the Court and the parties should take the necessary time to give Mr. Roof process and a fair opportunity to prove his claims. For the reasons explained further below, counsel suggests the following schedule:

---

[1] Understanding that the Court has denied his prior motions to recuse (Dkt. Nos. 1049, 1054), but to preserve this issue, Mr. Roof maintains his objection to this Court considering any matters related to his § 2255 motion..

1.      After this Court resolves the pending issue regarding the proper date of Mr. Roof's initial § 2255 Motion,[2] this Court should enter a scheduling order,

2.      Granting Defendant 90 days from the filing of his § 2255 to file a comprehensive discovery motion before this Court;

3.      Granting the Government 60 days to respond to the motion, and;

4.      Granting Defendant 45 days to reply to the response.

This proposed scheduling order is consistent with the Federal Civil Rules of Procedure, the Rules Governing § 2255 Cases, and the procedures adopted in other federal capital habeas cases. *See, e.g.*, *United States v. Lawrence*, 2:15-cv-3060/2:05-CR-011 (S.D. Ohio) Dkt. No. 341 (scheduling order in capital 2255 with discovery occurring prior to government answer); *Troya v. United States*, 16-CIV-80700 (S.D. Fla.) Dkt. No. 136, Dkt. No. 112 (scheduling orders with discovery ordered prior to government's answer); *Umana v. United States*, 3:16cv57 (W.D.N.C.) Dkt. No. 47 (scheduling order with discovery permitted prior to government's answer). A scheduling order that provides an initial time period within which Mr. Roof may file discovery requests with the Court before the Government is required to file pleadings responsive to his § 2255 Motion also is the most economical approach for the parties and the Court.[3]

---

[2] As Mr. Roof has explained in a separate motion pending before this Court, he believes the correct date for filing his § 2255 motion is July 21, 2025.

[3] This Court has previously noted in response to a pre-filing motion for limited discovery that discovery should be granted, if good cause exists, only after a case survives a "Motion to Dismiss." Dkt. No. 1050 at 2. A "Motion to Dismiss" does not appear to be contemplated by the Rules Governing 2255 Cases, and the Government explained at the April 23, 2025 meet and confer that it does not intend to file a procedural Motion to Dismiss, but instead will file an answer/response to the 2255 motion that may address legal, factual, and any procedural concerns. The rules do contemplate a preliminary judicial review of the motion for facial sufficiency. Rules Governing Section 2255 Proceedings, Rule 4(B). Given that this Court's order concerns the time for filing the Government's response and the Government has represented that

Capital § 2255 proceedings represent the first and only opportunity for a federal prisoner to assert postconviction challenges to the constitutionality of his or her conviction and sentence and to develop evidence in support of his claims. Section 2255 proceedings thus stand in stark contrast to capital cases that arise from state prosecutions, which are litigated in federal court pursuant to 28 U.S.C. § 2254.

In cases brought pursuant to § 2254, the litigant has already been provided the opportunity to assert his federal constitutional claims in state court. Before reaching federal court, a state prisoner has had the opportunity to develop the factual bases for his claims through investigation, often conducted over the course of several years, and through the discovery[4] permitted under state law. A § 2254 petitioner may also have presented the evidence supporting his or her claims in a state-court evidentiary hearing. In fact, by the time a state prisoner reaches federal court, the rights to discovery, a hearing, and de novo review of his claims are constrained by the amount of review and process he has received in state court and the prior adjudication of those claims by the state courts. Likewise, during state proceedings, the state has had the opportunity to identify and develop the facts it deems necessary to defend against the petitioner's challenges. Factual development in federal court in § 2254 cases tends to be quite limited because state court proceedings are the central forum for presentation and adjudication of the facts.

In contrast, in cases brought pursuant to § 2255, all postconviction fact development must occur in the single, federal forum. Mr. Roof has asserted eighteen claims of constitutional

---

they intend to move toward answering the Motion substantively, it appears that Rule 4(B) is no longer at issue here.

