# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No. 2:15-472-RMG |
| ) | |
| Dylann Storm Roof, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| _____ ) | |

Defendant filed a motion to vacate under 28 U.S.C. § 2255 on April 17, 2025 and on that same date filed a motion for leave to file a "corrected" petition on or before July 21, 2025. (Dkt. Nos. 1056, 1057). The Government opposes the motion, arguing that Defendant is not entitled to an extension beyond the April 18, 2025 deadline agreed by the Government in an earlier extension of the filing deadline. (Dkt. No. 1070).

By way of background, Defendant's original deadline for filing his § 2255 petition was October 10, 2023, one year following the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The Government subsequently agreed to extensions of the deadline to April 24, 2024 and later to April 18, 2025. (Dkt. Nos. 1029-1 and 1034-1). Defense counsel requested still another extension of the filing deadline until July 21, 2025 on December 12, 2024, explaining that defense counsel had expended considerable time in the prior year seeking clemency. (Dkt. No. 1056-3). On January 10, 2025, an Assistant United States Attorney responded, stating that "[a]fter talking with my chain, we are willing to extend the statute of limitations another 90 days, but this will be the last extension I agree to." (Dkt. No. 1056-2). Defense counsel reports that 17 days after agreeing to extend the filing deadline from April 18, 2025 to July 18, 2025, the

Appellate Chief of the United States Attorney's Office advised defense counsel that she had been directed "to rescind our agreement to extend the filing deadline to July." (Dkt. No. 1056-1 at 3). By Order dated April 18, 2025, the Court directed the Government to explain the basis of its change of position regarding the extension of the statute of limitations to July 21, 2025. (Dkt. No. 1059). The Government has provided the Court no explanation for its unilateral recission of its agreement with Defendant.

The Government characterizes that Defendant's effort to enforce its agreement with the Government to extend the statute of limitations until July 21, 2025 as a request for equitable tolling. If this were in fact the issue, the Government is correct that Defendant could not meet the high bar for equitable tolling of statute of limitations under § 2255. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

The Government, however, mischaracterizes the issue before the Court. The real issue is whether the Government, having reached a written agreement with a defendant to extend the statute of limitations for his § 2255 petition, can unilaterally rescind and disavow that agreement. The Court is frequently asked by the Government to enforce a written agreement with a criminal defendant, often associated with a plea agreement. Buyer's remorse is a common basis for a criminal defendant to seek to disavow an agreement with the Government. This Court consistently enforces such agreements, finding that a defendant is bound by the agreement he has reached with the Government.

Should the same principle not be equally applicable to the Government? There is no suggestion that the Assistant United States Attorney who reached the agreement with defense counsel on January 10, 2025 acted outside his authority. Indeed, he stated that he had spoken to "my chain" and "we are willing to extend the statute of limitations another 90 days, but this will

be the last extension I can agree to." (Dkt. No. 1056-2 at 2). There is also no suggestion of fraud, misconduct by the defendant or his counsel in obtaining this agreement, or mutual mistake, common lawful bases for voiding an agreement. To the contrary, the only explanation in the record is that someone unnamed directed the government attorneys working on this case to rescind their previously granted agreement.

The Court recognizes that whether the Defendant was required to file his petition by April 18, 2025 or will be allowed to file a "corrected" petition by July 21, 2025 is of no great consequence to this case. Defendant has already filed an extensive petition of over 300 pages with 167 attachments. But there is a larger issue here, the duty of the Government to honor its agreements, notably here with a criminal defendant sentenced to death. Chief Justice John Roberts in *Department of Homeland Security v. Regents of the University of California*, 591 U.S. 1, 24 (2024) referenced the iconic words of Justice Oliver Wendell Holmes:

> Justice Holmes famously wrote that "[m]en must turn square corners when they deal with the Government." But it is also true, particularly when so much is at stake, the Government should turn square corners in dealing with the people.

The Court tried this case to verdict, and throughout the entire lengthy and complex proceedings, the Government honored every agreement the parties reached. Indeed, in this Court's now nearly 15 years on the bench, the Court cannot recall one instance where the Government has attempted to unilaterally rescind an agreement reached in any case, civil or criminal. This is not normal conduct, and the Court will require the Government to live by its agreements, just as it has required criminal defendants to live by their agreements with the Government.

Consequently, the Court finds that by entering into an agreement on January 10, 2025 to extend the statute of limitations in this case to July 21, 2025, the Government waived its right to enforce its earlier agreed upon deadline of April 18, 2025. The Government's effort to unilaterally

rescind this agreement on January 27, 2025 had no legal effect. Defendant may file a "corrected" petition on or before July 21, 2025, and the "corrected" petition will be treated as the first filed petition in this case. Notably, the agreement between the Government and the Defendant provided that no further extensions will be agreed to by the Government, a deadline the Court will enforce absent a showing by Defendant of extraordinary circumstances to support a request for equitable tolling. The Court will next issue a scheduling order setting forth procedures going forward.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 28, 2025
Charleston, South Carolina