**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| Dylann Storm Roof, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

After Defendant submitted a motion to vacate under 28 U.S.C. § 2255, which included a 379-page memorandum and 167 exhibits, the Court entered a text order directing the parties to confer over a proposed scheduling order for the processing of the § 2255 petition. (Dkt. No. 1061). The text order stated that if the parties could not reach agreement on a proposed scheduling order, each party should submit alternative proposals to the Court. (*Id*.). After conferring, the parties submitted alternative scheduling orders. (Dkt. Nos. 1066, 1069).

The parties differ on whether Defendant may pursue discovery prior to the Government filing a response to the § 2255 petition. Under the Defendant's proposal, he would have 90 days to file a comprehensive discovery motion, 60 days for the Government to file a response to the discovery motion, and the Defendant would have 45 days to file a reply. If Defendant made the necessary showing of good cause under Rule 6 of the Rules Governing Section 2255 Proceedings, Defendant would then engage in discovery for a period authorized by the Court before the Government filed an answer to the § 2255 petition. (Dkt. No. 1069 at 2).

The Government's proposal provides that it would be allowed to file a response to Defendant's § 2255 petition and Defendant would be allowed to file a reply before the Court

1

addressed Defendant's request for discovery under Rule 6. The Government argues that under Rules 7 and 8 of the § 2255 Rules it is anticipated that in some circumstances the § 2255 petition may be subject to dismissal on the papers without discovery, the expansion of the record, or an evidentiary hearing.

After carefully reviewing the proposals and arguments of the parties and considering the most effective, efficient and orderly procedure for addressing the numerous legal and factual issues set forth in Defendant's voluminous filing, the Court grants the Government's proposal that it be allowed to file an answer to test initially the legal sufficiency of Defendant's petition before the Court addresses Defendant's discovery requests. Defendant will be allowed to file a reply to the Government's response to the petition. The Court, with this information, will be in the best position to evaluate the legal sufficiency of Defendant's petition and, if not dismissed, whether good cause exists under Rule 6 to conduct the discovery requested by Defendant.

Therefore, the Court sets the following schedule for the parties to respond to the pending motion to vacate:

1. The Government is directed to file a response to Defendant's § 2255 petition 90 days after Defendant files his "corrected" petition[1];

2. The Defendant may file a reply to the Government's response 45 days thereafter.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

---

[1] By separate order, the Court enforced an agreement reached between the Defendant and the Government that extended the statute of limitations until July 21, 2025.

2

April 28, 2025
Charleston, South Carolina