IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 2:15-CR-472 |
| ) | |
| DYLANN STORM ROOF ) | |

### STANDBY COUNSEL'S MOTION REQUESTING THAT COURT CALL MITIGATION WITNESSES AT PENALTY PHASE

Standby counsel request that – pursuant to Federal Rule of Evidence 706 and the Fifth, Sixth, and Eighth Amendments to the Constitution, and in accord with its supervisory authority – the Court call expert and lay witnesses in mitigation at the defendant's penalty phase in light of his apparent unwillingness to present evidence on his own behalf (even on subjects unrelated to mental health). In making this motion, we note that the Court relied in part on the defendant's stated intent to present such evidence in denying our competency and *Edwards* motions prior to the penalty phase. We reassert our objections to this proceeding on those grounds here, in light of the defendant's unwillingness to present the following admissible, patently mitigating evidence:

- Testimony by a spiritual advisor who has been meeting with the defendant since almost immediately following the defendant's arrest that the defendant has been polite, respectful, and engaging.

- Testimony by the defendant's family that they love him, that they have visited him during his pretrial detention, and that they intend to remain involved with him.[1]

- Testimony by a prison expert (James Austin, Ph.D.) regarding the defendant's good behavior during pretrial detention, his likely future as a nonviolent and compliant life-term prisoner if he is not sentenced to death.[2]

We have previously argued that the Court should reappoint counsel to present this evidence or should authorize independent counsel to do so. We now ask the Court to order its presentation independently.

We believe it our obligation to make this request for two reasons. First, the defendant's failure to present this evidence may affect the Court's competency and *Edwards* rulings. *See* Dkt. No. 847 (referencing Court's January 2, 2017 ruling from the bench on competency). We have already briefed, and the Court has accepted, our duty to raise competency concerns. *See* Dkt. No. 832. Second, the defendant's failure to present this evidence, of which we are aware, implicates our ethical duties. *See, e.g.*, S.C. Rule of Prof'l Conduct 3.3 (2016).

Rule 706(a) authorizes the Court "[o]n a party's motion or on its own," to appoint expert witnesses on which the parties agree or that it selects, and to call these experts at

---

[1] The family members available include: Joe and Lucy Roof, the defendant's grandparents, and Benn and Amy Roof, his parents.

[2] We have explained previously that we believe this evidence to be authorized under *Skipper v. South Carolina*, 476 U.S. 1, 7 (1986). *See* Dkt. No. 832 at 10 n.6. It is also authorized by the government's allusions to the defendant's future dangerousness. *See, e.g., Kelly v. South Carolina*, 534 U.S. 246, 252-57 (2002); *United States v. Troya*, 733 F.3d 1125, 1134-35 (11th Cir. 2013).

2

trial. For the reasons given in our prior filings (Dkt. Nos. 704, 718), related to the fairness, reliability and integrity of the proceeding, the Court should call Dr. Austin to testify and should exercise its supervisory authority to call the additional witnesses identified. *See McNabb v. United States*, 318 U.S. 332, 340 (1943).

We propose to have these witnesses available on Tuesday, January 10, 2017.

Respectfully submitted,

s/ *David I. Bruck*
David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Emily C. Paavola
900 Elmwood Ave., Suite 200
Columbia, SC 29201
803-765-1044
Emily@justice360sc.org

Standby Counsel for Dylann S. Roof

3

**6523**