**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 2:15-CR-00472-RMG** |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | **MOTION FOR ADDITIONAL** |
| **v.** | ) | **TIME TO FILE REPY TO** |
| | ) | **GOVERNMENT'S RESPONSE** |
| **DYLANN STORM ROOF** | ) | |
| | ) | |
| **Defendant-Petitioner.** | ) | |
| | ) | |

**SECOND MOTION FOR ADDITIONAL TIME TO FILE REPLY TO
GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF UNDER § 2255**

Petitioner Dylann Storm Roof, through counsel Jill E.M. HaLevi and Angela S. Elleman, respectfully submits this motion requesting an extension of 45 days to file a reply to the government's response to his motion under § 2255. Counsel is unable to file a reasonably professional reply in the allotted time due to the complexity of this matter and lead counsel's delayed return to work due to surgery and medical leave. The government has indicated that it opposes this request.

Habeas Corpus, statutorily ensconced in 28 U.S.C. § 2255, is a "fundamental precept of liberty." *Boumediene v. Bush,* 553 U.S. 723, 739 (2008).  Among postconviction cases, this case is uniquely grave and uniquely complex. Counsel does not bring this motion for the purpose of delay, but in order to fulfill our obligations to our client in this most serious of matters. Counsel initially asked this Court for 90 days to file a reply to any government response to Mr. Roof's § 2255 motion.  Dkt. 1069 at 5. While a period of only 45 days was initially allowed, this time period was enlarged to 90 days upon Counsel's Motion for additional time. Dkts. 1092, 1093. That request was based on lead counsel Ms. Elleman's surgery and medical leave, the lapse in

1

appropriations and payment to Ms. HaLevi, the complexity of this case, and the length of the government's response brief.

Although Ms. Elleman's recovery has continued in a positive direction, it has been a slow and arduous process. She is now back at work full time and, as of December 15, 2025, she began to introduce soft foods into her diet, rather than the liquid diet required for the previous 6 ½ weeks. However, a liquid diet, along with her ongoing recovery, has meant that her energy and ability to work long hours has been compromised significantly for many weeks. While the lapse in appropriations has been temporarily addressed, the case remains complex and the government's response lengthy. Counsel appreciates the Court's previous extension grant, which provided the originally requested 90 days to respond to the government's 400-page response brief.  Unfortunately, the considerable limitations brought by Ms. Elleman's surgery and medical unavailability and Ms. HaLevi's more limited availability due to the appropriations lapse have meant the additional time, in actual practice, has been significantly reduced.

While work on the reply brief is ongoing, it appears that we are significantly behind schedule and anticipate that filing a Reply that complies with professional standards and contemplates the gravity of the matters before this Court will not be possible in the time given. Therefore, Mr. Roof respectfully requests that this Court provide an additional 45 days to complete his Reply to the government's Response in this matter.

<u>CONCLUSION</u>

WHEREFORE, Mr. Roof respectfully requests that the Court grant leave to file a reply to the government's response on or before March 2, 2026.

<u>Dated December 22, 2025</u>

Respectfully submitted,

*/s/  Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

*/s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org