**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 2:15-CR-00472-RMG** |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | **NOTICE OF RESPONDENT'S** |
| **v.** | ) | **CONCESSION TO VIOLATION** |
| | ) | **OF DOUBLE JEOPARDY** |
| **DYLANN STORM ROOF** | ) | |
| | ) | |
| **Defendant-Petitioner.** | ) | |
| | ) | |

**NOTICE OF RESPONDENT'S CONCESSION TO**
**VIOLATION OF DOUBLE JEOPARDY**

After Dylann submitted his Reply, the government conceded one of the key arguments Dylann made in his § 2255 motion.

Specifically, Dylann argued to this Court that imposing both a conviction and sentence for a § 924(j) predicate offense and a conviction and sentence for § 924(j) violates Double Jeopardy. The government has now agreed with that view in a separate federal capital case.

On April 15, 2026, the government filed its Answering Brief in *United States v. Bowers* in the Third Circuit. In that brief, the government conceded that a conviction and sentence for the predicate offense of Religious Obstruction along with a conviction and sentence for § 924(j) violates Double Jeopardy. *See* Exhibit A (Excerpt from *United States v. Bowers*, Case no. 24-9002 (3rd Cir.) at Dkt. No. 69 at p. 83-84).

This concession by the government demonstrates the merits of Dylann's claim, which is identical to the claim made by Bowers. The Court can address this claim immediately by dismissing the § 924(j) charges, which would make it unnecessary to consider other claims in the § 2255 motion.

1

**Argument**

As Dylann explained in his § 2255 motion, he is being punished twice for the same conduct, exactly what the Double Jeopardy Clause forbids. Dylann's convictions for 1) the Hate Crimes Act and/or the Religious Obstruction Resulting in Death, in addition to 2) § 924(j) offenses relying on those Hate Crime and/or Religious Obstruction charges as predicates, violate the Double Jeopardy Clause.

Specifically, the jury convicted and sentenced Dylann on Counts 25-33 for violating federal firearms laws while committing crimes of violence. The "crimes of violence"[1] serving as predicates for the 924(j) counts are the Hate Crimes Act violations and the convictions for Religious Obstruction resulting in death. Yet Dylann was separately convicted and sentenced for those crimes, which were the basis for convictions and sentences in counts 1-9 and 13-21. This violates Double Jeopardy, as Dylann asserted in Claims 12-15 of his § 2255 Motion and his Reply in support.

Sections 18 U.S.C. §§ 924(c) and (j) have, because of their complexity, generated many judicial opinions. Although few cases directly consider § 924(j) and the exact underlying predicate offense of Religious Obstruction, for years the only logical conclusion from the existing case law has been that convictions and death sentences for both § 924(j) and this underling predicate is an unconstitutional Double Jeopardy violation. In a case that does directly consider this question, the government recently announced its agreement with the conclusion Dylann argues for—which is, again, the only logical conclusion based on prior precedent.

---

[1] Dylann has also argued that these crimes do not constitute crimes of violence based on the categorical approach.

2

**A. The government has explicitly conceded that under current law, charging a defendant under both § 924(j) and the predicate offense violates the protection against Double Jeopardy**

Like Dylann, Robert Bowers was convicted of 1) violating the Hate Crime Act, 2) Religious Obstruction resulting in death, and 3) Section 924(j) charges based on those predicate offenses. And in *Bowers,* the government told the Third Circuit exactly what Dylan has argued all along: his sentences violate Double Jeopardy. It could not have been clearer: Mr. Bowers's case is currently on direct appeal to the Third Circuit Court of Appeals, where briefing is underway.

The government filed its Answering Brief on April 15, 2026, which was shortly after Dylann filed his Reply on April 2, 2026. Dkt. No. 1109. In *Bowers*, the government writes,

> [T]he government agrees that imposing cumulative punishments for a Section 924(j) offense and for the predicate crime of religious obstruction resulting in death, 18 U.S.C. 247 (a)(2)(d) based on the same conduct, violates double jeopardy. The appropriate remedy is for the Court to vacate Bowers's death sentences for the Section 924(j) offenses and remand for ***dismissal*** of those counts…."

*United States v. Bowers*, 3rd Cir. 24-9002 Dkt. No. 69, p. 83-84 (filed 4/15/2026) (emphasis added). The government further concedes that "in light of recent Supreme Court precedent, the imposition of cumulative punishments for Bowers's convictions on Counts 23-33 violates double jeopardy." *Id.* at 88 (internal citations omitted).

While Dylann disagrees that this is apparent only due to recent Supreme Court precedent, that is not the key point here. This was, in fact, the only possible logical conclusion based on years of precedent on this issue, as argued in Dylann's Reply.  Indeed, the government conceded that point in the oral argument in *Barrett*, as Dylann noted in his reply. Dkt. No. 1110 at 197. The core point is the same: under controlling law (old or new) Dylann's convictions and sentences under 924 (j) are unconstitutional. And the government has now admitted that.

3

### B. The government's argument in Dylann's case is much less clear.

In contrast with its position in *Bowers*, the government's argument in Dylann's case is internally inconsistent and difficult to reconcile with its own recent concession. In Dylann's case, the government argues,

> Defendant fails to establish that his counsel acted incompetently based on the law that existed at the time or that he suffered any prejudice for failing to raise an unmeritorious Double Jeopardy claim. This claim lacks merit under **current law**.

Dkt. No. 1087 at 364 (emphasis added).

