**UNITED STATES DISTRICT COURT**
**DISTICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **DYLANN STORM ROOF,** *Defendant.* | ) | **Case No. 2:15-CR-00472-RMG** |

**MOTION FOR SCHEDULING CONFERENCE**

Comes now, Movant, Dylann Roof, by counsel, and moves the Court for an in-person status conference for counsel only, to 1) set a discovery briefing schedule and 2) establish full briefing on issues arising from the government's concession to Double Jeopardy violations.

In accord with Local Rule of Civil Procedure 7.02, undersigned counsel have conferred with opposing counsel in an effort to resolve the matters contained in this motion. Local Civ. Rule 7.02 (D.S.C.). The parties are unable to reach agreement at this time, despite a good faith attempt.

The filing of the § 2255 motion is just the first step in the procedure to ensure the reliability and lawfulness of Mr. Roof's convictions and death sentence. It is merely the document that puts all parties and the Court on notice of the cognizable claims. Unlike § 2254 proceedings where extra-record fact development occurs in state court before the initial federal pleading, § 2255 proceedings place the federal district court as the first and last forum for a capital movant to develop facts necessary to support his constitutional claims. Accordingly, capital § 2255 practice and jurisprudence reflect a presumption favoring full, fair, and orderly fact development. Mr. Roof respectfully suggests two paths forward and requests a status conference to address them with the Court.

**1. Discovery Schedule**

Mr. Roof requests a schedule for discovery motion practice. Prior to filing his § 2255 Motion, Mr. Roof requested initial discovery, Dkt. 1044, but this Court held the request was premature. Dkt. 1050. Instead, this Court deemed that discovery was appropriate only after "the § 2255 motion has been filed, the § 2255 motion has survived a motion to dismiss, and good cause for discovery has been demonstrated." *Id.* at 1-2. Mr. Roof's application for relief from his conviction and death sentence pursuant to 28 U.S.C. § 2255 has since been filed, as have the government's response and Movant's reply. Mr. Roof raises claims requiring evidentiary development and a hearing in order to be resolved on their merits, and he believes it is appropriate to set a schedule to engage in discovery litigation.

Although Respondent opposes this request, courts have adopted this scheduling approach in numerous capital § 2255 cases, often at the government's request. *See, e.g.*, *United States v. Honken,* No. 3:10-cv-03074-LRR Dkt. 40 (N.D. Iowa Sept. 15, 2011) (scheduling order for discovery, amendment, and evidentiary hearing "adopted by the parties and the Court."); *United States v. Johnson*, No. 3:01-cr-03046-MWB. Dkt. 801 (N.D. Iowa Aug 1, 2009) (joint proposed scheduling order for discovery), adopted at Dkt. 807; *United States v. Fell*, No. 5:01-cr-00012-gwc, Dkt. 318 D. Vt. June 1, 2011) (setting out discovery briefing schedule); *Agofsky v. United States*, No. 1:07-cv-511, Dkt. 71 (E.D. Tex. Feb. 10, 2009) (Order Agofsky's motion to set a schedule for discovery). In *United States v. Troya*, No. 9:16-cv-80700-BB (S.D. Fla. June 30, 2016), the government itself filed the joint proposed scheduling order. There, the government proposed initiating discovery through the parties' briefing, allowing 365 days to conduct discovery (if ordered) and deferring amended pleadings and responses until discovery concluded. *Id.* at 2.

Mr. Roof therefore requests an in-person status conference to determine the most appropriate

discovery schedule for this case.

**2. Government's Concession to Double Jeopardy Violations**

Alternatively, in the interest of judicial efficiency, the Court could first resolve certain claims before scheduling discovery. Specifically, Mr. Roof alleges that nine convictions and death sentences violate Double Jeopardy and would require plenary resentencing. *See* Dkt. 1077 at 343; Dkt. 1109 at 183, Claim 15; Dkt. 1113. The government has conceded the merits of this claim in the *Bowers* case and adjudicating it does not require discovery. Accordingly, Mr. Roof sought a preliminary ruling on the Double Jeopardy violation and proposed briefing on the impact of that error on his sentences in his motion for resentencing and notice of Respondent's concession. Dkt. 1113. That motion is still pending. If the Court agrees with Mr. Roof, a new penalty phase would follow. That outcome would obviate the need to address remaining sentencing claims and conserve the substantial resources otherwise necessary for discovery, hearings, and briefing.[1]

[1] This too is not a novel suggestion. At a hearing in *Fell*, supra, the government made this very argument. *Fell*, Dkt. 324 at 16 (AUSA arguing to the court that if the issues could be narrowed first, "all those [discovery] subpoenas and probably motions to quash and related litigation may not be necessary.")

**Conclusion**

Wherefore, Mr. Roof respectfully requests that this Court set an in-person conference for counsel only, to 1) set a discovery briefing schedule and 2) establish a schedule to brief and resolve the government-conceded claims.

Respectfully submitted,

/s/Angela Elleman
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders 111
Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

/s/ Jill E.M. HaLevi
Jill E.M. HaLevi
Mediation and Legal Services 102
Broad Street, Suite C
Charleston, SC 29401
Phone: 843-819-0557
E-Mail: jill@charlestonmediator.com

Dated: June 15, 2026