**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| United States of America,<br>Respondent,<br>v.<br>Dylann Storm Roof,<br>Petitioner. | Case No. 2:15-cr-472-RMG<br><br>**ORDER** |

The Court has pending before it a petition for habeas relief pursuant to 28 U.S.C. § 2255. (Dkt. No. 1078). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, a district court, upon receiving a § 2255 petition, must make a preliminary review to determine whether the petition is subject to summary dismissal. The district court must rule on summary dismissal only after review of "the motion, any attached exhibits, and the record of prior proceedings." It is well settled that this is a very low standard of review, making summary dismissal appropriate only upon a finding that the petition is "palpably incredible," "patently frivolous or false." *Blackledge v. Allision*, 431 U.S. 63, 76 (1977). Based on this standard, the Court finds that summary dismissal of Petitioner's § 2255 petition is not appropriate.

Rule 4(b) further provides that if the petition is not dismissed, the judge must order "the United States attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order." The Government previously filed a "Response in Opposition to Defendant's Motion to Vacate Under 28 U.S.C. § 2255 and Memorandum in Support of Motion for Summary Judgment." (Dkt. No. 1087). Petitioner responded with a Reply to the Government's

Response in Opposition. (Dkt. No. 1110). Petitioner elected at that time not to respond to the Government's motion for summary judgment, presumably awaiting the Court's ruling on summary dismissal.

The Court directs Petitioner to file a response to the Government's motion for summary judgment within 90 days of this Order. The Government may file a reply within 45 days thereafter.

Petitioner has moved for authorization to conduct discovery regarding his § 2255 petition. (Dkt. Nos. 1044, 1118). The Court previously ruled that it would not address Petitioner's request for authorization to conduct discovery until after addressing the summary dismissal issue. (Dkt. No. 1074). Since the Court has now declined to dismiss this petition by summary dismissal, the Court turns its attention to Petitioner's request for authorization to conduct discovery.

Rule 6 of the § 2255 Rules provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner must show "good cause" for discovery, which requires the petitioner to show that there is " 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . is entitled to relief.' " *Id*. at 908-09, *citing Harris v. Nelson*, 394 U.S. 286, 300 (1969) (alteration in original). It is well settled that Rule 6 "does not authorize fishing expeditions" and the decision whether or not to allow discovery is committed to the sound discretion of the district court. *United States v. Fields*, 761 F.3d 443, 478-79 (5th Cir. 2015). Further, good cause does not exist if a defendant premises a discovery request on a claim that "fails as a matter of law." *See Thomas v. Taylor*, 170 F.3d 466, 474-75 (4th Cir. 1999). Further, the Fourth Circuit has advised district courts that a good cause

determination should be made regarding each claim for which discovery is sought. *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004).

In order to properly evaluate Petitioner's request for discovery, the Court directs the following regarding all requests for discovery:

1. Identify each specific claim for which discovery is sought;
2. Identify the specific issue(s) within each claim for which discovery is sought;
3. Identify all witnesses Petitioner seeks to depose regarding each claim and issue referenced in Paragraphs (1) and (2) above and state what Petitioner seeks to establish through each witness identified;
4. Identify all documents Petitioner seeks to pursue in discovery regarding each claim and issue referenced in Paragraphs (1) and (2) above and state what Petitioner seeks to establish through each identified document(s);
5. Identify any other discovery methods Petitioner seeks to utilize in discovery other than the depositions of witnesses and pursuit of documents set forth in Paragraphs (3) and (4) above and state which claims and which issues such other discovery methods would be utilized to address.

Petitioner is directed to file his discovery request in accord with the standards set forth above within 60 days of this Order. The Government is directed to file a response within 60 days thereafter. Petitioner may file a reply within 30 days.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 27, 2026
Charleston, South Carolina