**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,*<br>v.<br>**DYLANN STORM ROOF,**<br>*Defendant.* | ) | **Case No. 2:15-CR-00472-RMG** |

**Motion to Clarify Government's Position and Alter and Amend Scheduling Order**

On July 27, 2026, this Court issued a Scheduling Order setting deadlines for discovery and summary judgment pleadings. Dkt. 1126. Specifically, the Court directed Mr. Roof to file a response to the government's motion for summary judgment within 90 days of the Order and to file his discovery request within 60 days of the Order. However, the government has not actually filed a motion for summary judgment. As such, Mr. Roof respectfully requests that the Court order the government to identify which claims they seek summary judgment on and the basis for their request(s). Additionally, for purposes of judicial economy, Mr. Roof moves this Court to alter or amend the scheduling order so that the litigation is sequential, rather than simultaneous. Mr. Roof believes that some claims may be disposed of by summary judgment litigation and would thereby relieve the parties and the Court of resolving any discovery disputes on such claims.

**A. The government has not filed a motion for summary judgment.**

The government filed a response to Petitioner's § 2255 Motion entitled, "Response in Opposition to Defendant's Motion to Vacate under 28 U.S.C. § 2255 and Memorandum in

Support of Motion for Summary Judgment." Dkt. 1087. However, the government has not actually filed a motion for summary judgment. While the title of the government's pleading suggests that the government intends to move for summary judgment, without a motion, the basis for this potential request—and the claims to which it applies—is unclear.

The content of the government's Response does not provide any notice about which claims the government proposes qualify for summary judgment. Nor does the government discuss the proper legal standard for summary judgment, which requires a showing that there is no genuine dispute as to any material fact, viewing the evidence in the light most favorable to the non-moving party; the response as filed did not identify or apply that standard to any claims.

Although the government provides legal standards for this Court to apply to each claim, it never uses the summary judgment standard. *See e.g.*, Dkt. 1087 at 54-58, 93-94, 112-14, 165-66. 221-22, 245-46, 253-55, 310-13, 371-72, 391, 397-99. In fact, the government mentions the words "summary judgment" only twice in its entire pleading: once in the title and once in a parenthetical citation on page 401. Dkt. 1087 at 1, 401.

This is insufficient for the purposes of a summary judgment motion. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Without this information, Mr. Roof is unable to respond to any motion the government may make regarding summary judgment. Thus, Mr. Roof requests clarification on which claims the government moves for summary judgment and the basis for any such motion.

**B. Modification of the scheduling order is appropriate.**

Mr. Roof further requests that the Court stay the filing of Mr. Roof's anticipated Motion for Discovery until the Court resolves preliminary issues related to summary judgment. The Court's current Order mandates that the summary judgment briefing and discovery requests occur simultaneously. While summary judgment litigation frequently occurs after the close of discovery or during discovery litigation, Mr. Roof agrees that there may be some claims that are ripe for summary judgment rulings at this time because they are solely legal claims, not dependent on factual development. For example, Mr. Roof has filed notice of the government's concession that a conviction and sentence under both § 924(j) and an underlying predicate violate double jeopardy protections. *See* Dkt. 1113. As this is a purely legal claim, this Court could resolve the claim pending any further briefing on the issue. It would be an inefficient use of time and resources for the parties and this Court to address discovery issues for claims the Court may ultimately rule have no material disputes of fact. After the Court resolves the summary judgment litigation, the remaining claims will be those with material disputes of fact for which discovery may be appropriate.

Accordingly, Mr. Roof moves for a briefing schedule that will require the government to first file a summary judgment motion and to then allow Mr. Roof time to file any cross-motion for summary judgment, while also providing for appropriate responses and replies by all parties, followed by discovery requests.

**C. Conclusion**

In order to efficiently use the limited time and resources of counsel and this Court, Petitioner respectfully moves for the following relief:

1. Order the government to clarify its position by filing a motion for summary judgment as to any claims on which it intends to so move.
2. A revised Scheduling Order directing that:
   a. Petitioner's response to the government's motion for summary judgment, and any motion for cross-summary judgment he may raise, will be due 90 days following the government's filing of its motion for summary judgment.
   b. The government will have 30 days from Petitioner's response to the government motion for summary judgment to file any reply, and 60 days from any cross claim for summary judgment to file any response.
   c. Petitioner will have 30 days from the government's response to Petitioner's motion for summary judgment to file any reply.
3. A stay of discovery litigation until the completion of initial summary judgment litigation, with Petitioner's motion for discovery to be due 60 days after this Court's rulings on the forthcoming motion(s) for summary judgment. The government's response to a motion for discovery shall be due 60 days following the filing of such motion with any reply due 30 days following the response.

Respectfully submitted,

*/s/Angela Elleman*

Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

Dated: August 10, 2026