[4]*See, e.g.*, *Cullin v. Pinholster*, 563 U.S. 170, 185 (2011) ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing.").

violations including, inter alia, claims of ineffective assistance of counsel, juror misconduct, and other issues. These are serious claims that require the due process of law in their resolution. A grant of discovery is necessary to develop the facts and prove these claims, a burden which he bears throughout these proceedings. In order to gather all relevant facts, Mr. Roof will first need to thoroughly review his claims and account for which entities and agencies may possess pertinent information. Mr. Roof will then move for discovery from the Government as well as for other discovery that will require Court orders permitting him to obtain information from other entities.

Moreover, the Government is required in § 2255 proceedings to respond to all claims for which Mr. Roof has made a prima facie showing. Thus, it is important for the Government to be aware of the full complement of factual support Mr. Roof relies on for his claims before filing pleadings responsive to his § 2255 Motion.

Discovery may lead to amendment of § 2255 claims, or expansion of the record. The Government would then be required to answer after discovery, in order to address additional amended claims or facts. Mr. Roof's proposal increases efficiency, in that the Government answers the motion one time, after full factual development. Prior to the 2009 amendment to Rule 15 of the Federal Rules of Civil Procedure, an amendment-as-of-right had to be filed prior to any responsive pleading. Because under the new rule respondent's pleading is the trigger for the amendment-as-of-right, in a capital § 2255 case, where extensive amendments are routine, it makes little sense to require the Government to respond to a lengthy pleading only to then be served with significantly amended document 21 days later. Such a process not only wastes effort but adds time because it inevitably results in a new briefing schedule based on the new pleading.

4

Mr. Roof respectfully suggests that the most efficient way to proceed at this stage with the above goals in mind would be for this Court to enter a scheduling order that permits Mr. Roof to file his discovery requests which, if granted, will allow fuller proof in support of his claims, before the Government is required to file any pleading responsive to Mr. Roof's § 2255 Motion. This will enable the parties to litigate based on a more complete set of facts and will help prevent piecemeal litigation that would result if new or additional facts come to light as the result of discovery that might warrant a different response than the claim as originally pled may have.

Because the length of time it will take to complete discovery depends upon many factors, including the scope of discovery that is ultimately authorized by the Court and the amount of time it takes parties from whom discovery is sought to respond, Mr. Roof proposes that dates for the Government to file its responsive pleadings be designated as a time period dating from the conclusion of discovery. Otherwise, Mr. Roof proposes that:

5.  After the completion of discovery, or of a denial of all discovery, Mr. Roof have 90 days to file an amended § 2255 motion.

6.  After the filing of an amended § 2255 motion, the Government have 90 days to file an answer/response.[5]

7.  After the Government files its answer/response to the § 2255 motion, Mr. Roof have 90 days to reply to that answer.[6]

---

[5] Mr. Roof chooses 90 days because the government represented at the April 23, 2025 meet and confer that they intend to request 90 days to respond to the currently filed 2255 motion.

[6] Mr. Roof wants to stress the importance of a reasonable opportunity to reply to the Government's answer. Mr. Roof respectfully suggests that, regardless of when the Government's answer/reply is filed, forty-five days, as suggested by the Government, is wholly inadequate. Counsel must spend time at the prison reviewing the Government's response with Mr. Roof (prison visits often must be scheduled weeks in advance to secure), must review and research the Government's reply on each of nineteen claims, and then must review proposed replies with their

For the foregoing reasons, Mr. Roof asks this Court to enter the proposed scheduling order, giving him 90 days from the date he files his corrected 2255 motion to file his initial requests for discovery in this case, before setting a schedule for the remaining litigation.

Respectfully submitted,

/s/ Jill E.M. HaLevi
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
Phone: 843-819-0557
E-Mail: jill@charlestonmediator.com

/s/ Angela S. Elleman
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

Attorneys for Defendant-Petitioner Dylann Storm Roof

---

client prior to filing. This, including other case responsibilities, cannot reasonably be conducted within 45 days.