The government also says, "Defendant seems to assert that the predicate crimes of violence are lesser-included offenses of the § 924(j) counts. The Government does not dispute this part of Defendant's argument." *Id.* at 365. Yet the government inexplicably also argues that "charging and convicting Defendant in the same trial of the §§ 924(j), 247(a)(2), and 249 counts did not violate the Double Jeopardy Clause." *Id.* at 366.[2] The government seems to suggest that double jeopardy prohibits sentencing on lesser included offenses, but not convictions. In reaching its apparent conclusion, the government misreads the Fifth Circuit's ruling in *Sanders*, as described in more detail in the reply. Dkt. No. 1110 at 197, 199-201.

As such, the government's argument in Dylann's case is not entirely clear; however, what is clear is that the government continues to assert that there is no error in Dylann's case and does not concede that Dylann should be resentenced on the § 924(j) counts. This assertion contradicts

---

[2] The government cites *United States v. Bran* for the proposition that "every other circuit except one" had rejected this argument at the time of Dylann's trial. Dkt. No. 1087 at 367. However, *Bran* does not apply, as it is simply not a case about double jeopardy. *United States v. Bran*, 776 F.3d 276, 281 (4th Cir. 2015). The phrase double jeopardy does not even appear in the opinion. Instead, *Bran* is about whether there is sufficient evidence to support the § 924(j) conviction and whether sentences under § 924 (j) and § 924 (c) must run consecutively or concurrently to one another. *Id.* at 280.

4

the government's unequivocal concession in *Bowers* where it endorsed the very principle Dylann advances.

Dylann's convictions *and* sentences under Section 924 (j) must be overturned as a violation of the double jeopardy clause. That is precisely what the government concedes in *Bowers*, which is indistinguishable from this case. The government's contradictory positions across the two cases amount to an admission of error here.[3]

### C. The claim is not harmless.

The government argues in *Bowers* that the violation of double jeopardy there did not affect the remaining death sentences. But that reasoning cannot apply to Dylann's case. Here, the jury's consideration of unlawful convictions went to the very heart of its life-or-death decision. There is much to be said about the harmful effect of the jury's consideration of unlawful convictions as it weighed the life of the young man before them, but any harmlessness analysis is premature. First, this Court should reverse the Dylann's convictions for nine capital counts as violations of double jeopardy. Then, additional briefing will be required on next steps by both parties. A briefing and argument schedule can be set to further elucidate for the Court the remedy required.

To be sure, the error was far from harmless and plenary resentencing is necessary. In *Bowers*, the government argues that full resentencing on all counts is unwarranted for several reasons. First, in *Bowers*, the jury was repeatedly instructed to consider each count separately. Not so in Dylann's case. This Court instructed the jury that they had one sentencing decision, not eighteen separate decisions. They were told "the sole question before you is whether the

---

[3] To the extent that the government argues this claim is not just meritless but also procedurally defaulted, that is addressed in the Reply. Dkt. No. 1110 at 231-37, 246-49.

defendant Dylann Storm Roof should be sentenced for his offenses either to the death penalty or to life imprisonment without the possibility of release." Tr. 01/10/2017 at 837.

Second, the jury was informed that Dylann was legally convicted of **_eighteen capital_ _crimes_** even though he was only legally eligible for nine. That misstatement inflated the universe of capital-eligible conduct before the jury, doubling the number of lawful capital convictions the jury believed it could properly consider as it weighed the ultimate punishment.

Exacerbating this error, the jury was asked to find statutory and non-statutory aggravating factors as to all eighteen purported capital counts—and it did. *See* Dkt. No. 871 at 8-14.For example:

1.    The defendant intentionally killed the victim named in the particular count you are considering:

_✓_ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to **_all_** of the applicable capital counts.

_____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to **_any_** of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

_____

_____

*Id*. Each aggravator was therefore magnified as it was applied wholesale, even to convictions that were unconstitutional and should never have been before the jury.

The recent decision in *United States v. Lighty*, No. CR-03-457-PJM, 2023 WL 2932960 (D. Md. Apr. 13, 2023) confirms this point and highlights why plenary resentencing is required.

In *Lighty*, the district court judge vacated three invalid § 924(c) convictions and ordered a full resentencing on the remaining capital counts, even though the government urged the court to leave the death sentence in place. The court rejected that argument outright, emphasizing the "high requirement of reliability" demanded in capital cases and holding that even a "possibility" that the jury relied on invalid convictions "is great enough to require resentencing." *Lighty*, at *2 (quoting *Mills v. Maryland*, 486 U.S. 367, 384 (1988)). The court also noted that the same jury had considered both the invalid convictions and the death sentence, and that the instructions invited the jury to consider *all* guilt-phase evidence—including the conduct underlying the unlawful § 924(c) counts. *Id.* at *3. Given the Eighth Amendment's demand for heightened reliability, the court concluded that the only way to put Lighty " 'in exactly the same position' he would have been in absent the § 924(c) convictions would be to resentence him on the remaining counts." *Id*.

This same is true here. As in *Lighty*, the jury that returned Dylann's death sentence necessarily considered unlawful convictions as part of a single, unified sentencing decision. For the same reasons the court ordered resentencing in *Lighty*, resentencing is required here as a matter of constitutional necessity.

This Court should immediately grant relief on this narrow claim and vacate the unlawful convictions, which would leave nine capital convictions in place. Dylann is unquestionably subject to resentencing, since he carries sentences on convictions that are unconstitutional—by the government's own admission. While the government has conceded the double jeopardy violations, they have not conceded that plenary resentencing would be the appropriate remedy. As such the Court should order additional briefing and argument on the remedies required.

Dated April 27, 2026

Respectfully submitted,

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

*/s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org